# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**CONNOR HUNTLEY,**

Plaintiff,

v.                                                                    **Case No. 8:25-cv-01318-MSS-CPT**

**HILLSBOROUGH COUNTY SHERIFF'S OFFICE, et al.,**

Defendants.

_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT GREGORY TINDALL'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Connor Huntley respectfully submits this memorandum in opposition to Defendant Gregory Tindall's Motion for Summary Judgment (ECF No. 7). Defendant Tindall argues that he was not personally involved in the constitutional violations alleged and is therefore entitled to qualified immunity. However, the summary judgment record, including Plaintiff's detailed written complaint dated April 9, 2025 (attached as Exhibit A), demonstrates that Tindall received actual notice of serious constitutional concerns arising from an Internal Affairs (IA) process under his supervision, failed to act on that notice, and is thus not entitled to summary judgment.

## I. LEGAL STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Supervisory officials may be held liable under 42 U.S.C. § 1983 when they have actual knowledge of constitutional violations and exhibit deliberate indifference. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Keith v. DeKalb County*, 749 F.3d 1034, 1048 (11th Cir. 2014). Courts in the Eleventh Circuit have repeatedly affirmed that a supervisory official may be liable under § 1983 when they receive actual notice of unconstitutional conduct and fail to act. See *Cottone*, 326 F.3d at 1360–61. Likewise, in *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003), the Eleventh Circuit reaffirmed that supervisors "can be held liable for failing to correct known constitutional violations." Plaintiff's April 9, 2025 written complaint directly identified the suppression of exculpatory evidence, misleading reports, and internal concealment—yet Defendant Tindall did nothing to investigate or intervene. This is not mere negligence; it constitutes deliberate indifference to a known constitutional injury.

## II. FACTUAL BACKGROUND

On April 9, 2025, Plaintiff sent a formal written complaint to Defendant Tindall, then a supervising officer within HCSO's Professional Standards Bureau. The complaint:

- Identified discrepancies in the Internal Affairs findings authored by Corporal Robert Figueroa;
- Quoted exculpatory statements captured on BWC footage that contradicted the arrest report and IA narrative;
- Described a post-plea justification introduced by Robert Figueroa that conflicted with original arrest records;
- Raised concerns about lack of transparency, absence of an independent review, and failure to escalate;
- Explicitly invoked Monell liability and requested supervisory clarification.

At the time of this complaint, Plaintiff's criminal case had already been resolved. Tindall's role was therefore not tied to the original arrest but to the failure to correct the record, preserve transparency, and ensure access to post-resolution remedies. Tindall responded initially by referring the matter to the chain of command, then ceased all further engagement.


## III. ARGUMENT

### A. Tindall Had Actual Notice of Procedural and Constitutional Violations

The April 9, 2025 complaint placed Tindall on direct notice of:

- Internal Affairs misrepresentations;
- Suppressed or distorted findings that contradicted video evidence;
- Institutional failures that frustrated Plaintiff's ability to obtain a transparent and timely review.

This satisfies the "actual notice" requirement for denial of access claims. *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).

### B. Tindall Was in a Supervisory Role and Failed to Ensure Transparency or Escalation

As a supervising officer in the Professional Standards Bureau, Tindall had the ability to:

- Escalate the IA review beyond District 5;
- Initiate or request a supplemental finding;

- Clarify investigative delays or unresolved complaints;
- Prevent suppression of evidence-based IA contradictions.

His failure to do so constitutes deliberate indifference. *Keith*, 749 F.3d at 1048.

## C. Tindall's Inaction Obstructed Plaintiff's Post-Plea Access to Legal Redress

In addition, Plaintiff was informed that the Internal Affairs report would be completed and made available within approximately 60 days. That timeline came and went with no substantive response, no corrections disclosed, and no indication that any further action was taken. This unexplained delay deprived Plaintiff of the opportunity to evaluate and incorporate the IA process as a factual foundation for this civil rights complaint—obstructing his ability to timely and meaningfully prepare his legal claims.

Defendant has submitted an affidavit as Exhibit A to his motion, in which he claims he merely routed Plaintiff's complaint to the appropriate division and was not involved in the underlying events. However, this affidavit does not rebut the documented record showing that Tindall received a detailed complaint identifying Internal Affairs-related misconduct concerns, took no further action after initial acknowledgment, and thereby obstructed Plaintiff's access to post-resolution redress. His sworn statement omits material context regarding his authority and inaction once placed on notice.

