
**\*\*\* END OF HARDCOPY \*\*\***

| Date: 04/03/92 | HILLSBOROUGH COUNTY SHERIFF'S OFFICE | Number: DDS 909.59 |
|---|---|---|
| Revision: 07/27/23 | CHAD CHRONISTER, SHERIFF | |
| Reviewed: 07/27/23 | STANDARD OPERATING PROCEDURE | Page: 1 of 3 |

**SUBJECT: DIGITAL MEDIA CONTROL AND RETENTION**

I. **PURPOSE:** To establish standards and guidelines regarding the access, retention, and release of digital media that is generated within the Department of Detention Services (DDS).

II. **SCOPE:** This Standard Operating Procedure (SOP) shall apply to DDS personnel.

III. **DISCUSSION:** Photographs and/or video footage secured during an investigation or incident are pieces of evidence that may be important in future criminal or civil proceedings. Proper handling of these pieces of evidence shall be established to comply with evidentiary rules. It is imperative that all appropriate measures are taken to provide a secure chain of custody.

IV. **PROCEDURE:**

A. ███████████████████████████████████████████
███████████████████████████████████████████

B. ████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████

C. The following procedures shall apply to the use of iPhones, processing of digital photographic images, uploading video footage, and report writing:

   1. No image captured during an investigation shall be deleted for any reason, including but not limited to, lack of quality, content, or available memory.

   2. When importing images and/or video footage into Evidence.com, ensure the title is updated to reflect the type of report it is attached to (e.g., disruptive inmate, found contraband, etc.).

   3. Sworn supervisors shall import all images and/or video footage into Evidence.com.

     a. Video footage pertaining to the below-listed incidents shall be downloaded via GeneTech Security Center and uploaded to Evidence.com following the procedures listed in (V.)(C.)(b.-c.):

       1.) Supervisor review reports
       2.) Inmate injuries and medical emergencies
       3.) Incidents that could result in criminal charges or potential litigation
       4.) Lost property claims
       5.) Staff injuries
       6.) Damage to equipment and/or property
       7.) Visitor injury claims
       8.) Use of force.

      **b.**    Sworn supervisors shall upload their images and video footage by the end of their shift unless extenuating circumstances exist and are approved by a shift commander.

      **c.**    Sworn supervisors are responsible for confirming the images and video footage including the necessary data, such as date and time, and report number under the "ID" column in the following format: HSJI202112345 (HSJIYEAR123455 five (5) digit case number after the year), and the proper category is entered. When manually tagging, images shall be classified as a jail incident.

**4.**    Report Writing

      **a.**    The report initiator shall indicate that there are digital photographic images and/or video footage related to the event.

**D.**    The following procedures shall apply to the distribution of digital photographic images and/or video footage:

    **1.**    The Administrative Corporal shall facilitate obtaining, reviewing, sharing, and redacting images and/or video to fulfill public records requests.

    **2.**    The Administrative Corporal shall facilitate evidentiary requests for viewing or copies of digital photographic images and/or video footage.

**E.**    The following procedures shall apply to working with digital photographic images:

    **1.**    Original image files from digital cameras shall be uploaded to the Digital Evidence Management System. Images shall be stored and indexed according to the case number.

    **2.**    Only copies of original images shall be duplicated or printed. Processing to improve image quality shall be limited to digital image processing to include:

      **a.**    Sharpness enhancement.

      **b.**    Contrast correction.

      **c.**    Brightness correction.

      **d.**    Color balance correction.

    **3.**    Enlargement of the Image or Selected Parts of the Image

      **a.**    Under no circumstances shall a corrected image be substituted for the original.

      **b.**    Processed images shall be saved as separate images.

      **c.**    Personnel shall not photograph, view, print, or obtain pictures of investigations and/or incidents.

      **d.**    Personnel shall also refrain from using non-agency-issued digital photographic equipment to take photographs and/or videos during incidents.

      **e.**    Personnel shall not use any pictures and/or video for personal use and/or download pictures and/or video to personal devices (e.g., personal laptops or desktops, personal cell phones, etc.).

      **f.**    Sheriff's Office personnel shall not retain, copy, record, photograph, share, distribute, publish, tamper, alter, or delete a digital photographic

image and/or video footage except as authorized by Florida Law or this SOP.

F.   Release and Access to Digital Photographic Images

    **1.** The guidelines and restrictions set forth in Florida Statute 119 shall be followed regarding the request for images and/or video.

    **2.** Evidence sharing with the Office of the State Attorney.

        **a.** All requests for digital photographic images and/or video from the Office of the State Attorney shall be processed through the State Attorney's Evidence Management & Trial Support Department. The request for digital photographic images and/or video shall be processed through the Sheriff's Office Records Section via GovQA and referred to the Administrative Corporal.

        **b.** Staff shall require all requests for digital photographic images and/or video by outside agencies to be sent to them via official agency email. When sworn staff receives a request for digital photographic images and/or video via official agency email, the request shall be forwarded to the Administrative Corporal.

    **3.** Public Records Requests

        **a.** Staff shall not release digital photographic images and/or videos directly to the public.

        **b.** Public records requests for digital photographic images and/or videos shall be coordinated by the Sheriff's Office Records Section via GovQA and referred to the Administrative Corporal.

        **c.** The Administrative Corporal shall then obtain the digital photographic images and/or videos and review and redact them pursuant to Florida Law and this SOP.

        **d.** All videos shall be reviewed by the Department Commander, or their designee, before being released. Any public records request regarding video(s) shall be forwarded to the Legal Section for review. Once approved, the video(s) may be released to the requesting entity. Under no circumstances shall any video(s) be released before it is reviewed.

        **e.** Unless otherwise directed by the Legal Section, the Professional Standards Section, or the Department Commander, all copied data may be destroyed after the minimum retention period.

G.   Retention Period for Video Recordings and Video Visitation Recordings

    **1.** All video recordings stored on the digital video surveillance system shall be retained for thirty (30) days.

    **2.** All inmate video visitation recordings shall be retained on the Global Tele Link (GTL) system for a one (1) year.

**Robert Ura, Colonel
Department of Detention Services**

# Exhibit G-1 – 911 Call Transcript Excerpts (Denis Smoliakov, April 12, 2024)

The following excerpts are taken from the April 12, 2024, 911 call placed by Denis Smoliakov, who was in a relationship with Tatiana Huntley following the Plaintiff's arrest. Mr. Smoliakov reported similar conduct by Tatiana, including property damage, reversed blame, and threats to contact police. The transcript further reflects his awareness that Tatiana had previously made similar allegations against the Plaintiff, stating: "This woman do same situation before you." These excerpts support a clear pattern of false claims, manipulative behavior, and strategic misuse of law enforcement by Tatiana.

- 1:00 mark – "I have a problem in my house with my wife. And my wife do damage in house."
- 2:05 mark – "I stay on my backyard. I do nothing. Because she say, I call police. You put me. You take damage."
- 2:25 mark – "My wife, my wife tomorrow, I know my wife, I don't know, she sleeps with another man. [...] She broke home and say I broke she. She do scam, scam."
- 2:50 mark – "This is woman before me with husband do same shit."
- 4:45 mark – "I call my friend ... and she say call 911 me Because this woman do same situation before you."
- 5:10 mark – "She broke, she broke door. Main door, main entrance door."
- 6:30 mark – "I'm scared because I'm an immigrant and I know United States very hard rules."

)

**Exhibit G-2 Cover Page**

**Computer Aided Dispatch Report of Denis Smoliakov Incident**

.



# HILLSBOROUGH COUNTY SHERIFF
## CAD Call HARDCOPY
### CP# HS 2024-340204

# Table of Contents

**Related Event CP# HS 2024-340204** ................................................................................

    Summary ......................................................................................................................... 1

    Incident Location ......................................................................................................... 1

    Complainant Information .............................................................................................. 1

    Clearance Information .................................................................................................. 1

    Dispatch Details ........................................................................................................... 2

    Chronological Events ................................................................................................... 2

    Unit/Officer Details ...................................................................................................... 4



# HILLSBOROUGH COUNTY SHERIFF

## CAD Call HARDCOPY

## SUMMARY

| | | | |
|---|---|---|---|
| **Call Number** | CP# HS 2024-340204 | **Date/In Time** | APR-12-2024 15:57:22 |
| **Status** | C - CLEARED | **Priority** | 3 |
| **Queue Type** | D | **How Received** | 911 SYSTEM |
| **Initial Call Type** | DOMESTIC - NON VIOLENT | **Final Call Type** | DOMESTIC - NON VIOLENT |
| **Call Taker** | 264426 - SMITH DEMARI J (TERMINATED) | **Call Taker Desk** | CT12 |

**Initial Remarks** CP REQ DEP RESPOND REF BEING AFRAID AS WIFE HAS BROKEN A DOOR DOWN// ALL VERBAL ALTERCATION// WPNS IN THE GARAGE// CP X97 TO X56

**Priority Remarks** FIREAMRS IN GARAGE

### CALL TIMES

| | |
|---|---|
| **Received** | APR-12-2024 15:57:22 |
| **Queued** | APR-12-2024 16:01:10 |
| **Dispatched** | APR-12-2024 16:14:22 |
| **Enroute** | APR-12-2024 16:14:29 |
| **On Scene** | APR-12-2024 16:31:13 |
| **Cleared** | APR-12-2024 16:45:50 |

### TOTALS

| | | | |
|---|---|---|---|
| **Units** | 1 | | |
| **Images** | 0 | **Entities** | 0 |
| **Remarks** | 4 | **Documents** | 0 |

