IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNOR HUNTLEY

     Plaintiff,

v.                                                                    8:25-cv 1318-MSS-CPT

SYED SALMAN, a deputy sheriff of
Hillsborough County Sheriff's Office
in his individual and official capacity,

AMELIA J. TENNEY-LAMOUREUX,
a deputy sheriff of Hillsborough
County Sheriff's Office, in his
Individual and official capacity,

and CHAD CHRONISTER, in his
official capacity as Sheriff of
Hillsborough County,

     Defendants.

_____/

## DEFENDANTS', AMELIA J. TENNEY-LAMOUREUX and SYED SALMAN, DISPOSITIVE MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendants, SYED SALMAN and AMELIA J. TENNY-

LAMOUREUX, by and through their undersigned counsel and files their

Dispositive Motion for Summary Judgment, and as good cause in support thereof,

Defendants would show:

1

1. Plaintiff has asserted § 1983 claims against SYED SALMAN and AMELIA J. TENNEY-LAMOUREAUX alleging Fourth Amendment violations arising out of an arrest for battery.

2. Plaintiff's arrest was supported by probable cause, as the victim gave sworn testimony that Plaintiff pushed her without her consent. At a minimum, there was arguable probable cause supporting Plaintiff's arrest.

3. Defendants are entitled to qualified immunity on Count I of the Second Amended Complaint so long as there was arguable probable cause for Plaintiff's arrest. Grider v. City of Auburn, Ala., 618 F.3d 1240, 1257 (11th Cir. 2010). Plaintiff's arrest was supported by probable cause as there was a sworn statement from an eyewitness that a battery had occurred.

4. Count III asserts a 42 U.S.C. § 1983 claim for "judicial deception/fabrication by omission" alleging omissions from a probable cause affidavit.

5. Defendant AMELIA J. TENNEY-LAMOUREAUX did not sign or otherwise submit an affidavit. Plaintiff's claim against this Defendant has no factual basis.

6. The probable cause affidavit submitted by Defendant SYED SALMAN establishes probable cause, and the complained-of omissions are not dispositive to probable cause. SYED SALMAN is entitled to qualified immunity.

7. Count IV's claim for a declaratory judgment does not allege a substantial continuing controversy necessary to sustain a claim for a declaratory judgment. Emory v. Peeler, 756 F.2d 1547, 1551-1552 (11th Cir. 1985). Plaintiff's claimed injury occurred in the past and there is no allegation that Plaintiff's complained-of injuries will occur in the future. *See also* McDowell Bey v. Gilman, 2012 WL 1755127 *3 (M.D. Fla. 2012)("To the extent Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights, it is generally improper to issue a declaratory judgment against state officials when there is no claimed continuing violation of federal law.")

WHEREFORE, Defendants, SYED SALMAN and AMELIA J. TENNY-LAMOUREUX, respectfully request that this Honorable Court enter an order granting qualified immunity to Defendants SYED SALMAN and AMELIA J. TENNY-LAMOUREUX.

## INCORPORATED MEMORANDUM OF LAW

### I.      APPLICABLE LAW

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted, "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

3

issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Id. "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Id. "[A] party opposing summary judgment may not depend upon mere allegations in his pleadings, but rather must respond with evidence showing a genuine issue of material fact in dispute." Spears v. Jordan, 2021 WL 3471697 * 4 (M.D. Fla. 2021). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). When there is a reliable video recording of disputed events, the Court should "view facts in the light depicted by the video." Davidson v. City of Opelika, 675 Fed.Appx. 955, 957 (11th Cir. 2017).

The fact that a motion for summary judgment is filed prior to an answer being filed is not grounds to deny the motion as premature. In re Darrow Automotive Group, Inc., 2011 WL 1321504 at *3 (S.D. Ga. 2011). It is not an abuse of discretion for a court to grant summary judgment prior to the filing of an answer and before discovery. Yelder v. U.S. Department of Defense, 164 Fed.Appx. 914, 914 n.1 (11th

Cir. 2006).  The filing of a motion for summary judgment tolls the time to file an answer, and a Defendant need not answer while the motion for summary judgment is pending.  Parks v. Doan, 2007 WL 757649 at *5 n. 3 (N.D. Ga. 2007).

### B. Qualified Immunity

"Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Loftus v. Clark-Moore, 690 F.3d 1200, 1204 (11th Cir. 2012). "After the 'public official…proves that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred,' 'the burden shifts to the plaintiffs to show that qualified immunity is inappropriate.'" Id. citing Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002); Terrell v. Smith, 668 F.3d 1244, 1250 (11th Cir. 2012). "A government employee engages in a discretionary function when she (1) performs a legitimate job-related function (2) in an authorized manner." Valentine v. Robinson, 601 Fed.Appx. 778, 781 (11th Cir. 2015). The general act of arresting a suspect is clearly part of a law enforcement officer's job-related powers and responsibilities. Id.

