UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNOR THOMAS HUNTLEY,

                         Case No.  8:25-cv-1318-MSS-CPT

       Plaintiff,

v.

HILLSBOROUGH COUNTY SHERIFF'S OFFICE,
CHAD CHRONISTER, in his Official Capacity
Sheriff of Hillsborough County,
SYED SALMAN, in his individual capacity,
AMELIA J. TENNEY-LAMOUREAUX, in her individual capacity,

       Defendants.

_____/

## DEFENDANT SHERIFF CHAD CHRONISTER'S OPPOSED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Chad Chronister, in his official capacity as Sheriff of Hillsborough County, Florida (hereinafter "Sheriff"), by and through the undersigned counsel, and pursuant to FED. R. Civ. P. 12, FED. R. Civ. P. 15, and Local Rule 3.01, submits this *Opposed Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law*, and in support thereof, states as follows:

MEMORANDUM OF LAW

    I.       UNDISPUTED FACTUAL BACKGROUND

1

Deputy Syed Salman (Deputy Salman) is a certified law enforcement officer and employed as a deputy sheriff by the Hillsborough County Sheriff's Office. (Doc. 47).  On January 1, 2023, in a response to a call for service regarding an allegation of domestic violence, Tatiana Huntley, Plaintiff's former wife, provided a sworn statement that her husband, Connor Huntley, pushed her against her will, and provided a written statement to that effect (Doc. 47).  Deputy Salman completed an arrest affidavit which was consistent with the victim's statements.

When Deputy Salman interviewed Plaintiff, he denied that the incident occurred.  Based upon the totality of the circumstances, Deputy Salman determined that there was probable cause to arrest Connor Huntley for simple battery.

Plaintiff alleges Deputy Salman's decision to arrest Huntley was based in part on the Sheriff's "flawed and illegal HCSO policies in existence" that "instructed deputies to make unlawful arrests in situations" such as Huntley's. (Doc. 47). Plaintiff alleges that this policy did not require deputies to establish probable cause before making an arrest but instead instructed deputies to "'make an arrest'" "anytime" there was a domestic dispute as the decision to make an arrest was "out of [their] hands." (Doc. 47).

2

Plaintiff cites the Sheriff's, "policy, practice or custom, and the failure to train and supervise with deliberate indifference" as the "moving forces behind the violation of Plaintiff's Fourth Amendment rights." (Doc. 47).

## I. STANDARD OF REVIEW ON A 12(b)(6) MOTION TO DISMISS

In determining whether to grant a Motion to Dismiss under Fed R. Civ. P. 12(b)(6), a Court should consider the allegations in a complaint as true, and it should be construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The validity of a motion to dismiss is determined by examining only the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D. Fla. 1995).

Although great deference is given to the facts as alleged in a plaintiff's complaint, there are baseline pleading requirements plaintiffs must satisfy to sustain a legally viable claim. Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Gersten v. Rundle*, 833 F.Supp. 906, 910 (S.D. Fla. 1993); *Vaughn v. Kerley*, 897 F.Supp. 1413 (M.D. Fla. 1995). A plaintiff's failure to properly allege facts necessary to support their claims should result in the dismissal of a plaintiff's complaint. *Vaughn* at 1413.

A complaint is subject to dismissal if the facts pled do not state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To be considered plausible on its face, a complaint must contain facts "that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence..." to support the plaintiff's claim. *Bell Atlantic Corp.* at 556. Specifically, a plaintiff's obligation to provide the "grounds of his 'entitle[ment] to relief' requires more than labels and conclusions. Additionally, a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal* at 678.