Moreover, Plaintiff's April 9, 2025 written complaint to Defendant Tindall was submitted while Plaintiff was actively preparing this civil rights action. Its express purpose was to request findings, clarification, and transparency that could assist in framing claims and identifying institutional failures for purposes of post-resolution accountability. Defendant Tindall's failure to respond, escalate, or clarify the status of the Internal Affairs process deprived Plaintiff of documentation necessary to refine and strengthen the allegations in this lawsuit.

By the time the Internal Affairs report was eventually released—well beyond the timeline indicated—it was of diminished legal utility, as the opportunity to rely on its findings in the original pleading had passed. As of this filing, the defense has not introduced the report, and its delayed release obstructed Plaintiff's ability to incorporate institutional findings or supervisory determinations into the litigation framework.

This constitutes a concrete legal injury under *Smith v. Sec'y, Fla. Dep't of Corr.*, 934 F.3d 1259, 1270–72 (11th Cir. 2019), satisfying the "actual injury" element of a denial-of-access claim.

See Exhibit A (April 9, 2025 email to Defendant Gregory Tindall, placing him on notice and requesting IA findings for legal redress).

At the time of Tindall's involvement, Plaintiff's criminal case had concluded. The focus of this claim is Tindall's obstruction of Plaintiff's ability to pursue redress through existing channels. Plaintiff does not claim an entitlement to an Internal Affairs investigation or outcome. Rather, the claim is not based on a right to any specific IA result, but on the fact that once HCSO initiated an IA process and accepted a formal post-resolution complaint identifying serious factual contradictions, Tindall's failure to ensure timely transparency prevented Plaintiff from using that process to gather institutional documentation, evaluate the accuracy of internal narratives, and refine his litigation posture.

Plaintiff's April 9, 2025 email asked for:

- Formal clarification on whether the matter was escalated;
- A timeline for findings;
- Transparency on factual discrepancies.

Tindall failed to provide any of the above. This directly hindered Plaintiff's ability to:

- Obtain documents needed to seek post-resolution relief;
- Raise misconduct concerns with oversight bodies;
- Use IA findings in pending or future legal actions.

This delay and opacity obstructed Plaintiff's ability to use agency procedures as a tool to support his pending litigation—constituting a denial of access to courts under *Smith v. Sec'y, Fla. Dep't of Corr.*, 934 F.3d 1259, 1270–72 (11th Cir. 2019).

### D. Qualified Immunity Is Inapplicable

Qualified immunity does not shield officials from liability where their inaction obstructs access to courts. At the time of these events, it was clearly established that:

- Supervisors must not block lawful access to legal redress;
- IA reviews must not serve as a tool for concealment or delay;
- Indifference to known misconduct post-resolution can violate a litigant's right of access to the courts.

See *DeRosier v. F. Ward*, 2022 WL 16553194 (M.D. Fla. 2022)

### E. Material Issues of Fact Remain

At a minimum, there are triable issues as to:

- Whether Tindall's inaction impeded Plaintiff's ability to obtain access to the IA record;

- Whether this lack of transparency and escalation was deliberate;
- Whether it caused concrete legal prejudice to Plaintiff's efforts for redress.

## IV. CONCLUSION

For the foregoing reasons, and because genuine issues of material fact remain as to Defendant Tindall's knowledge, authority, and inaction following Plaintiff's written complaint, the Court should deny Defendant Gregory Tindall's Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2025, I served a true and correct copy of the foregoing **Plaintiff's Memorandum in Opposition to Defendant Gregory Tindall's Motion for Summary Judgment**, along with attached exhibit, by email to the following:

**Jeffrey D. Jensen, Esq.**
Trial Counsel for Defendant Gregory Tindall
Hillsborough County Sheriff's Office
jjensen@teamhcso.com

Michelle Maxwell, Esq.
Hillsborough County Sheriff's Office
mmaxwell@teamhcso.com