## INCIDENT LOCATION

**Address** 

**District** D5  **Beat** O03  **Grid** HS3723

## COMPLAINANT INFORMATION

### COMPLAINANT INFORMATION

| | |
|---|---|
| **Name** |  |
| **Address** |  |
| **Home Telephone** | |

## CLEARANCE INFORMATION

| | | | |
|---|---|---|---|
| **Final Case Type** | DOMESTIC - NON VIOLENT | | |
| **Report Expected** | NO | | |
| **How Cleared** | NO FURTHER ACTION REQ'D | **On Bolo** | N |
| **Cleared By** | 252861 - DURIG MICHAEL R | **Clearance Desk ID** | 1O10 |
| **Reporting Officer 1** | 252861 - DURIG MICHAEL R | | |
| **Clearance Remarks** | SEE REMARKS, MALE X97, FEMALE LEFT, ADVICE GIVEN | | |



## DISPATCH INFORMATION

| | | | |
|---|---|---|---|
| **Prime Unit** | 1O10 | **Type** | PT |
| **Officer 1** | 252861 - DURIG MICHAEL R | | |
| **Dispatched** | APR-12-2024 16:14:22 | **Enroute** | APR-12-2024 16:14:29 |
| **At Scene** | APR-12-2024 16:31:13 | | |
| **Inservice** | APR-12-2024 16:45:50 | | |
| **Dispatch ID** | 260919 - POWERS CHELSEA M | | |

## REMARKS

| | | | |
|---|---|---|---|
| **Desk ID** | CT12 | **Jurisdiction** | HS |
| **Last Updated Date** | 2024-04-12 16:02:26 | | |
| **Last Updated By** | 264426 - SMITH DEMARI J (TERMINATED) | **Last Updated Jur** | HS |
| **Remarks** | CP WAS DIFFICULT TO UNDERSTAND | | |
| **Desk ID** | CT27 | **Jurisdiction** | HS |
| **Last Updated Date** | 2024-04-12 16:33:25 | | |
| **Last Updated By** | 259334 - CRUZ, YESENIA | **Last Updated Jur** | HS |
| **Remarks** | CP CB AND REQ POLICE//CP CONFIRMED HE CALLED POLICE TO SOMEONE IN BACKGROUND//LN DXD//POSSIBL X25 W/UNIT SHOWING X97 | | |
| **Desk ID** | 1O10 | **Jurisdiction** | HS |
| **Last Updated Date** | 2024-04-12 16:44:56 | | |
| **Last Updated By** | 252861 - DURIG MICHAEL R | **Last Updated Jur** | HS |
| **Remarks** | X25 WITH CP ███████ ADVISED HE JUST MOVED IN 4 DAYS AGO WITH SUSPECT, AND HE IS DATING HER, SHE HAD KIDS BUT NOT HIS, THEY HAD A 382 TODAY AND SHE LEFT, THEN HE LOCKED THE DOOR, AND SHE KICKED IN IN, SHE DROVE OFF AND IS GOA/// ███████ WAS SCARED OF HER THREATENING TO TELL POLICE HE SIG 38'D HER, ADVISED IT WAS NOT PHYSICAL... | | |
| **Desk ID** | 1O10 | **Jurisdiction** | HS |
| **Last Updated Date** | 2024-04-12 16:45:35 | | |
| **Last Updated By** | 252861 - DURIG MICHAEL R | **Last Updated Jur** | HS |
| **Remarks** | JUST THAT SHE KICKED THE DOOR/ SPOKE WITH HIM ABOUT EVICTIONS AND INJUNCTIONS, ADVICE GIVEN.. NO FURTHER.. BOTH SUBJECTS ALLEDGEDLY ON LEASE TOGETHER | | |

## CHRONOLOGICAL EVENTS

**Call Update** APR-12-2024 16:01:10      CT12   264426 - SMITH DEMARI J (TERMINATED)
HISTORY VIEWED:HS23-532083 FROM HS24-340204

**Call Update** APR-12-2024 16:01:24      CT12   264426 - SMITH DEMARI J (TERMINATED)
CALL REMARKS:CP ADV HIS WIFE// CP REQ DEP RESPOND REF BEING AFRAID AS WIFE HAS BROKEN A DOOR DOWN// ALL VERBAL ALTERCATION// WPNS IN THE HOME// CP X97 TO X56

**Call Update** APR-12-2024 16:02:00      CT12   264426 - SMITH DEMARI J (TERMINATED)

CALL REMARKS:CP REQ DEP RESPOND REF BEING AFRAID AS WIFE HAS BROKEN A DOOR DOWN// ALL VERBAL ALTERCATION// WPNS IN THE HOME// CP X97 TO X56

**Call Update** APR-12-2024 16:02:13        CT12  264426 - SMITH DEMARI J (TERMINATED)
PRIORITY REMARKS:CHANGED TO:FIREAMRS IN GARAGE

**Call Remark** APR-12-2024 16:02:26        CT12  264426 - SMITH DEMARI J (TERMINATED)
CP WAS DIFFICULT TO UNDERSTAND

**RMS Query** APR-12-2024 16:14:48
RMS Q LOC-LOC: ███████████ TYPE:H MUN:HC APT
252861                  1O10              ER

**Call Remark** APR-12-2024 16:33:25        CT27  259334 - CRUZ, YESENIA
CP CB AND REQ POLICE//CP CONFIRMED HE CALLED POLICE TO SOMEONE IN BACKGROUND//LN DXD//POSSIBL X25 W/UNIT SHOWING X97

**SE** APR-12-2024 16:34:58
TIMER OFF - 1O10
252861                  1O10              AS

**RMS Query** APR-12-2024 16:40:15
RMS Q PERS-DL: ███████████ STATE:FL ATCC:Y REC
252861                  1O10              AS

**External Query** APR-12-2024 16:40:15
EXT Q PERS-DL: ███████████ STATE:FL ATCC:Y REC
252861                  1O10              AS

**RMS Query** APR-12-2024 16:42:46
RMS Q VEH-LIC: ███████ STATE:CA TYPE:PC YR:2024
252861                  1O10              AS

**External Query** APR-12-2024 16:42:46
EXT Q VEH-LIC: ███████ STATE:CA TYPE:PC YR:2024
252861                  1O10              AS

**Call Remark** APR-12-2024 16:44:56        1O10  252861 - DURIG MICHAEL R
X25 WITH CP █████ ADVISED HE JUST MOVED IN 4 DAYS AGO WITH SUSPECT, AND HE IS DATING HER, SHE HAD KIDS BUT NOT HIS, THEY HAD A 382 TODAY AND SHE LEFT, THEN HE LOCKED THE DOOR, AND SHE KICKED IN IN, SHE DROVE OFF AND IS GOA/// █████ WAS SCARED OF HER THREATENING TO TELL POLICE HE SIG 38'D HER, ADVISED IT WAS NOT PHYSICAL...

**Call Remark** APR-12-2024 16:45:35        1O10  252861 - DURIG MICHAEL R
JUST THAT SHE KICKED THE DOOR/ SPOKE WITH HIM ABOUT EVICTIONS AND INJUNCTIONS, ADVICE GIVEN.. NO FURTHER.. BOTH SUBJECTS ALLEDGEDLY ON LEASE TOGETHER

**Status Change** APR-12-2024 16:45:50
252861                  1O10              IS

**Call Cleared** APR-12-2024 16:45:50
CLEARED CASE HS340204 FOUNDED-Y REPORT-N CLEARED B



252861 1O10 IS

## UNIT/OFFICER DETAILS

**Details** APR-12-2024 16:14:22 260919 - POWERS CHELSEA M
1O10 252861 PT
████████████████

**Details** APR-12-2024 16:14:29 252861 - DURIG MICHAEL R
1O10 252861 PT

**Details** APR-12-2024 16:14:48 252861 - DURIG MICHAEL R
1O10 252861 PT
RMS Q LOC-LOC:██████████████ TYPE:H MUN:HC APT

**Details** APR-12-2024 16:31:13 252861 - DURIG MICHAEL R
1O10 252861 PT

**Details** APR-12-2024 16:34:58 260919 - POWERS CHELSEA M
1O10 252861 PT
TIMER OFF - 1O10

**Details** APR-12-2024 16:40:15 252861 - DURIG MICHAEL R
1O10 252861 PT
RMS Q PERS-DL:████████ STATE:FL ATCC:Y REC

**Details** APR-12-2024 16:40:15 252861 - DURIG MICHAEL R
1O10 252861 PT
EXT Q PERS-DL:████████ STATE:FL ATCC:Y REC

**Details** APR-12-2024 16:42:46 252861 - DURIG MICHAEL R
1O10 252861 PT
RMS Q VEH-LIC:██████ STATE:CA TYPE:PC YR:2024

**Details** APR-12-2024 16:42:46 252861 - DURIG MICHAEL R
1O10 252861 PT
EXT Q VEH-LIC:██████ STATE:CA TYPE:PC YR:2024

**Details** APR-12-2024 16:45:50 252861 - DURIG MICHAEL R
1O10 252861 PT

**Details** APR-12-2024 16:45:50 252861 - DURIG MICHAEL R
1O10 252861 PT
CLEARED CASE HS340204 FOUNDED-Y REPORT-N CLEARED B



**\*\*\* END OF HARDCOPY \*\*\***

**Exhibit H**

**Excerpt from Internal Affairs Correspondence**

**Corporal Robert Figueroa – March 2025**

Email excerpts from Corporal Robert Figueroa, Hillsborough County Sheriff's Office Internal Affairs, describing post-plea justification for Plaintiff's arrest. The correspondence reframes the arrest narrative by shifting the alleged basis from physical aggression (as originally described) to "taking the keys," omits critical exculpatory context captured in body-worn camera footage, and explicitly links the arrest to departmental SOP rather than probable cause.