"Because qualified immunity is an entitlement not to stand trial or face the other burdens of litigation, questions of qualified immunity must be resolved at the earliest possible stage in litigation." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th

Cir. 2003)(*citing* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Hunter v. Bryant, 502 U.S. 224, 227 (1991)).  The Eleventh Circuit has "repeatedly held that a district court errs when it reserves ruling on an official's entitlement to qualified immunity." Miller v. Palm Beach County Sheriff's Office, 129 F.4th 1329, 1333 (11th Cir. 2025).

## II.    FACTS:

### A. Affidavit of Syed Salman

The affidavit of Syed Salman is attached to this motion as Exhibit A.  Syed Salman is a certified law enforcement officer and employed as a deputy sheriff by the Hillsborough County Sheriff's Office. (Exhibit A, ¶ 2).  On January 1, 2023, he was dispatched to a domestic dispute call at Plaintiff's residence. (Id., ¶ 3).  During the investigation, Tatiana Huntley provided a sworn statement that her husband pushed her against her will, and also provided a written statement to that effect. (Id., ¶ 4).  She also provided information that earlier in the evening, her husband backed a car into her when she attempted to prevent him from driving with their child in the vehicle after he had been drinking. (Id., ¶ 5).  When Deputy Salman interviewed Connor Huntley, he denied that the incident occurred. (Id., ¶ 6).  Based upon the totality of the circumstances, Deputy Salman determined that there was probable cause to arrest Connor Huntley for simple battery. (Id., ¶ 7).

Deputy Salman completed the arrest affidavit, Deputy Tenney-Lamoureux neither signed nor took part in completing the affidavit. (Id., ¶ 9).

Tatiana Huntley completed a written statement describing two separate events in which Connor Huntley (1) backed his car into her, and (2) pushed her, causing her to fall into a baby crib. (Id., Exhibit A). Deputy Salman completed an arrest affidavit which was consistent with the victim's statements. (Id., Exhibit B).

## B. Video of Incident

Exhibit B is a video of the arrest of Connor Huntley. (Exhibit A, ¶ 9). Citations to the video are referenced by the time-stamp found in the upper right corner of the video.

Deputies Salman and Tenney-Lamoureux arrive at the Huntleys' apartment and meet with Tatiana Huntley, who advises that her husband took her key and when she tried to retrieve the key, he pushed her into a baby crib. (Exhibit B, 04:04:15 to 04:05:15). Connor Huntley was interviewed and denied that the incident his wife described occurred. (Id., 04:08:21 to 04:09:25 and 04:11:45 to 04:12:55). Ms. Huntley is interviewed again and placed under oath, and confirms her prior representations. (Id., 04:13:12 to 04:14:00). Mr. Huntley is then arrested without incident or use of force beyond handcuffing. (04:14:17 to 04:17:40).

## III.   ARGUMENT

### A. Plaintiff's Arrest was Supported by Probable Cause

"Whether a seizure by an arrest was 'reasonable' under the Constitution turns on a finding of probable cause, a determination made under the totality of the

7

circumstances." Poulakis v. Rogers, 341 Fed.Appx 523, 526 (11th Cir. 2009). Probable cause to arrest for the commission of a crime may be found when the 'law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Id. "Probable cause is not a high bar." Llauro v. Tony, 470 F.Supp.3d 1300, 1312 (S.D. Fla. 2020). "Indeed, because probable cause requires less than a preponderance of the evidence, it necessarily follows that probable cause does not require that it be more likely than not the person arrested for a crime is actually guilty of it." Scott v. City of Miami, 139 F.4th 1267, 1273 (11th Cir. 2025). "The bar is so low that the Eleventh Circuit has found the statements of a single witness sufficient to establish probable cause." Id. citing Martin v. Wood, 648 Fed.Appx. 911, 916 (11th Cir. 2016). Probable cause "does not require proof beyond a reasonable doubt or even by a preponderance of the evidence." Manners v. Cannella, 891 F.3d 959, 968 (11th Cir. 2018). "Probable cause for an arrest may be found if there is probable cause to believe any crime was committed, whether or not there is probable cause for the crime the arresting officer actually believed had been committed." Id. at 969. "And it is now settled law that there is probable cause for a warrantless custodial arrest even for a seemingly insignificant crime." Id.

8

In this case, there was a sworn statement from an eyewitness (Tatiana Huntley) that Connor Huntley committed two batteries on the evening he was arrested, the first when he bumped his wife with his vehicle, and the second when he shoved her into their baby's crib. The fact that Mr. Huntley denied the incident occurred does not dispel probable cause. *See* Swanson v. Scott, 334 F.Supp.3d 1203, 1218 (M.D. Fla. 2018)(*citing* Glenn v. City of Tyler, 242 F.3d 307, 313 n.3 (5th Cir. 2001)("Probable cause is not destroyed by a suspect's denial"). *See also* Smith v. City of Fairburn, Georgia, 679 Fed.Appx. 916, 922 (11th Cir. 2017)(*citing* Glenn v. City of Tyler, 242 F.3d 307, 313 n.3 (5th Cir. 2001)("Probable cause is not destroyed by a suspect's denial.").