Lastly, a court may dismiss a case when the allegations in the complaint demonstrate that an affirmative defense bars recovery of the claim. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

## II. PLAINTIFF'S *MONELL* CLAIM AGAINST THE SHERIFF MUST BE DISMISSED

4

Plaintiff's *Monell* claim (Count II) against the Sheriff is factually insufficient, inadequately pled and must be dismissed for failure to state a recognizable legal claim.    Wholly absent from the Plaintiff's second attempt at pleading this case is any connection between a specific policy, practice, custom, training, supervision, and/or disciplinary practice of the Sheriff and the conduct of Hillsborough County Sheriff's Office deputies involved in the case.    To make logical sense of *Count II* against the Sheriff, Plaintiff's argument is arranged and addressed as follows:

## A. Policy Custom or Practice

*Count II* of the *Second Amended Complaint*, alleges the Sheriff, had "flawed and illegal HCSO Policies in existence [that] instructed deputies to make unlawful arrests in situations like that described above, where no probable cause for a crime exists." (Doc. 47). Plaintiff asserts that "HCSO policy instructed the deputies to 'make an arrest' anytime there was a domestic dispute despite evidence showing to probable cause." (Doc. 47). While it appears from the pleading Plaintiff Huntley is quoting the Sheriff's policies, the Sheriff has no such policy.

Plaintiff has two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial

5

custom or practice of the county shown through the repeated acts of a final policymaker. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

*Monell* clearly places the burden squarely on the plaintiff who seeks to hold an entity liable pursuant to § 1983 to "identify a municipal 'policy' or 'custom' that caused his injury." *Whittington v. Surfside*, 06-CIV-21032, 2007 WL 9702399, at *5 (S.D. Fla. 2007) (citing *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).  For the county or local government entity to be liable, "the custom or policy must be the moving force of the constitutional violation at issue." *Samples on Behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1333 (11th Cir. 1988).

Simply alleging a policy or custom exists is not enough to satisfy Rule 8(a) (2) and the requisite pleading standards.  *Lordeus v. Miami-Dade Cty.*, 263 F. Supp. 3d 1307, 1310 (S.D. Fla. 2017).  Indeed, district courts have repeatedly rejected the attempts of plaintiffs to merely allege policies and procedures without factual allegations and dismissed complaints that use this tactic to establish municipal liability. *Campbell v. City of Jacksonville*, No. 3: 17-cv-914-J-34JRK, 2018 WL 1463325 at *15 (M. D. Fla.  Mar 23, 2018).

Plaintiff's *Second Amended Complaint* fails at establishing *Monell* liability under the "policy, custom or practice" theory under either of the

6

enumerated methods. First, Plaintiff's *Second Amended Complaint* fails to cite any policy of the Sheriff, much less an unconstitutional one.  Secondly, Plaintiff's *Second Amended Complaint* fails to establish in lieu of such policy, that any of the Sheriff's practices are "so permanent and well settled as to constitute a 'custom or usage' with the force of law" or identify any "persistent and widespread practice," that is, a practice that is "so settled and permanent that it takes on the force of the law." *McDowell* at 1290. Where Plaintiff found the HCSO policy that instructs "deputies to make unlawful arrests in situations ….where no probable cause for a crime exists" would certainly provide compelling evidence supporting the *Monell* claim (Doc. 47). The reason Plaintiff fails to cite the HCSO policy that permits deputies to "'make an arrest' anytime there [is] a domestic dispute, despite evidence showing to probable cause" is because such policy does not exist. Plaintiff's reliance upon fabricated, self-serving quotations with nothing more is inadequate to maintain a Monell claim against the Sheriff and as such, Count II should be dismissed.

Moreover, reliance on one incident, as pled in the Plaintiff's *Second Amended Complaint*, is not enough to meet the necessary threshold to establish a "custom or policy" theory of liability under *Monell*. "Random acts

or isolated incidents are usually insufficient to establish a custom or policy."

*Gomez v. Metro Dade County*, 801 F. Supp. 674, 679 (citing *Depew v. City of St. Mary's, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986). "Considerably more" than a single incident that forms the basis of a lawsuit is required to "establish both the requisite fault on the part of the municipality and the causal connection between the 'policy' and the constitutional deprivation." *Oklahoma City v. Tuttle*, 471 U. S. 808, 824, (1985).

Plaintiff's misquotation of an unidentified policy combined with the reliance on a single, isolated incident of employee conduct is insufficient to form the foundation for a *Monell* claim. Identification of the specific policy(s) and/or establishment of custom or usage are necessary to put the defendant on notice and required to defeat a motion to dismiss. This *Second Amended Complaint* has neither. As such, Count II regarding liability based on "custom, practice and policy" against the Sheriff should be dismissed.