Respectfully submitted,

Connor Huntley, Pro Se Plaintiff

6353 Vibernum Ct. #237
Apollo Beach, Florida 33572
(813) 517-4919

# EXHIBIT A
## April 9, 2025 Email to Corporal Gregory Tindall
**Subject:** Formal Notice of Constitutional Concerns in IA Review

This email was sent by Plaintiff Connor Huntley to Corporal Gregory Tindall of the
Hillsborough County Sheriff's Office Professional Standards Bureau. It outlines specific factual
and constitutional concerns raised in the Internal Affairs process related to the January 1, 2023
arrest. The communication placed Defendant Tindall on actual notice of ongoing suppression,
misrepresentation of bodycam footage, and supervisory misconduct, and is cited in Plaintiff's
opposition to summary judgment.

 Outlook

---

**Re: Formal Complaint Regarding Misconduct by HCSO Officers**

---

**From** Connor Huntley <huntleyconnor@hotmail.com>
**Date** Wed 4/9/2025 8:23 AM
**To**   psb@hcso.tampa.fl.us <psb@hcso.tampa.fl.us>

Dear Corporal Tindall,

I am following up to formally raise concerns that now implicate not only the deputies involved in my January 1, 2023 arrest, but also the Internal Affairs review conducted under your supervision.

As you are aware, Deputy Figueroa was assigned to investigate my complaint. His findings, however, are demonstrably inconsistent with the body-worn camera footage and appear to misrepresent key facts in a manner that supports a predetermined narrative.

Specifically:

- A deputy is clearly heard stating: "If we come back, someone's going to jail," before any evidence was reviewed.
- Microphones were then muted, and a disagreement over probable cause occurred, off the record.
- The same deputy later stated, "I told him if I had to come back, he was going to jail," retroactively confirming the arrest decision had already been made.
- The accuser's statements on BWC contradict the arrest report, with admissions like:
  "I think he was trying to get away from me,"
  "He pushed me away toward the crib,"
  which were entirely omitted from the report.
- Deputy Figueroa's report shifts the justification to a new claim — taking the keys — that is also contradicted by the footage, and never mentioned in the original arrest affidavit.

This is not a clerical oversight — it is a pattern of concealment, and at this point, your office is on notice. These actions collectively support a claim of:

- False arrest,
- Fabricated police reporting,
- Suppression of exculpatory evidence (Brady violation), and
- Monell liability for failure to supervise or correct misconduct.

I am requesting:

1. Written clarification of whether this review has been escalated beyond District 5 or IA,
2. Confirmation that these factual discrepancies will be formally investigated, and
3. A timeline for when I can expect a written conclusion or findings.

I appreciate your time and sincerely hope this matter is reviewed in good faith and not shielded by internal alignment.

Respectfully,
Connor Huntley

Sent from my iPhone

> On Mar 25, 2025, at 3:22 PM, psb@hcso.tampa.fl.us wrote:
>
> Good afternoon,
>
> Per our policy, citizen complaints are investigated by the deputy's supervisor.

**From:** "Connor Huntley" <huntleyconnor@hotmail.com>
**To:** "psb" <psb@hcso.tampa.fl.us>
**Sent:** Thursday, March 13, 2025 2:27:14 PM
**Subject:** Re: Formal Complaint Regarding Misconduct by HCSO Officers

**CAUTION:** This email originated from an **External Source.** Please use proper judgement and caution when opening attachments, clicking links, or responding to this email.

Dear Corporal Lindell,

I need further clarification regarding the current review of my complaint. Your previous response mentioned that "personnel assigned to District 5" are handling this matter. Since the officers involved in my arrest were also from District 5, I need confirmation on the following:

1. Are the individuals handling this review part of District 5's leadership, or is this being conducted by an external or higher-level oversight unit?

2. Has Internal Affairs been assigned to this review? If not, why is this remaining within District 5?

3. Given the conflict of interest, what steps are being taken to ensure an unbiased investigation?

If District 5 is investigating its own personnel, this would raise serious concerns about procedural fairness and impartiality. I request written confirmation on whether this matter has been escalated to an independent review or if it is still contained within District 5.

I appreciate your time and look forward to your response.