*"The primary aggressive act was your taking of the keys, and the first alleged incident of battery was you pushing her, even if it was done to create distance."*

*"Based on the domestic violence allegation from the victim, the deputies arrested you in accordance with our standard operating procedures (SOP)."*

Figueroa's summary fails to acknowledge that the complainant stated on BWC that the Plaintiff "tried to get away from me" and "stop touching me" or that her reaching for the keys while pulling Plaintiff's underwear initiated the physical contact. These omissions materially distort the circumstances of arrest and reflect post-incident narrative construction rather than contemporaneous probable cause evaluation.

1.    On-scene instructions for acts of domestic violence:

      a.    Deputies responding to the scene of an incident of domestic/dating
            violence shall take necessary actions to provide safety to all parties
            concerned and assist the victim in obtaining medical treatment if
            necessary.
      b.    After the scene has been stabilized, deputies shall separate all involved
            parties, if possible, and initiate their investigation as to allegations of
            domestic/dating violence.
      c.    Deputies who investigate an alleged incident of domestic/dating violence
            shall advise the victims of such violence that there is a center where the
            victim(s) may receive services.
      d.    Deputies shall give victims immediate notice of legal rights and remedies
            available on a standard pamphlet developed and distributed by the State
            Attorney's Office, 13th Judicial Circuit, (Information for Crime Victims).
            Provision of the pamphlet will be documented in the offense report. The
            pamphlet shall be available at the Sheriff's Operation Center and all
            district offices. The pamphlet shall include the following information:

            (1)    Resource listings and phone numbers of local domestic violence
                   centers designated by the Department of Children and Families.
            (2)    A precise outline of victim's rights and procedures to be followed.
            (3)    Safety information to assist a victim's preparation in the event of
                   future violence.

      e.    Deputies who investigate an allegation of domestic/dating violence
            involving Sheriff's Office sworn personnel shall directly notify the
            investigating deputy's immediate supervisor of the investigation. The
            editing supervisor shall request a copy of the incident report be forwarded
            to the Professional Standards Bureau.
      f.    Deputies who investigate an allegation of domestic/dating violence shall
            initiate a written report, whether or not an arrest is made. This report
            shall include a description of any physical injuries observed and shall
            indicate that a copy of the legal rights and remedies pamphlet was given
            to the victim. Whenever possible, deputies shall obtain a written
            statement from the victim and witnesses concerning the alleged
            domestic/dating violence. A written statement may also be obtained from
            a suspect after the suspect has been advised of Miranda. Written
            statements shall not take the place of the interviews. The report shall
            properly articulate all aspects of probable cause in detail.
      g.    Photographs of all injuries or lack of injuries, evidence, or other pertinent
            data shall be taken with an agency issued cell phone via the Axon
            Capture application. Copies of 911 calls may be obtained from the
            Communications Bureau for domestic violence cases as needed.
      h.    Deputies shall not accept waivers of prosecution on domestic/dating
            violence related crimes. If the victim states that he/she does not want to
            prosecute, they shall be referred to the State Attorney's Office. The
            deputy will conduct a thorough investigation, and if no arrest is effected,
            an explanation as to why will be detailed in the report. The report,
            including a completed Electronic Criminal Report Affidavit (eCRA), shall
            be routed to the Domestic Violence Handle. An arrest without the victim's
            consent or cooperation may also be effected.




# Hillsborough County Sheriff's Office

## Confidential / Exemption

**Records are provided in accordance with Florida Statutes and the Public Records Law**
**Description of exempt records and statutory basis for any exemptions are provided below:**

{ }   ACCOUNT NUMBERS – FS § 119.071(5)b

{ }   ACTIVE INVESTIGATION – FS § 119.071(2)(c)1

✖   AGENCY PERSONNEL INFORMATION – FS § 119.071(4)

{ }   ALARM CALL VIOLATION – FS § 119.071(3)

{ }   ATF FORM – FS § 119.071(2)(b) & 790.335 (1)(A)(2)

{ }   CHILD ABUSE – FS § 119.071(2)(h)1

{ }   CONFIDENTIAL INFORMANTS/SOURCE – FS § 119.071(2)(f)

{ }   CRIMINAL INTELLIGENCE INFORMATION – FS § 119.071(2)(h)2

{ }   D.A.V.I.D – FS § 322.142(4)

{ }   EMERGENCY COMMUNICATIONS E911 VOICE RECORDINGS - FS § 365.171(12)

{ }   FCIC/NCIC INFORMATION – FS § 943.053(2) & (3)

{ }   PROHIBITION OF REGISTRATION OF FIREARMS - FS § 790.335(1)(a)(2)

{ }   JUVENILE OFFENDER RECORDS (CONFIDENTIALITY) – FS § 985.04(1)

{ }   MEDICAL – FS § 119.0712(1)

{ }   SEXUAL OFFENSE – FS § 119.071(2)(h)1 & FS §794.024

{ }   SOCIAL SECURITY – FS § 119.071(5)5

{ }   TRAFFIC CRASH 316.066 / TRAFFIC CITATION 316.650

{ }   UNDERCOVER PERSONNEL – FS §119.071(4)(c)

{ }   VICTIM - Pursuant to ARTICLE 1, SECTION 16 of the Constitution of the State of Florida (also known as "Marsy's Law")

{ }   OTHER_____

**Zimbra**

## Re: Formal Complaint Regarding Misconduct by HCSO Officers   [REVIEWED] [APPROVED]

**From :** BRUCE CRUMPLER <bcrumpler@teamhcso.com>          Fri, Feb 28, 2025 10:06 AM
**Subject :** Re: Formal Complaint Regarding Misconduct by HCSO Officers
**To :** TINDALL, GREGORY J <gtindall@teamhcso.com>

x22...I handled it

---

**From:** "TINDALL, GREGORY J" <gtindall@teamhcso.com>
**To:** "BRUCE CRUMPLER" <bcrumple@hcso.fl.gov>, "ROBERT FIGUEROA" <rfiguero@hcso.tampa.fl.us>
**Cc:** "GREGORY J TINDALL" <gtindall@hcso.tampa.fl.us>
**Sent:** Friday, February 28, 2025 9:54:42 AM
**Subject:** Fwd: Formal Complaint Regarding Misconduct by HCSO Officers

See below. The complainant provided his phone number.

---

**From:** "psb" <psb@hcso.tampa.fl.us>
**To:** "Connor Huntley" <huntleyconnor@hotmail.com>
**Cc:** "psb" <psb@hcso.tampa.fl.us>
**Sent:** Friday, February 28, 2025 9:42:26 AM
**Subject:** Re: Formal Complaint Regarding Misconduct by HCSO Officers

You're welcome sir.

---

**From:** "Connor Huntley" <huntleyconnor@hotmail.com>
**To:** "psb" <psb@hcso.tampa.fl.us>
**Sent:** Friday, February 28, 2025 9:37:24 AM
**Subject:** Re: Formal Complaint Regarding Misconduct by HCSO Officers

---

**CAUTION:** This email originated from an **External Source.** Please use proper judgement and caution when opening attachments, clicking links, or responding to this email.

---

Ok, I appreciate your assistance in this matter.  My phone number is 813-517-4919.  Thank you.

Get Outlook for iOS

---

**From:** psb@hcso.tampa.fl.us <psb@hcso.tampa.fl.us>
**Sent:** Friday, February 28, 2025 9:35:31 AM
**To:** Connor Huntley <huntleyconnor@hotmail.com>
**Cc:** psb@hcso.tampa.fl.us <psb@hcso.tampa.fl.us>
**Subject:** Re: Formal Complaint Regarding Misconduct by HCSO Officers

The case number assigned to your complaint is 23-0000557. Once the investigator is assigned to your complaint, you will be contacted via email. Would you like to provide a phone number to be contact at?

---

**From:** "Connor Huntley" <huntleyconnor@hotmail.com>
**To:** "psb" <psb@hcso.tampa.fl.us>
**Sent:** Friday, February 28, 2025 9:00:28 AM
**Subject:** Re: Formal Complaint Regarding Misconduct by HCSO Officers

---

**CAUTION:** This email originated from an **External Source.** Please use proper judgement and caution when opening attachments, clicking links, or responding to this email.

---

Good morning Gregory,

Thank you for taking the time to review and respond to my correspondence. I would like to request a formal case number for my reference and, if applicable, an estimated timeline for the review process and expected follow-up.

Given that multiple agencies have now referred this matter to HCSO, I appreciate your attention to ensuring a thorough and fair review. Please let me know how I can assist in providing any additional information or documentation needed.

I appreciate your time and consideration and look forward to your response.

Sent from my iPhone

> On Feb 28, 2025, at 8:08 AM, psb@hcso.tampa.fl.us wrote:
>
> Good morning Connor Huntley,
>
> Your emailed complaint has been received. Thank you sir.

---

**From:** "Connor Huntley" <huntleyconnor@hotmail.com>
**To:** "psb" <psb@teamhcso.com>
**Sent:** Thursday, February 27, 2025 10:10:29 PM
**Subject:** Formal Complaint Regarding Misconduct by HCSO Officers

---

> **CAUTION:** This email originated from an **External Source**. Please use proper judgement and caution when opening attachments, clicking links, or responding to this email.

---

### To the Professional Standards Bureau of the Hillsborough County Sheriff's Office,

I am submitting this formal complaint regarding the **misconduct of HCSO officers** in connection with my wrongful arrest on **January 1, 2023**, as well as their subsequent failure to act despite clear **exculpatory evidence and judicial misconduct** affecting my case.