"Under Florda law, the crime of battery occurs when someone (1) actually and intentionally touches or strikes another person against the will of the other; or (2) intentionally causes bodily harm to another person." Sada v. City of Altamonte Springs, 434 Fed.Appx. 845, 849 (11th Cir. 2011). "The Supreme Court of Florida has held that 'any intentional touching, no matter how slight, is sufficient to constitute a simple battery.'" Huebner v. McDonough, 2018 WL 11149778 *5 (S.D. Fla. 2018)(*citing* State v. Hearns, 961 So. 2d 211, 218-19 (Fla. 2007). No injury is required.

Plaintiff may argue that the deputies did not have probable cause because the victim's statements are indicative of a push in self-defense. "It does not appear,

9

however, that officers are required to consider affirmative defenses in their probable cause calculations." Id. at 850. The deputies were not given any information suggesting that Mr. Huntley pushed his wife because he was in fear for his safety. Plaintiff did not claim self-defense during the investigation, Plaintiff denied the incident occurred at all.

The deputies received information from an eyewitness (the victim) that gave information that Mr. Huntley pushed her into a baby crib against her will. That information was later fortified with a sworn statement and a written statement. When the deputies asked Mr. Huntley for his version of events, he denied the incident occurred. The information the deputies were provided was sufficient for them to have probable cause for an arrest.

**B. Defendants are Entitled to Qualified Immunity**

"To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable probable cause." Valentine v. Robinson, 601 Fed.Appx. 778, 781 (11th Cir. 2015). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." Id. "Arguable probable cause is a lower standard than actual probable cause and only requires that under all the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present." Staco v.

10

Miami-Dade County, 536 F.Supp.2d 1301, 1305 (S.D. Fla. 2008). "[T]he existence of an affirmative defense does not negate arguable probable cause for purposes of qualified immunity." Rickerson v. Jeter, 2022 WL 2136017 *3 (11th Cir. 2022).

For the reasons discussed in section A, there was probable cause to believe a battery occurred, but even if there wasn't, there was arguable probable cause. Furthermore, there was at least arguable probable cause to arrest for the earlier battery when Plaintiff backed his car into his wife.

**C. The Arrest Affidavit is Accurate and Establishes Probable Cause**

Count III alleges that the deputy Salman's arrest affidavit omitted known material exculpatory facts, those being (1) "Deputy Ghabbour's statement questioning probable cause" and (2) "Lamoureux's acknowledgement that Plaintiff was trying to get away."

Deputy Tenney-Lamoureux took no part in preparing the arrest affidavit and did not sign it, so this count is easily resolved in her favor. As to Deputy Salman, the claim fails because neither complained-of omission is an exculpatory fact. Deputy Ghabbour's statement is merely his opinion as to the existence of probable cause, which is a legal conclusion and not a fact appropriate for the inclusion in an arrest affidavit. The same thing applies to Deputy Tenney-Lamoureux's "acknowledgment that Plaintiff was trying to get away." That is a conclusion as to the evidence. Even if that had been included in the affidavit, it would not have

11

been dispositive of probable cause. Furthermore, Plaintiff never claimed that the push was made in self-defense, or that he was even placed in fear by his wife's action making self-defense a viable affirmative defense. Plaintiff simply denied the event occurred, which as stated above, does not destroy probable cause.

### D. Declaratory Relief is not Appropriate in this Case

Plaintiff's Second Amended Complaint describes a single arrest that occurred on January 1, 2023, more than three years ago. Plaintiff alleges no facts supporting an ongoing controversy, not even an ongoing prosecution.

To be entitled to declaratory relief, there must be a substantial continuing controversy between parties having adverse legal interests. Emory v. Peeler, 756 F.2d 1547, 1551-1552 (11th Cir. 1985). Plaintiff's claimed injury occurred in the past and there is no allegation that Plaintiff's complained-of injuries will occur in the future. *See also* McDowell Bey v. Gilman, 2012 WL 1755127 *3 (M.D. Fla. 2012)("To the extent Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights, it is generally improper to issue a declaratory judgment against state officials when there is no claimed continuing violation of federal law."). Plaintiff's pleading contains only four paragraphs in support of declaratory relief, none of which describe an ongoing controversy.

## IV.   CONCLUSION

For the reasons set forth above, summary judgment should be granted in Defendants' favor because Defendants are entitled to qualified immunity.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2026, I electronically submitted the foregoing with the Clerk of the Court using the CM/ECF system, who will send electronic notice to all parties.

/s/Jeffrey D. Jensen - Trial Counsel
JEFFREY D. JENSEN, ESQUIRE
Attorney for Defendant
Post Office Box 3371
Tampa, Florida 33601
(813) 247-8102
(813) 242-1817 (Facsimile)
Electronic Mail: jjensen@teamhcso.com
Florida Bar No.: 021017