**B. Failure to Train and/or Supervise**

Also contained within Count II, is Plaintiff's attempt to rely upon the same inadequate fact pattern to establish a "failure to supervise" theory of liability under *Monell*.

8

To successfully establish liability under this theory, a plaintiff is required to allege a causal connection between the Sheriff's actions and the alleged constitutional deprivation. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Brown v. Crawford,* 906 F.2d 667, 671 (12th Cir. 1990). To establish the necessary causal connection, Plaintiff must allege that the (1) the sheriff knew about and failed to correct a widespread history of abuse or (2) Sheriff's custom or policy resulted in a constitutional violation; (3) the Sheriff directed a subordinate to act unlawfully or knew the subordinate would act unlawfully and failed to stop him. *Harrison v. Culliver*, 746 F. 3d 1288, 1298 (11th Cir. 2014). To state a claim for relief based on a failure to supervise, the "widespread abuse" must be "obvious, flagrant, rampant and of continued durations, rather than isolated occurrences." *West v. Tillman*, 496 F. 3d 1321, 1329 (11th Cir. 2007).

The *Second Amended Complaint* contends the Sheriff failed "to train and supervise deputies regarding probable cause determinations" and that "HCSO's policy, practice, or custom and the failure to train and supervise

9

with deliberate indifference were the moving forces behind the violation of Plaintiff's Fourth Amendment rights." (Doc. 47).

Plaintiff's *Second Amended Complaint* provides no factual basis alleging the Sheriff personally participated in the investigation of Huntley's domestic abuse allegations or the decision to effectuate the eventual arrest. Moreover, the *Second Amended Complaint* fails to establish the factual basis necessary to plead rampant and/or continued abuse in the Sheriff's office and conveniently cites to one, solitary incident which so happens to constitute the basis of the present complaint. The allegations in Plaintiff's *Second Amended Complaint* do not meet the requisite standard for establishing a failure to supervise claim under *Monell* and should be dismissed accordingly.

## C. Declaratory Relief is not Appropriate in this Case

Plaintiff's *Second Amended Complaint* describes a single arrest that occurred on January 1, 2023, more than three years ago.  Plaintiff alleges no facts supporting an ongoing controversy, not even an ongoing prosecution.

To be entitled to declaratory relief, there must be a substantial continuing controversy between parties having adverse legal interests.

*Emory v. Peeler*, 756 F.2d 1547, 1551-1552 (11th Cir. 1985). Plaintiff's claimed injury occurred in the past and there is no allegation that Plaintiff's complained-of injuries will occur in the future. *See also McDowell Bey v. Gilman*, 2012 WL 1755127 * 3 (M.D. Fla. 2012)("To the extent Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights, it is generally improper to issue a declaratory judgment against state officials when there is no claimed continuing violation of federal law."). Plaintiff's pleading contains only four paragraphs in support of declaratory relief, none of which describe an ongoing controversy.

**CONCLUSION**

In the end, the Sheriff is not asking this Court to apply a heightened pleading standard to the Plaintiff's *Second Amended Complaint*, but only to recognize that the Plaintiff has provided this Court with nothing more than a recitation of boiler plate legal conclusions masquerading as a § 1983 complaint. After stripping the conclusory statements from Plaintiff's Count II and Count IV, it is clear both of Plaintiff's claims against the Sheriff are devoid of substantive plausibility and should therefore be dismissed.

Respectfully submitted this 17th day of March 2026.

11

/s/ *Michelle S. Maxwell*
Michelle S. Maxwell, Esquire, Trial Counsel
Electronic Mail: mmaxwell@teamhcso.com
Florida Bar No.: 28110
Attorney for Defendant, Sheriff Chad Chronister
Post Office Box 3371
Tampa, Florida 33601
Telephone: (813) 247-8178

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 3.01(g), on 16th of March 2026 email correspondence was sent to Plaintiff's counsel inquiring whether he objected to this *Motion to Dismiss*, and following a phone conference and a subsequent email on March 17, 2026, his objection was so confirmed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2026, I electronically filed *Defendant's Opposed Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law* with the Clerk of the Court using the CM/ECF system.

/s/ *Michelle S. Maxwell*
Michelle S. Maxwell, Esquire