Sent from my iPhone

> On Mar 13, 2025, at 1:23 PM, psb@hcso.tampa.fl.us wrote:
>
> Good afternoon sir,
>
> Your complaint is being investigated by personnel assigned to District 5. Please stay in contact with Corporal Figueroa regarding your complaint and the status of your complaint. You can also put in a public records request for your complaint once it has been approved. The case number

for your complaint is 23-0000557. Here's the link below to our public
website to complete the public records request. Thank you.

https://hillsboroughsheriff.govqa.us/WEBAPP/_rs/(S(4sgkgyhnfpnq0ols2
w5maeuy))/SupportHome.aspx

**From:** "Connor Huntley" <huntleyconnor@hotmail.com>
**To:** "psb" <psb@hcso.tampa.fl.us>
**Sent:** Thursday, March 13, 2025 12:08:56 PM
**Subject:** Re: Formal Complaint Regarding Misconduct by HCSO Officers

**CAUTION:** This email originated from an **External Source.** Please use
proper judgement and caution when opening attachments, clicking links,
or responding to this email.

Hi Corporal Tindell,

I followed up today regarding my concerns about the
investigative process and was told that "these things can take
weeks or months." This seems unusual, considering that this is a
simple alleged battery case in which you already have access to
the body-worn camera footage and police report…both of which
contain contradictions that remain unaddressed.

While I understand that reviews take time, the critical facts I
raised in my complaint continue to be avoided. Every response I
have received has sidestepped these key issues, and now I am
simply told that it is 'under review' by the chain of command.
At what point does this shift from a legitimate review to
obstruction and suppression?

Please confirm when I can expect a substantive response
addressing the specific discrepancies I have outlined. If this
review is indeed being conducted in good faith, there should be
no hesitation in directly addressing these issues.

Best,

Connor Huntley

Sent from my iPhone

On Mar 12, 2025, at 4:04 PM, psb@hcso.tampa.fl.us wrote:

Good afternoon sir,

Your complaint will be reviewed by Corporal Figueroa's chain of command for approval. Corporal Figueroa advised he would email you.

---

**From:** "Connor Huntley" <huntleyconnor@hotmail.com>
**To:** "psb" <psb@hcso.tampa.fl.us>
**Sent:** Monday, March 10, 2025 4:23:29 PM
**Subject:** Re: Formal Complaint Regarding Misconduct by HCSO Officers

---

**CAUTION:** This email originated from an **External Source.** Please use proper judgement and caution when opening attachments, clicking links, or responding to this email.

I have attempted multiple times to follow up with Corporal Figueroa regarding the status of my complaint and the discrepancies I raised regarding my arrest and the handling of evidence. Despite these attempts, I have received no response.

Given the seriousness of this matter—including the fact that my arrest justification appears to have evolved after the fact and conflicts with body-worn camera evidence—I need to confirm whether this complaint is still actively being reviewed or if Figueroa has been instructed not to respond.

Additionally, please clarify:

1. Has a supervisor above Figueroa reviewed my concerns?

2. Is there any reason I have not received a response from him despite multiple attempts?

3. If my complaint is still under review, what is the expected timeline for a formal response?

Given that this investigation involves potential evidence suppression and misrepresentation in official reports, I want to ensure that it is not being improperly closed without accountability. Please confirm receipt of this email and provide clarification at your earliest convenience.

Best regards,

Connor Huntley

Sent from my iPhone

> On Mar 10, 2025, at 3:58 PM, psb@hcso.tampa.fl.us wrote:
>
> Good afternoon sir,
>
> Your complaint will be reviewed by Corporal Figueroa's chain of command for approval. Please contact Corporal Figueroa regarding the findings of his investigation and the status of your complaint.
>
> ---
>
> **From:** "Connor Huntley" <huntleyconnor@hotmail.com>
> **To:** "psb" <psb@hcso.tampa.fl.us>
> **Sent:** Saturday, March 8, 2025 9:03:10 AM
> **Subject:** Re: Formal Complaint Regarding Misconduct by HCSO Officers
>
> ---
>
> CAUTION: This email originated from an External Source. Please use proper judgement and caution when opening attachments, clicking links, or responding to this email.

Thank you for your response and for forwarding my concerns to Corporal Figueroa. However, given the seriousness of this matter, I would like to ensure that my concerns are fully documented at the appropriate level of command.