#### Background & Incident Details

On **January 1, 2023**, I was arrested following a domestic dispute with my ex-wife, **Tatiana Huntley**. The arrest was based on her **false allegations of domestic violence**, despite:

- **Video evidence from body-worn cameras showing her admitting to initiating physical contact** in an attempt to take my car keys.
- Evidence and witness statements indicating that I was the **victim of aggression**, not the perpetrator.
- A **history of fabricated claims by Tatiana Huntley**, which were not properly investigated at the time of my arrest.

Despite my repeated **efforts to present this evidence to law enforcement**, my case proceeded without proper due diligence.

#### HCSO's Failure to Act on Exculpatory Evidence

Later, **through my own records request**, I was able to obtain bodycam footage that **proved the allegations against me were false**. However:

- This footage was **not disclosed before my criminal case was resolved**, meaning I was pressured into accepting a **disorderly conduct plea deal**.
- The HCSO did not properly investigate my ex-wife's history of **fraudulent activity, false reporting, and evidence fabrication**, even after I presented compelling proof.
- Officers knowingly proceeded with an arrest **despite inconsistencies in the alleged victim's statement**, violating my **constitutional rights**.

#### Impact of HCSO's Mishandling

As a direct result of HCSO's negligence:

1. I was **wrongfully arrested**, impacting my reputation, employment, and family life.
2. The injunction filed against me was **used in court to restrict my parental rights**, despite later evidence proving the allegations were false.
3. I suffered **severe financial hardship** due to legal fees, and the emotional toll of this experience.
4. Law enforcement **failed to hold my ex-wife accountable** for falsifying claims, leading to further manipulation of the legal system.

#### Requested Actions

I am requesting that HCSO Internal Affairs **review and investigate the officers involved in my case** for:

- **Failure to properly investigate false allegations** and reliance on **one-sided testimony**.
- **Ignoring exculpatory evidence** that was available but not considered.
- **Misconduct and potential civil rights violations** in arresting me without sufficient cause.
- **Failure to reassess the case despite new evidence being presented**.

Additionally, I would like a formal response regarding **why this case was not properly vetted before my arrest** and what corrective measures will be taken to prevent similar misconduct in the future.

I appreciate your prompt attention to this matter and look forward to your response. Please confirm receipt of this complaint and provide a **timeline for your investigation**.

Sincerely,

--
Respectfully,

**Corporal Gregory Tindall (ABN #246607)**
**Hillsborough County Sheriff's Office**
**Professional Standards Bureau**
**Office: 813-247-8080**

Under Florida law, e-mail addresses are public record. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact the Hillsborough County Sheriff's Office via telephone at (813) 247-8000 or US Mail at P.O. Box 3371, Tampa, FL 33601

--
Respectfully,

**Corporal Gregory Tindall (ABN #246607)**
**Hillsborough County Sheriff's Office**
**Professional Standards Bureau**
**Office: 813-247-8080**

Under Florida law, e-mail addresses are public record. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact the Hillsborough County Sheriff's Office via telephone at (813) 247-8000 or US Mail at P.O. Box 3371, Tampa, FL 33601

--
Respectfully,

**Corporal Gregory Tindall (ABN #246607)**
**Hillsborough County Sheriff's Office**
**Professional Standards Bureau**
**Office: 813-247-8080**

Under Florida law, e-mail addresses are public record. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact the Hillsborough County Sheriff's Office via telephone at (813) 247-8000 or US Mail at P.O. Box 3371, Tampa, FL 33601

--
Respectfully,

**Corporal Gregory Tindall (ABN #246607)**
**Hillsborough County Sheriff's Office**
**Professional Standards Bureau**
**Office: 813-247-8087**

Email: gtindall@teamhcso.com

Under Florida law, e-mail addresses are public record. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact the Hillsborough County Sheriff's Office via telephone at (813) 247-8000 or US Mail at P.O. Box 3371, Tampa, FL 33601

| Date: 02/16/98 | HILLSBOROUGH COUNTY SHERIFF'S OFFICE | Number: GEN 233.02 |
|---|---|---|
| Revision: 09/10/24 | CHAD CHRONISTER, SHERIFF | |
| Reviewed: 09/10/24 | STANDARD OPERATING PROCEDURE | Page: 1 of 7 |

**SUBJECT:   SIGNAL AND "TEN" CODES**

I.    **PURPOSE:**  The purpose of this standard operating procedure is to define the signal and "ten" codes used by the Sheriff's Office.

II.   **SCOPE:**  This shall apply to all Sheriff's Office personnel.

III.  **DISCUSSION:**  The use of signal and "ten" codes is necessary for ease of communications, dispatching calls for service, and accurate recordkeeping.  The Sheriff's Office uses unique codes deemed prudent for the types of call categories.

IV.   **PROCEDURE:**

A.    Ten codes:

| | | |
|---|---|---|
| 10-01 - Receiving poorly | 10-28 - Check registration | 10-62 - Special watch |
| 10-02 - Receiving well | 10-29 - Stolen/wanted check | 10-63 - Off-duty detail |
| 10-03 - Stop transmitting | 10-30 - Against rules or regulations | 10-65 - Can you copy |
| 10-04 – Ack/Message received | 10-31 - In pursuit | 10-66 - Cancel |
| 10-05 - Relay to | 10-32 - Computer hit | 10-69 - Busy – court / deposition |
| 10-06 - Busy | 10-35 - Confidential info | 10-70 - Wrecker |
| 10-07 - Out of service | 10-37 - Dispatcher on-duty | 10-71 - EMS/Ambulance |
| 10-08 - In service | 10-38 - SRO Available | 10-73 - Street Crimes Operation |
| 10-09 - Repeat | 10-39 - Message delivered | 10-74 - Busy Radio Shop |
| 10-10 - Out of service at | 10-40 - Meal break | 10-75 - Station clear |
| 10-11 - Talking rapidly | 10-42 - Home | 10-76 - Busy Instructing |
| 10-12 - Visitors present | 10-43 - Any information | 10-77 - Busy - training |
| 10-13 - DPA | 10-45 - Call (by phone) | 10-78 - Busy FTO duties |
| 10-14 - Search warrant | 10-46 - Urgent | 10-79 - Busy SOC |
| 10-15 - Prisoner in custody | 10-48 - Did you receive | 10-80 - COPS Neighborhood Watch |
| 10-16 - Prisoner pick-up at | 10-49 - Serving warrant / capias | 10-81 - COPS Business contact |
| 10-17 - Conduct investigation | 10-50 - Vehicle stop | 10-82 - COPS Civic Meeting |
| 10-18 - ASAP | 10-51 - En route | 10-84 - Out of service - reports |
| 10-19 - Return to station | 10-52 - Estimated time of arrival | 10-88 - Contact number |
| 10-20 - Your location | 10-53 - Crime Prevention Program | 10-90 - Supervisor - admin duties |
| 10-21 - Call station (phone) | 10-54 - Negative | 10-91 - Supervisor - report editing |
| 10-22 - Disregard | 10-55 - Let me speak to | 10-92 - Supervisor inspection |
| 10-23 - Stand by | 10-56 - Meet at... | 10-93 - Supervisor complaint follow-up |
| 10-24 - Trouble...send help | 10-58 - Busy at district office | 10-94 - Send back-up |
| 10-25 - In contact with | 10-59 - Busy Vehicle Repair | 10-97 - Arrived on scene |
| 10-26 - Message received | 10-60 - Motorist assist | 10-98 - Assignment complete |
| 10-27 - Driver's license check | 10-61 - Special detail | 10-102 - Log-off digital |

**Citizen complaint      IA No: C2025      Received: Feb 28, 2025**

Case No: 23-0000557

**Involved citizen:**

**Connor Thomas Huntley**

Email: huntleyconnor@hotmail.com

**Employees involved:**

**Law Enforcement Deputy (Trainer) Syed W A Salman [258673]**

**Employee current info:**

Department:
District/Division:
Bureau:

**Snapshot - employee information at time of incident:**

: 258673
Body worn camera:  Body Worn Camera Video Available
Department:  Department of Patrol Services
District/Division:  Patrol District 5
Bureau:
Rank/title: Law Enforcement Deputy (Trainer)
Age:      Years of employment: 6   Years with unit: 0
Off duty: No   Off duty employed: No

Allegations:

Failure to Follow SOP, Directive, Sheriff's Order - 3.4.05 Failure To Follow SOP, Directive, Sheriffs Order
Mar 05, 2025 - Unfounded

Inattention To Duties - 3.4.04 Inattention To Duties
Mar 05, 2025 - Unfounded

**Employee witnesses:**

**Law Enforcement Deputy Reed A Service [31936]**

**Employee current info:**

Department:
District/Division:
Bureau:

**Snapshot - employee information at time of incident:**

Body worn camera:  Body Worn Camera Video Available
**Law Enforcement Deputy Amelia J Tenney-Lamoureux [261977]**

**Employee current info:**

Department:
District/Division:
Bureau:

**Snapshot - employee information at time of incident:**

Body worn camera:  Body Worn Camera Video Available

**Summary:**

INVESTIGATION:
On February 28, 2025, I was assigned to this citizen's complaint. The citizen is Conor Huntley, and his complaint is against Deputy Salman, the deputy who arrested him for domestic violence on January 1, 2023. The domestic violence incident was investigated under 23-0000557. Mr. Huntley's complaint was first reported to the Florida Department of Law Enforcement (FDLE), Office of the Inspector General (OIG), who referred him to the Hillsborough County Sheriff's Office.

Mr. Huntley obtained the report and BWC videos after his case was plead, and he believes the investigating deputies failed to do the following;

- Failure to properly investigate false allegations and reliance on one-sided testimony.
- Ignoring exculpatory evidence that was available but not considered.
- Misconduct and potential civil rights violations in arresting him without sufficient cause.
- Failure to reassess the case despite new evidence being presented

The arresting deputy was Deputy Syed Salman #258673, and the deputies assisting in the investigation were Deputy Amelia J Tenney-Lamoureux #261977 and Deputy Reed Service #31936. I reviewed the Axon videos from the deputies' body-worn cameras.