As you are aware, my inquiry pertains to significant discrepancies between the arrest report, body-worn camera footage, and exculpatory evidence that was not considered in the original determination of probable cause. I understand that Cpl. Figueroa is the assigned investigator, but given the broader implications of this case …. including potential procedural inconsistencies… I would appreciate clarification on the following:

1. Is it standard procedure for an internal investigator to be the sole point of contact when allegations of investigative misconduct involve multiple parties within the department?

2. Has there been any review at the supervisory level regarding the discrepancies I raised, or is the department's position that Cpl. Figueroa's conclusions are final without additional oversight?

3. If any additional review of this matter has taken place, who has been involved in that process, and what were their findings?

I am confident that transparency and accountability remain a priority for HCSO, and I would appreciate written confirmation that my concerns are being appropriately reviewed beyond the immediate investigative level. Given that this matter has broader implications for both my legal

standing and the integrity of the investigative process, I would like to ensure that all appropriate levels of command are informed.

Please confirm receipt of this request and provide clarification at your earliest convenience.

Best regards,

Connor Huntley

Sent from my iPhone

> On Feb 28, 2025, at 4:06 PM, psb@hcso.tampa.fl.us wrote:
>
> Sir., please direct all questions and concerns to Corporal Figueroa (#204186), as he is the assigned investigator for your complaint. Cpl. Figueroa can be reached at rfigueroa@teamhcso.com or at 813-318-5400. This email will be forwarded to Cpl. Figueroa.
>
> ---
>
> **From:** "Connor Huntley" <huntleyconnor@hotmail.com>
> **To:** "psb" <psb@hcso.tampa.fl.us>
> **Sent:** Friday, February 28, 2025 3:44:47 PM
> **Subject:** Re: Formal Complaint Regarding Misconduct by HCSO Officers
>
> ---
>
> **CAUTION:** This email originated from an **External Source.** Please use proper judgement and caution when opening attachments, clicking links, or responding to this email.
>
> ---

Thank you for taking the time to speak with me regarding my concerns about the handling of my case. I appreciate your detective's explanation of the process and the steps taken during the investigation. However, after our conversation, I would like to formally request a written response that outlines the reasoning behind the conclusions reached by your office.

During our discussion, it was mentioned that because I initially stated â€œnothing happened, my version of events was dismissed in favor of the other partys allegations. However, I want to emphasize that subsequent evidence, including Tanya's own admissions and body camera footage, contradicts her claims and raises serious concerns about the handling of my arrest and prosecution. The fact that key evidence such as her statements about the keys and my attempts to de-escalate the situation was not properly considered suggests that the case may not have been assessed with full impartiality.

Additionally, I noted an attempt to reframe the discussion away from the critical facts of the case, which is concerning in terms of ensuring a truly objective review. Given the implications this has had not just for my criminal case, but also for

my custody proceedings I believe
it is important to have a detailed,
documented response explaining
how these decisions were made
and why this evidence was not
factored into the original
determination.

Please confirm receipt of this
request and provide an estimated
timeline for when I can expect the
written response. I appreciate your
time and willingness to ensure
transparency in this process.

Best regards,

Connor Huntley

Sent from my iPhone

> On Feb 28, 2025, at
> 9:42 AM,
> psb@hcso.tampa.fl.us
> wrote:
>
> You're welcome sir.
>
> ---
>
> **From:** "Connor Huntley"
> <huntleyconnor@hotmail.c
> om>
> **To:** "psb"
> <psb@hcso.tampa.fl.us>
> **Sent:** Friday, February 28,
> 2025 9:37:24 AM
> **Subject:** Re: Formal
> Complaint Regarding
> Misconduct by HCSO
> Officers
>
> ---
>
> **CAUTION:** This email
> originated from an **External
> Source.** Please use proper

judgement and caution
when opening attachments,
clicking links, or responding
to this email.

Ok, I appreciate your
assistance in this matter.
My phone number is 813-
517-4919.  Thank you.

Get Outlook for iOS

**From:** psb@hcso.tampa.fl.us
<psb@hcso.tampa.fl.us>
**Sent:** Friday, February 28, 2025
9:35:31 AM
**To:** Connor Huntley
<huntleyconnor@hotmail.com>
**Cc:** psb@hcso.tampa.fl.us
<psb@hcso.tampa.fl.us>
**Subject:** Re: Formal Complaint
Regarding Misconduct by HCSO
Officers

The case number assigned
to your complaint is 23-
0000557. Once the
investigator is assigned to
your complaint, you will be
contacted via email. Would
you like to provide a phone
number to be contact at?