The victim in the case was Mr. Huntley's now ex-wife, who called HCSO to report the domestic violence incident. She told Deputy Salman she was attempting to leave the residence when Mr. Huntley took her car keys and placed them behind his back in his underwear. The victim was trying to get back the car keys from Mr. Huntley, when Mr. Huntley grabbed the victim's arm and then pushed her into their baby's crib. Deputy Salman went to the bedroom and awakened Mr. Huntley. Mr. Huntley told Deputy Salman he never pushed or touched the victim and did not take the car keys. Deputy Tenney-Lamoureux conducted a follow-up interview with the victim. The victim's statement was consistent. Deputy Tenney-Lamoureux asked if Mr. Huntley pushed her to get away, and she said yes, to prevent her from obtaining the car keys. The deputies determined that, due to the fact that the incident was domestic violence in nature and there was a propensity for future violence, the best course of action was to arrest Mr. Huntley. There were no independent

witnesses or surveillance video, but the victim had a faint red mark on her left arm.

On February 28, 2025, at 1436 hours, I called Mr. Huntley for a 40-minute conversation. In that conversation, I educated Mr. Huntley and advised him that after the court depositions were completed, any potential re-assessment of the case due to exculpatory evidence would be handled in the courts. I then explained to Mr. Huntley that deputies have a duty to act on any domestic violence allegation and, in accordance with SOP, when there is a propensity for violence, the best action taken by deputies is to make an arrest. He debated the fact that he did not push the victim and that she forced herself to the crib. I reminded Mr. Huntley he told deputies nothing happened and he needed to share that information at the time of the investigation rather than denying any physical contact with the victim.

After the phone conversation, Mr. Huntley followed up with an email to continue debating the facts of the case. After I responded to his email, he alleged, in additional emails, I was reiterating false information.

On March 5, 2025, at 11:00 hours, I contacted Deputy Tenney-Lamoureux and then Deputy Service. After providing them with some details of the case, they both said they could not recall the investigation.

INTERVIEWS:
Deputy Tenney-Lamoureux stated she could not remember the details of the investigation.

Deputy Service stated he could not remember the details of the investigation.

CONCLUSION:
Deputy Salman acted in good faith and in accordance with SOP GEN 563.01 - Domestic/Dating Violence, Arrest, Battery; And Domestic/Dating Violence Injunctions. He conducted a thorough investigation and appropriately arrested Mr. Huntley for domestic violence after probable cause was established. Therefore, I find Mr. Huntley's complaint to be unfounded.

**When/where:**

Date/time occurred: Jan 01, 2023 03:53

: 

**Linked files:**

GO 23-0000557  (pdf)
Axon videos (3)  ()
Email correspondence_Huntley  (pdf)
303867 Huntley Tatiana 03-07-2024 - Original (1)  (pdf)
Connor Huntley Emailed Citizen Complaint  (pdf)

**Status/assignment information:**

Status: Completed

Opened: 02/28/2025    Assigned:    Due: 03/30/2025      Completed: 03/05/2025

Disposition: Unfounded

Investigative unit assigned: D5
Handled at field/unit level: Yes
  Outside/file investigator: Figueroa, Robert H Law Enforcement Corporal (Trainer Superv [204186]

Investigator assign: Un-assigned
Supervisor assign: Un-assigned
Source of information:

**Organizational component(s):**

Department: Department of Patrol Services
District/Division: Patrol District 5
Section: Patrol District 5 Day A

**BlueTeam chain routings**

**Feb 28, 2025  09:41: Sent from Law Enforcement Corporal Gregory J Tindall [246607] to Crumpler, Bruce A Master Law Enforcement Sergeant (Trainer [3894]**

Instructions:

Please see the attached citizen complaint for your action or delegation. Thank you sir.

Reviewed by Master Law Enforcement Sergeant (Trainer Bruce A Crumpler [3894] on Feb 28, 2025 at 10:06

Decision: Approved

Reviewer comment:

[Master Law Enforcement Sergeant (Trainer Bruce Crumpler has re-assigned the incident to Master Law Enforcement Sergeant (Trainer Bruce Crumpler]

**Feb 28, 2025  10:06: Sent from Master Law Enforcement Sergeant (Trainer Bruce A Crumpler [3894] to Figueroa, Robert H Law Enforcement Corporal (Trainer Super**

Instructions:

For your action.

Reviewed by Law Enforcement Corporal (Trainer Superv Robert H Figueroa [204186] on Mar 01, 2025 at 11:30

Decision:

Reviewer comment:

[Forward to IAPro by Law Enforcement Corporal (Trainer Superv Robert Figueroa without completion notes]

**Mar 01, 2025  11:30: Sent from Law Enforcement Corporal (Trainer Superv Robert H Figueroa [204186] to Crumpler, Bruce A Master Law Enforcement Sergeant (Tra**

Instructions:

For your review

Reviewed by Master Law Enforcement Sergeant (Trainer Bruce A Crumpler [3894] on Mar 01, 2025 at 13:33

Decision:

Reviewer comment:

Reviewed and I concur with Corporal Figueroa's finding.

**Mar 01, 2025  13:33: Sent from Master Law Enforcement Sergeant (Trainer Bruce A Crumpler [3894] to DeAngelo, Ryan T Law Enforcement Lieutenant (Trainer Coor**

Instructions:

For your review.

Reviewed by Law Enforcement Lieutenant (Trainer Coor Ryan T DeAngelo [232792] on Mar 03, 2025 at 11:41

Decision:

Reviewer comment:

For review

**Mar 03, 2025  11:41: Sent from Law Enforcement Lieutenant (Trainer Coor Ryan T DeAngelo [232792] to Roberts, Craig A Captain (L) [241797]**

Instructions:

For review

Reviewed by Captain (L) Craig A Roberts [241797] on Mar 04, 2025 at 13:42

Decision:

Reviewer comment:

corrections

**Mar 04, 2025  13:42: Sent from Captain (L) Craig A Roberts [241797] to Figueroa, Robert H Law Enforcement Corporal (Trainer Superv [204186]**

Instructions:

corrections

Reviewed by Law Enforcement Corporal (Trainer Superv Robert H Figueroa [204186] on Mar 05, 2025 at 11:18

Decision:

Reviewer comment:

The corrections were made.

**Mar 05, 2025  11:18: Sent from Law Enforcement Corporal (Trainer Superv Robert H Figueroa [204186] to Crumpler, Bruce A Master Law Enforcement Sergeant (Tra**

Instructions:

For your approval

Reviewed by Master Law Enforcement Sergeant (Trainer Bruce A Crumpler [3894] on Mar 05, 2025 at 11:21

Decision:

Reviewer comment:

Review

**Mar 05, 2025  11:21: Sent from Master Law Enforcement Sergeant (Trainer Bruce A Crumpler [3894] to DeAngelo, Ryan T Law Enforcement Lieutenant (Trainer Coor**

Instructions:

Review.

Reviewed by Law Enforcement Lieutenant (Trainer Coor Ryan T DeAngelo [232792] on Mar 05, 2025 at 13:12

Decision:

Reviewer comment:

For review

**Mar 05, 2025  13:12: Sent from Law Enforcement Lieutenant (Trainer Coor Ryan T DeAngelo [232792] to Roberts, Craig A Captain (L) [241797]**

Instructions:

For review

Reviewed by Captain (L) Craig A Roberts [241797] on Mar 05, 2025 at 13:35

Decision:

Reviewer comment:

After further review the referenced complaint is unfounded. There is no evidence to support any misconduct or policy violations by Deputy Salman. Furthermore, the complainant's misunderstanding or disagreement with the application of law and Sheriff's Office policies/procedures does not warrant any further investigation.

**Mar 05, 2025  13:35: Sent from Captain (L) Craig A Roberts [241797] to Handrick, Colleen M Major (L) [102937]**

Instructions:

For your review

Reviewed by Major (L) Colleen M Handrick [102937] on Mar 05, 2025 at 13:41

Decision:

Reviewer comment:

I concur with Cpl Figueroa's findings. This complaint is unfounded.

**Mar 05, 2025  13:41: Sent from Major (L) Colleen M Handrick [102937] to Rivera, Lora N Captain (L) [143648]**

Instructions:

Unfounded citizen complaint for review.

Reviewed by Captain (L) Lora N Rivera [143648] on Apr 16, 2025 at 07:59

Decision:

Reviewer comment:

For review / closeout

**Apr 16, 2025  07:59: Sent from Captain (L) Lora N Rivera [143648] to Conteh, Joe Law Enforcement Sergeant [246597]**

Instructions:

For review / closeout

Reviewed by Law Enforcement Sergeant Joe  Conteh [246597] on Apr 17, 2025 at 07:07

Decision:

Reviewer comment:

Approved for release into IAPro.

**Entered by:  Law Enforcement Corporal Gregory Tindall on Feb 28, 2025 at 09:18**

**Zimbra**

**Fwd: FDLE Member Complaints form**

**From :** SHERIFF CHAD CHRONISTER <cchronister@teamhcso.com>

**Subject :** Fwd: FDLE Member Complaints form

Fri, Feb 28, 2025 08:30 AM

3 attachments

    **To :** Chief Deputy Joe Maurer <jmaurer@hcso.tampa.fl.us>

    **Cc :** ANTHONY J. COLLINS <acollins@hcso.tampa.fl.us>, tstjohn@hcso.tampa.fl.us


Begin forwarded message:

**From:** "Tharp, Jamie" <JamieTharp@fdle.state.fl.us>
**Date:** February 28, 2025 at 8:16:30 AM EST
**To:** cchronis@hcso.tampa.fl.us
**Subject: FW: FDLE Member Complaints form**

**CAUTION:** This email originated from an **External Source.** Please use proper judgement and caution when opening attachments, clicking links, or responding to this email.