**From:** "Connor Huntley"
<huntleyconnor@hotmail.c
om>
**To:** "psb"
<psb@hcso.tampa.fl.us>
**Sent:** Friday, February 28,
2025 9:00:28 AM
**Subject:** Re: Formal
Complaint Regarding
Misconduct by HCSO
Officers

**CAUTION:** This email
originated from an **External
Source.** Please use proper
judgement and caution
when opening attachments,

<span style="color:red">clicking links, or responding
to this email.</span>

Good morning Gregory,

Thank you for taking the
time to review and
respond to my
correspondence. I would
like to request a formal
case number for my
reference and, if
applicable, an estimated
timeline for the review
process and expected
follow-up.

Given that multiple
agencies have now
referred this matter to
HCSO, I appreciate your
attention to ensuring a
thorough and fair
review. Please let me
know how I can assist in
providing any additional
information or
documentation needed.

I appreciate your time
and consideration and
look forward to your
response.

Sent from my iPhone

On Feb 28,
2025, at
8:08 AM,
psb@hcso.tamp

a.fl.us wrote:

Good morning
Connor Huntley,

Your emailed
complaint has
been received.
Thank you sir.

---

**From:** "Connor
Huntley"
<huntleyconnor
@hotmail.com>
**To:** "psb"
<psb@teamhcs
o.com>
**Sent:** Thursday,
February 27,
2025 10:10:29
PM
**Subject:** Formal
Complaint
Regarding
Misconduct by
HCSO Officers

---

**CAUTION:** This
email originated
from an
**External
Source.** Please
use proper
judgement and
caution when
opening
attachments,
clicking links, or
responding to
this email.

---

**To the
Professional
Standards Bureau
of the
Hillsborough
County Sheriff's
Office,**

I am submitting this formal complaint regarding the **misconduct of HCSO officers** in connection with my wrongful arrest on **January 1, 2023**, as well as their subsequent failure to act despite clear **exculpatory evidence and judicial misconduct** affecting my case.

**Background & Incident Details**

On **January 1, 2023**, I was arrested following a domestic dispute with my ex-wife, **Tatiana Huntley.** The arrest was based on her **false allegations of domestic violence**, despite:

- **Video evidence from body-worn cameras showing her admitting to initiating physical contact** in an attempt to take my car keys.
- Evidence and witness statements

indicating that I was the **victim of aggression,** not the perpetrator.

- **A history of fabricated claims by Tatiana Huntley,** which were not properly investigated at the time of my arrest.

Despite my repeated **efforts to present this evidence to law enforcement,** my case proceeded without proper due diligence.

**HCSO's Failure to Act on Exculpatory Evidence**

Later, **through my own records request,** I was able to obtain bodycam footage that **proved the allegations against me were false.** However:

- This footage was **not disclosed before my criminal case was resolved,**

meaning I was pressured into accepting a **disorderly conduct plea deal.**

- The **HCSO did not properly investigate** my ex-wife's history of **fraudulent activity, false reporting, and evidence fabrication,** even after I presented compelling proof.
- Officers knowingly proceeded with an arrest **despite inconsistencies in the alleged victim's statement,** violating my **constitutional rights.**

### Impact of HCSO's Mishandling

As a direct result of HCSO's negligence:

1. I was **wrongfully arrested,** impacting

my reputation, employment, and family life.

2. The injunction filed against me was **used in court to restrict my parental rights,** despite later evidence proving the allegations were false.

3. I suffered **severe financial hardship** due to legal fees, and the emotional toll of this experience.

4. Law enforcement **failed to hold my ex-wife accountable for** falsifying claims, leading to further manipulation of the legal system.

**Requested Actions**

I am requesting that HCSO

Internal Affairs **review and investigate the officers involved in my case** for:

- **Failure to properly investigate false allegations** and reliance on **one-sided testimony**.
- **Ignoring exculpatory evidence** that was available but not considered.
- **Misconduct and potential civil rights violations** in arresting me without sufficient cause.
- **Failure to reassess the case despite new evidence being presented**.