Good morning, Honorable Chronister, Sheriff

On February 27, 2025, the Florida Department of Law Enforcement (FDLE), Office of Inspector General (OIG) received email correspondence from Connor Huntley (huntleyconnor@hotmail.com) via FDLE Members Complaints. In the correspondence, Huntley alleged misconduct by members of the Hillsborough County Sheriff's Office (HCSO). Therefore, this is being forwarded to you for review and any action deemed appropriate.

Feel free to reach me with any questions regarding this referral.

Sincerely,

Jamie Tharp
Government Operations Consultant I
**Florida Department of Law Enforcement**
Office of Inspector General
Professional Standards Unit
(850) 410-8610





**From:** OIG Customer Complaints
**Sent:** Friday, February 28, 2025 8:15 AM
**To:** 'huntleyconnor@hotmail.com' <huntleyconnor@hotmail.com>
**Subject:** RE: FDLE Member Complaints form

Dear Mr. Huntley,

The Florida Department of Law Enforcement (FDLE), Office of the Inspector General (OIG), received your correspondence. Upon review, it was determined that the complaint does not fall within the scope of FDLE's authority and responsibility and would be best addressed by the Hillsborough County Sheriff's Office (HCSO).

Florida law states that the employing agency is responsible for investigating complaints against officers within their agency. Therefore, any complaints regarding alleged misconduct by members of a law enforcement agency should be directed to the employing agencies Internal Affairs / Professional Standards Unit for their review, and any action deemed appropriate.

It is the role of FDLE to provide investigative support to local sheriff's offices and police departments when we are requested to do so by the sheriff or police chief. FDLE has no independent lawful authority to interject into local law enforcement matters that have been or are already being investigated by local or state authorities.

To further assist you, your complaint has been forwarded to HCSO for review. Please continue to work with the HCSO for a resolution. **All questions and concerns should be directed to the address and telephone number below.**

> Hillsborough County Sheriff's Office
> Post Office Box 3371
> Tampa, Florida 33601
> (813) 247-0980

Sincerely,

**Florida Department of Law Enforcement**
Office of Inspector General
Customer Service
(850) 410-7228



**From:** FDLEMemberscomplaints@fdle.state.fl.us <FDLEMemberscomplaints@fdle.state.fl.us>
**Sent:** Thursday, February 27, 2025 10:27 PM
**To:** FDLE Members complaints <FDLEMemberscomplaints@fdle.state.fl.us>
**Subject:** FDLE Member Complaints form

OIG_FDLE_Member_ComplaintID: 55

First Name: Connor

Last Name: Huntley

Phone: (813) 517-4919

Email: huntleyconnor@hotmail.com

FDLE Program or Service *:

Sub Division:

FDLE Member(s) your complaint is about *: Arresting Officers

Date of Occurrence *: 1/1/2023

Complaint *: I am submitting this formal complaint regarding the misconduct of Hillsborough County Sheriff's Office (HCSO) officers, including their failure to investigate exculpatory evidence, wrongful arrest, and subsequent lack of action despite clear evidence of perjury and falsified claims in my case. Background & Incident Details On January 1, 2023, I was arrested following a domestic dispute with my ex-wife, Tatiana Huntley. The arrest was based on her false allegations of domestic violence, despite: Video evidence from body-worn cameras showing her admitting to initiating physical contact in an attempt to take my car keys. Evidence and witness statements indicating that I was the victim of aggression, not the perpetrator. A history of fabricated claims by Tatiana Huntley, which were not properly investigated at the time of my arrest. Despite my repeated efforts to present this evidence to HCSO, my case was handled improperly, leading to a wrongful arrest and serious legal and personal consequences. Misconduct by HCSO Officers & Failure to Investigate Failure to Disclose Exculpatory Evidence: Bodycam footage showing my ex-wife admitting to initiating the altercation was withheld until after my criminal case was closed. I had to obtain it through my own public records request, after which it became clear that my arrest was based on false claims. Coercion & Prosecutorial Misconduct: Due to the withholding of evidence, I was pressured into accepting a plea deal for disorderly conduct, even though the charges were baseless. The state attorney even threatened to add additional charges if I did not accept the plea, which raises concerns about legal ethics and coercion. Neglect in Investigating False Police Reports: My ex-wife has a documented history of making false reports to law enforcement, manipulating legal proceedings, and even forging documents. Despite this, HCSO officers never investigated her history of fraudulent activity or considered the possibility that I was being framed. Impact on Family Court & Parental Rights: The wrongful arrest was later used against me in family court, resulting in a temporary loss of timesharing with my daughter and severe financial and emotional hardship. The family court judge admitted on record that she was required to consider the injunction, even though it was based on false allegations. Why FDLE's Review is Necessary This is not just an isolated incident; it highlights a pattern of negligence and misconduct within HCSO that has resulted in: Wrongful arrests based on unverified claims Suppression of exculpatory evidence Failure to investigate false allegations and perjury Violation of due process rights Given the serious legal and ethical concerns in my case, I am requesting an independent review by FDLE into: The conduct of HCSO officers involved in my arrest, particularly their failure to investigate my ex-wife's credibility. Why exculpatory evidence (bodycam footage) was withheld until after my case was resolved. Whether my constitutional rights were violated due to misconduct, negligence, or bias in handling my case. If there is a pattern of similar cases within HCSO where individuals were wrongfully arrested based on false allegations. If FDLE determines that violations occurred, I request appropriate corrective actions and a referral for further disciplinary action or criminal prosecution of any officers involved in misconduct. I would appreciate confirmation of receipt of this complaint, as well as an expected timeline for review. Please feel free to contact me for any further details or supporting documentation. Sincerely, Connor Huntley

Captcha *: False

Form inserted: 2/27/2025 10:26:25 PM

Form updated: 2/27/2025 10:26:25 PM

Exhibit_H-6_GEN_502.00

09/11/24

GEN 502.00
Page 5 of 12

**d.** Officer safety takes precedence over BWC recording activation. If immediate manual activation is not feasible, sworn personnel shall activate the BWC as soon as it is safe and practical to do so.

**e.** Sworn personnel shall not purposefully or intentionally attempt to circumvent the recording of a BWC by turning, walking away, or choosing to be in a position that would prevent or block recording.

**f.** Sworn personnel are permitted to place their BWC in mute mode during an active recording if they are not interacting with the public, such as when talking to a supervisor or other sworn personnel. Sworn personnel shall annotate the reason for utilizing the mute feature prior to placing their BWC in mute mode. Sworn personnel who are issued the Axon Body 3 shall deactivate mute mode to resume audio recording prior to interacting with the public or once any official law enforcement activity commences. Sworn personnel who are issued the Axon Body 4 will be required to push and hold the "Select" button to enter the mute mode, and once the "Select" button is released, the audio recording will resume.

**g.** During official law enforcement activity, if a BWC fails to activate or to record the entire event during a shift or assignment, sworn personnel shall contact their direct supervisor as soon as practical and arrange for a replacement device from a district desk deputy and document their actions by adding a call note in CAD (Computer Aided Dispatch system).

**h.** Sworn personnel may inform subjects when they are being recorded during an official law enforcement activity, if they believe it would help to diffuse a situation. The subject's consent is not required to continue recording during an official law enforcement activity.

**i.** During an official law enforcement activity, if any sworn personnel fail to activate the BWC or fail to record the entire event, they shall notify their supervisor as soon as practical and document their actions by adding a call note in CAD.

**j.** Sworn personnel shall notify their supervisor of any recording believed to have captured any Sheriff's Office employee involved in misconduct or criminal activity.

**k.** Sworn personnel shall ensure their BWC remains in buffering mode while on duty and should not activate their BWC recording capability:

    **(1)** For any purpose other than official law enforcement activities.

    **(2)** To knowingly capture privileged communications including, but not limited to: attorney/client, sexual assault counselor/victim, domestic violence advocate/victim, or doctor/patient.

    **(3)** To knowingly record undercover law enforcement officers or confidential informants.

    **(4)** To record any personal activity or personal conversation not related to an official law enforcement activity.

    **(5)** To record a conversation of other law enforcement personnel or Sheriff's Office employee without their knowledge or not related to an official law enforcement activity.

    **(6)** To knowingly record any court-related matter including, but not limited to: conversations with attorneys, pre-filing conferences, depositions, trial preparation, or any activity within a courtroom. Only sworn personnel assigned to the Court Services Bureau are authorized to record inside a courtroom and only when handling an official law enforcement matter.

    **(7)** While inside any facility owned by the local, state, or federal government including law enforcement facilities, or a

 Outlook

---

## Service of Court Document Case 8:25-CV-1318-MSS-CPT

---

**From** Jensen, Jeffrey D <jjensen@teamhcso.com>

**Date** Thu 6/5/2025 8:02 AM

**To** huntleyconnor@hotmail.com <huntleyconnor@hotmail.com>

**Cc** 'Maxwell, Michelle' <mmaxwell@teamhcso.com>; 'MARIA T SHUTTER' <mshutter@teamhcso.com>

📎 1 attachment (143 KB)

RULE 11.pdf;

Good Morning Mr. Huntley,

    Attached please find a Rule 11 motion served on behalf of Corporal Gregory Tindall. If you are unfamiliar with Rule 11, I suggest that you do a Google search of the Federal Rules of Civil Procedure. There is no good faith basis for your claim against this Defendant, and the Complaint you filed fails to articulate a viable cause of action against him. The law does not place a legal obligation on Corporal Tindall to do the things you claim he should have done. If you do not dismiss this Defendant and our agency is forced to expend time and labor removing him from this action, we will have to ask the Court to shift the burden of these expenses onto you. I would prefer not to have to do that, but we will not allow a member of our agency to endure the burdens of litigation he should not have to endure.