Additionally, I would like a formal response regarding **why this case was not properly vetted before my arrest** and what corrective measures will be taken to prevent

similar
misconduct in the
future.

I appreciate your
prompt attention
to this matter and
look forward to
your response.
Please confirm
receipt of this
complaint and
provide a
**timeline for your
investigation**.

Sincerely,

Connor Huntley
▣ (Extraction_1.1)_DOMESTIC_-
_JUST_OCCURRED,_ARREST,_Amelia_J_Tenney-
Lamoureux,_261977.mp4

--
Respectfully,

**Corporal
Gregory Tindall
(ABN #246607)
Hillsborough
County Sheriff's
Office
Professional
Standards
Bureau
Office: 813-247-
8080**

Under Florida law,
e-mail addresses
are public record. If
you do not want
your e-mail address
released in
response to a
public records
request, do not
send electronic mail
to this entity.

Instead, contact the
Hillsborough
County Sheriff's
Office via telephone
at (813) 247-8000
or US Mail at P.O.
Box 3371, Tampa,
FL 33601

--
Respectfully,

**Corporal Gregory Tindall
(ABN #246607)
Hillsborough County
Sheriff's Office
Professional Standards
Bureau
Office: 813-247-8080**

Under Florida law, e-mail
addresses are public record. If
you do not want your e-mail
address released in response to
a public records request, do not
send electronic mail to this entity.
Instead, contact the Hillsborough
County Sheriff's Office via
telephone at (813) 247-8000 or
US Mail at P.O. Box 3371,
Tampa, FL 33601

--
Respectfully,

**Corporal Gregory Tindall
(ABN #246607)
Hillsborough County
Sheriff's Office
Professional Standards
Bureau
Office: 813-247-8080**

Under Florida law, e-mail
addresses are public record. If
you do not want your e-mail
address released in response to
a public records request, do not
send electronic mail to this entity.

Instead, contact the Hillsborough
County Sheriff's Office via
telephone at (813) 247-8000 or
US Mail at P.O. Box 3371,
Tampa, FL 33601

--
Respectfully,

**Corporal Gregory Tindall (ABN**
**#246607)**
**Hillsborough County Sheriff's Office**
**Professional Standards Bureau**
**Office: 813-247-8080**

Under Florida law, e-mail addresses are public
record. If you do not want your e-mail address
released in response to a public records
request, do not send electronic mail to this
entity. Instead, contact the Hillsborough County
Sheriff's Office via telephone at (813) 247-8000
or US Mail at P.O. Box 3371, Tampa, FL 33601

--
Respectfully,

**Corporal Gregory Tindall (ABN #246607)**
**Hillsborough County Sheriff's Office**
**Professional Standards Bureau**
**Office: 813-247-8080**

Under Florida law, e-mail addresses are public record. If you
do not want your e-mail address released in response to a
public records request, do not send electronic mail to this
entity. Instead, contact the Hillsborough County Sheriff's
Office via telephone at (813) 247-8000 or US Mail at P.O.
Box 3371, Tampa, FL 33601

--
Respectfully,

**Corporal Gregory Tindall (ABN #246607)**
**Hillsborough County Sheriff's Office**
**Professional Standards Bureau**
**Office: 813-247-8087**

Under Florida law, e-mail addresses are public record. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact the Hillsborough County Sheriff's Office via telephone at (813) 247-8000 or US Mail at P.O. Box 3371, Tampa, FL 33601

--

Respectfully,

**Corporal Gregory Tindall (ABN #246607)**
**Hillsborough County Sheriff's Office**
**Professional Standards Bureau**
**Office: 813-247-8080**

Under Florida law, e-mail addresses are public record. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact the Hillsborough County Sheriff's Office via telephone at (813) 247-8000 or US Mail at P.O. Box 3371, Tampa, FL 33601

--

Respectfully,

**Corporal Gregory Tindall (ABN #246607)**
**Hillsborough County Sheriff's Office**
**Professional Standards Bureau**
**Office: 813-247-8080**

Under Florida law, e-mail addresses are public record. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact the Hillsborough County Sheriff's Office via telephone at (813) 247-8000 or US Mail at P.O. Box 3371, Tampa, FL 33601