    Should you wish to discuss this matter further, please feel free to call me.

Jeffrey D. Jensen, Esq.
Assistant Legal Counsel
Hillsborough County Sheriff's Office
P.O. Box 3371
Tampa, Florida 33601
(813) 247-8102
(813) 242-1817 (Fax)
jjensen@teamHCSO.com



**Exhibit I Cover Page**

**I-1 Updated Offer Post Exculpatory Deposition**

**I-2 Complainant Asks About Trial After Allegedly Agreeing to Diversion**

**I-3 State Attorney's Case Notes "No visible injuries"**

From: "Wright, RoseAnna M." <Wright_R@SAO13th.com>
To: "Peter Bradshaw" <Peter@MyTampaFirm.com>
Date: 3/22/2024 1:20:45 PM
Subject: RE: State v. Huntley: Upcoming Trial

Updated offer: DVIP

**From:** Peter Bradshaw <Peter@MyTampaFirm.com>
**Sent:** Thursday, March 21, 2024 4:49 PM
**To:** Wright, RoseAnna M. <Wright_R@SAO13th.com>
**Subject:** Re: State v. Huntley: Upcoming Trial

Please do. Trying to schedule my day for tomorrow in case I need to do trial prep.
- Bradshaw

> On Mar 21, 2024, at 4:26\u8239 PM, Wright, RoseAnna M. <mailto: R@sao13th.com> wrote:

\u-257 ?
I am so sorry, I just got out of a meeting. Am I able to call you tomorrow morning?

**From:** Peter Bradshaw <mailto:@MyTampaFirm.com>
**Sent:** Thursday, March 21, 2024 3:18 PM
**To:** Wright, RoseAnna M. <mailto: R@SAO13th.com>
**Subject:** Re: State v. Huntley: Upcoming Trial

You don't often get email from mailto:@mytampafirm.com. https://aka.ms/learn
Can you give me a call if you get a sec?

7579474739
- Bradshaw

> On Mar 20, 2024, at 6:58\u8239 PM, Wright, RoseAnna M. <mailto: R@sao13th.com> wrote:

\u-257 ?
Received, thank you!

*RoseAnna Wright*
*Assistant State Attorney*
**Office of the State Attorney**
*13th Judicial Circuit, Hillsborough County, FL*
419 N. Pierce Street,
Tampa, FL 33602
mailto: r@SAO13th.com

**From:** Peter Bradshaw <mailto:@MyTampaFirm.com>

**Sent:** Wednesday, March 20, 2024 3:06 PM
**To:** Wright, RoseAnna M. <mailto:R@SAO13th.com>
**Subject:** Fw: State v. Huntley: Upcoming Trial

You don't often get email from peter@mytampafirm.com. https://aka.ms/learn

My direct cell is 757-947-4739; feel free to call after business hours to discuss.

### Peter C. Bradshaw, III, Esquire

**T.** 813-225-2695  |
**F.** 813-868-3695  |  mailto:@mytampafirm.com

**Tampa Heights Office:** 3302 N. Tampa St., Tampa, FL 33603

**South Tampa Office:** 3902 Henderson Blvd., Ste 204, Tampa, FL 33629

**YOUR PARTNERS IN LAW**   |   https://mytampa   |   https://mytal   |   https:// https://mg   |   https://myteampafirm   |   https://mytampafirm.com

**Confidentiality Notice:** This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. Unless you have retained this law firm and we are currently engaged by you and providing you with legal advice and services, nothing in this e-mail is intended to be nor should be construed as legal advice. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of this message.

**Privacy Notice:** Pursuant to the Electronic Communications Privacy Act, 18 U.S.C. " 2510-2522, the contents of this e-mail and the attachments hereto (if any) are confidential, privileged, and/or otherwise exempt from disclosure and are intended only for disclosure to and use by the intended recipient of this message. If you are not the intended recipient of this message, the receipt of this message is not intended to and does not waive any applicable confidentiality or privilege and you are hereby notified that any dissemination, distribution, printing, or copying of the contents of this e-mail is strictly prohibited. If you are not the intended recipient, please notify us by telephone or e-mail and delete this e-mail from your system. Further, e-mail transmissions are not guaranteed to be secure or error-free because information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. WE THEREFORE EXPRESSLY DISCLAIM ANY REPRESENTATION OR WARRANTY REGARDING THE SAFETY AND INTEGRITY OF THIS E-MAIL AND FOR ANY ERRORS OR OMISSIONS IN THE CONTENTS OF THIS E-MAIL THAT ARISE AS A RESULT OF THIS TRANSMISSION OR ANY SUBSEQUENT RE-TRANSMISSION.

The Florida Bar Disciplinary Counsel requires all lawyers to notify all recipients of email that: (1) email communications are not a secure method of communication; (2) any email that is sent to you or

by you may be copied and held by various computers it may pass through as it is transmitted from you to me and vice versa; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or potentially some computer unconnected to us which the email may pass through. Please advise us if you wish for future communications to be sent in an alternative manner.

**From:** Peter Bradshaw <mailt@MyTampaFirm.com>
**Sent:** Friday, March 15, 2024 2:36 PM
**To:** Jackson, Natasha D. <mailto: N@sao13th.com>
**Cc:** Marcos Marrero <mailto:@MyTampaFirm.com>
**Subject:** State v. Huntley: Upcoming Trial

Hey Natasha,

Have you had an opportunity to speak with the AV on this case? We did a deposition in the family law case last week where she unequivocally said that she tried to grab the parties' car keys from Mr. Huntley and the incident occurred due to this. She repeated this story during the injunction hearing. I'm providing her testimony (based on the audio that we have) from that hearing and intend to use it at the trial (I'll provide the full transcript once we receive it).

However, it appears to me that the incident was caused due to ███████████ attempting to take the keys from Mr. Huntley when an alternative was available.

I'm asking you to consider entering a nolle prosse on this case prior to the pre-trial. If you have any questions or concerns, please feel free to reach out to my office or contact me directly: 757-947-4739.

**From Her Counsel's Questioning at Domestic Violence Injunction Hearing at 40:20:**

Q: What happened when you started packing the suitcase?

A : He went to the living room and .He grabbed my key and put it in his underwear. He wouldn't let me to leave.

Q: Was there another key laying around for that car?

A: Another key, a second key, was in the drawer in the bedroom.

Q: Why didn't you get that key?

Because I usually use the first key and the second key we never used before.

Q: Did you know about it at the time?

A: I knew about it. But I never used it.


Q: Did you try and get the key?

A: No, I didn't try. I didn't try to take them.


Q: Did you approach your husband with the key in his underwear?

A: Yes, I tried to take them away from him.


Q: What did he do in response?

A: He tried to grab my hand and pushed me towards the crib.


Q: Do you remember which hand he used to push you and grab you?

A: I don't know what hand he used me, but I hit my left hand from the crib like this, because I landed on the crib like this. Which where baby was sleeping- like laying she wasn't sleeping at that time yet.


...


Q: How did you end up on the crib?
A: He pushed me because I tried to take the key and we started fighting. So he pushed me away from him and I landed on the crib.

.

Confidentiality Notice: This message is being sent by or on behalf of an attorney. It is intended
4/21/2025

exclusively for the individual or entity to which it is addressed. Unless you have retained this law firm and we are currently engaged by you and providing you with legal advice and services, nothing in this e-mail is intended to be nor should be construed as legal advice. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of this message.

Privacy Notice: Pursuant to the Electronic Communications Privacy Act, 18 U.S.C. " 2510-2522, the contents of this e-mail and the attachments hereto (if any) are confidential, privileged, and/or otherwise exempt from disclosure and are intended only for disclosure to and use by the intended recipient of this message. If you are not the intended recipient of this message, the receipt of this message is not intended to and does not waive any applicable confidentiality or privilege and you are hereby notified that any dissemination, distribution, printing, or copying of the contents of this e-mail is strictly prohibited. If you are not the intended recipient, please notify us by telephone or e-mail and delete this e-mail from your system. Further, e-mail transmissions are not guaranteed to be secure or error-free because information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. WE THEREFORE EXPRESSLY DISCLAIM ANY REPRESENTATION OR WARRANTY REGARDING THE SAFETY AND INTEGRITY OF THIS E-MAIL AND FOR ANY ERRORS OR OMISSIONS IN THE CONTENTS OF THIS E-MAIL THAT ARISE AS A RESULT OF THIS TRANSMISSION OR ANY SUBSEQUENT RE-TRANSMISSION.

The Florida Bar Disciplinary Counsel requires all lawyers to notify all recipients of email that: (1) email communications are not a secure method of communication; (2) any email that is sent to you or by you may be copied and held by various computers it may pass through as it is transmitted from you to me and vice versa; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or potentially some computer unconnected to us which the email may pass through. Please advise us if you wish for future communications to be sent in an alternative manner.

From:
To: "Wright, RoseAnna M." <Wright_R@sao13th.com>
Date: 3/26/2024 8:38:47 AM
Subject: Re: Court hearing

Victim Information
F.S. 119.071(2)(i)(j); 794.02

[You don't often get email from ▮▮▮▮▮▮▮▮▮▮▮▮ Learn why this is important at https://aka.ms /LearnAboutSenderIdentification ]

Oh wow, okay!
Thank you for your answer. I was about to leave a house I checked my email to see your answer

If you can can you please send me a copy of court order from yesterday. Thank you!

And have a wonderful day!

> On Mar 26, 2024, at 8:17 AM, Wright, RoseAnna M. <Wright_R@sao13th.com> wrote:
>
> No he took a plea yesterday so you are not required to go to court.
>
> Sorry for the confusion.
>
> -----Original Message-----
> From: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
> Sent: Tuesday, March 26, 2024 8:06 AM
> To: Wright, RoseAnna M. <Wright_R@SAO13th.com>
> Subject: Court hearing
>
> [You don't often get email from ▮▮▮▮▮▮▮▮▮▮ Learn why this is important at https://aka.ms /LearnAboutSenderIdentification ]
>
> Good morning RoseAnna!
> This is ▮▮▮▮▮▮▮ and I have a jury hearing today regarding Connor Huntley The hearing is at 9 AM and I don't know should I show up at the court today or not!
> Let me know please as soon as possible
>
> Thank you very much!

| Note Type | Table | Event Description | Note | Entry |
|---|---|---|---|---|
| Case Note | Main Case | | NEED TO SEND AMENDED DISCO WITH WRITTEN STATEMENTS/DOCUMENT OF OATH PRIOR TO TRIAL | WILDE, ALEXANDER J - 03/06/2023 8:56PM |
| Case Note | Main Case | | VICTIM: ███████████ | WILDE, ALEXANDER J - 02/20/2023 5:04PM |
| Offer | Main Case | | WH/12DVP + SAET/CC | WILDE, ALEXANDER J - 02/20/2023 5:03PM |
| VAP | Contact | Office Visit | WALK-IN. VIC CAME TO GET RECORDS OF CASE (FOR DIVORCE PROCEEDINGS) SINCE DEF HAD IT SEALED. PROVIDED # TO OUR PUBLIC RECORD AND HCSO AS WELL. VIC CALLED HCSO WHILE IN OFFICE AND WAS TOLD TO GO IN PERSON OR ONLINE. VIC IS ON HER WAY TO HCSO. | VAP - ROSAS, FRANCES - 10/21/2024 2:46PM |
| VAP | Contact | Office Visit | WALK-IN. VIC WANTED PROOF THAT CASE HAPPENED. PROVIDED DISPOSITION LETTER AND TOLD HER TO REQUEST PUBLIC RECORDS AT THE COURTHOUSE. | VAP - ROSAS, FRANCES - 09/16/2024 10:57AM |
| VAP | Notification | Office Visit / Disposition Letter / Sent | ███████████████ | VAP - SMITH, NATALIE - 07/15/2024 2:48PM |
| Docket | Event Court Date / Past Note | Waiver Speedy Trial | WAIVER SPEEDY TRIAL | OFFICE, CLERK - 03/25/2024 2:45PM |
| Case Note | Main Case | | ON RECORD ORALLY AMENDED TO DISORDERLY CONDUCT F.S. 877.03 - CLOSED FOR MIP INCLUDING 6 HRS AM | WRIGHT, ROSEANNA M - 03/25/2024 1:45PM |
| Case Note | Main Case | | ON FRIDAY TALKED TO VICTIM WHO AGREED TO DIVERSION - RELAYED OFFER TO DEFENSE | WRIGHT, ROSEANNA M - 03/25/2024 1:35PM |
| Case Note | Main Case | | AGREED TO AMEND TO DISORDERLY CONDUCT - MIP | WRIGHT, ROSEANNA M - 03/25/2024 1:34PM |
| Case Note | Main Case | | SUBS FOR VICTIM CAME BACK REJECTED DUE TO MOVE DETECTED, CORRECTED ADDRESS AND EMAILED VICTIM SUBS SINCE PTC IS THE NEXT DAY | SAGUIGUIT, VAN T - 03/19/2024 11:33AM |
| Case Note | Main Case | | UPLOADED WS - SUBS | WRIGHT, ROSEANNA M - 03/19/2024 10:26AM |
| Case Note | Main Case | | LEFT VM FOR VICTIM | WRIGHT, ROSEANNA M - 03/19/2024 10:16AM |

| | | | | |
|---|---|---|---|---|
| Communicatio | Main Case | | I JUST CALLED DEFENSE, PETER BRADSHAW AND RELAYED THE OFFER AGAIN LETTING HIM KNOW THE VICTIM IS NOT IN AGREEMENT TO DIVERSION. HE THEN ASKED WHAT BATTERY CASE THIS IS ABOUT, AND WHETHER IT WAS THE ONE IN THE HOME OR IN THE DRIVEWAY. I TOLD HIM IT ALLEGEDLY OCCURRED IN THE HOME. DEFENSE STATED HE WOULD SW HIS CLIENT TO SEE WHAT HE WANTS TO DO AND THEN DEFENSE STATED HE COULD SEE THE VICTIM WANTING TO MOVE FORWARD SO THAT SHE COULD USE THIS CASE IN HER FAMILY LAW CASE. | JACKSON, NATASHA D - 03/05/2024 12:01PM |
| Communicatio | Main Case | | I JUST EMAILED DEFENSE TO LET THEM KNOW THE OFFER OF WH, 12M DVP PLUS SPECIAL CONDITION OF SUBST ABUSE EVAL AND TRMT STILL STANDS. | JACKSON, NATASHA D - 03/05/2024 11:42AM |
| Communicatio | Main Case | | I JUST CALLED THE VICTIM IN THIS CASE BECAUSE DEFENSE CALLED ME THE OTHER DAY TO SEE IF THERE WAS ANYTHING WE COULD DO IN THIS CASE, I GUESS IN REGARDS TO MITIGATING. I TOLD HIM THAT I WOULD NEED TO LOOK AT THE CASE AND CONTACT HIM BACK. VICTIM IS NOT IN AGREEMENT TO DVIP. | JACKSON, NATASHA D - 03/05/2024 11:39AM |
| Docket | Event Court Date Past Note | With Counsel | WITH COUNSEL | OFFICE, CLERK - 10/18/2023 1:30PM |
| Docket | Event Court Date Past Note | Waiver Speedy Trial | WAIVER SPEEDY TRIAL | OFFICE, CLERK - 08/08/2023 9:45AM |
| Discovery Sent | Main Case | | RE-SENT DISCOVERY LINK AS THE REQUEST OF DEFENSE | CIPRIANO, DEANNA M - 08/03/2023 9:51AM |
| Case Note | Main Case | | DISPO 10/12 1:30PM | WARMKE, WILLIAM J - 08/02/2023 9:36AM |
| Case Note | Main Case | | VICTIM CALLED TO SAY THAT SHE HAS EVIDENCE. I SENT HER AN EMAIL AND ASKED HER TO PROVIDE IT TO ME. | CIPRIANO, DEANNA M - 06/05/2023 1:09PM |
| Discovery Sent | Main Case | | SENT 911 AUDIO/BODY CAM/PHOTOS/CELL PHONE VIDEO (34 ITEMS) TO PA JOSHUA G. SHERIDAN VIA EVIDENCE.COM | WILDE, ALEXANDER J - 03/06/2023 8:58PM |
| Case Note | Main Case | | SENT DISCO TASK SHEET TO COUNTY F CLERICAL | WILDE, ALEXANDER J - 03/06/2023 8:56PM |

| | | | | |
|---|---|---|---|---|
| VAP | Victim Impact Statement | Victim Impact Statement Received | IN PERSON. EMAIL SENT TO ASA. SEE LF | VAP - PENNAMON, TAYLOR - 02/23/2023 12:11PM |
| VAP | Maintenance | Email Received | TO ASA AND MYSELF . VIDEOS AND PHOTOS | VAP - PENNAMON, TAYLOR - 02/21/2023 8:43AM |
| Communicatio | Main Case | | VICTIM EMAILED ME PHOTOS/VIDEOS ON GOOGLE DRIVE OF THE NIGHT OF THE ALTERCATION. ADDED EMAIL TO LASERFICHE AND SENT EMAIL TO VISUAL DEPARTMENT UNDER TASK: 197033. | WILDE, ALEXANDER J - 02/20/2023 5:02PM |
| Docket | Event Court Date Past Note | Waiver Speedy Trial | WAIVER SPEEDY TRIAL | OFFICE, CLERK - 02/01/2023 10:00AM |
| Case Note | Main Case | | DISPO 3/26 WST | WARMKE, WILLIAM J - 01/30/2023 11:03AM |
| Offer | Main Case | | WH/12DVP+SAET/CC (POSSIBLY DVIP + SAET BEING EXPLORED). | WILDE, ALEXANDER J - 01/29/2023 9:09PM |
| Case Note | Main Case | | EMAILED VICTIM TO SEE IF SHE HAS PICTURES OF INJURIES FROM THE DAYS FOLLOWING ALTERCATION. PICTURES AT THIS TIME SHOW NO VISIBLE INJURY | WILDE, ALEXANDER J - 01/29/2023 9:09PM |
| Case Note | Main Case | | INFORMATION SENT TO BE SIGNED | TRAVIS, CHRISTINA M - 01/27/2023 8:59AM |
| VAP | Notification | PP Court Notification | VICTIM WANTS NO CONTACT | VAP - ALVAREZ, ERIC A. - 01/17/2023 3:14PM |
| VAP | Contact | Attempted Phone Call | MMDV/DDA: VIC IS PRO-PROSECUTION. SEE LF FOR SCREENING. | VAP - PENNAMON, TAYLOR - 01/09/2023 9:54AM |
| Case Note | Main Case | | BODY CAMERA REQUEST SENT TO EMTS | JOHNSON, TIMOTHY P - 01/06/2023 8:47AM |
| Docket | Event Court Date Past Note | No Contact with Victim | NO CONTACT WITH VICTIM | OFFICE, CLERK - 01/05/2023 4:45PM |