**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CONNOR HUNTLEY
    Plaintiff,

v.

                        CASE NO.: 8:25-cv-01318-MSS-CPT

SYED SALMAN, a deputy sheriff of
Hillsborough County Sheriff's Office,
in his individual and official capacity,

AMELIA J. TENNEY-LAMOUREUX,
a deputy sheriff of Hillsborough
County Sheriff's Office, in his
individual and official capacity,

and CHAD CHRONISTER, in his
official capacity as Sheriff of
Hillsborough County,
    Defendants.

                                /

## <u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SHERIFF CHAD CHRONISTER'S MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>

Plaintiff, Connor Huntley, by and through undersigned counsel, files this

Response in Opposition to Defendant Sheriff Chad Chronister's Motion to

Dismiss the Second Amended Complaint, and states:

## <u>I. INTRODUCTION</u>

The Sheriff's Motion should be denied because it asks the Court to resolve

factual disputes, reject well-pleaded allegations, and impose a heightened

pleading standard that does not apply to Section 1983 municipal-liability claims.

At this stage, the Court must accept Plaintiff's factual allegations as true and

draw all reasonable inferences in Plaintiff's favor. Instead of applying that

standard, the Motion repeatedly argues that no such HCSO policy or practice

1

exists, that Plaintiff relies on only a single event, and that Plaintiff's allegations are "fabricated" or conclusory. Those are merits arguments, not Rule 12(b)(6) arguments.

Count II plausibly states a Monell claim. Plaintiff does not allege only a nonexistent written policy. Rather, Plaintiff alleges an unconstitutional custom, practice, and ratification: specifically, an on-the-ground practice of treating domestic-dispute calls as requiring arrest without a constitutionally adequate probable-cause determination, reinforced by officer statements on scene, references to "SOP," deviation from written policy, failure to train and supervise, and Internal Affairs' subsequent approval of the arrest despite contrary evidence. That is more than sufficient at the pleading stage. See *Hoefling v. City of Miami*, 811 F.3d 1271, 1280 (11th Cir. 2016); *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993).

The Motion also improperly collapses two separate encounters into a single narrative. As alleged, serious allegations were made during the first encounter, including allegations relating to a vehicle and DUI, yet no arrest occurred after the complainant stated there had been no physical contact. The arrest occurred only during the second encounter and based on a different set of facts. That matters because probable cause must be evaluated based on what officers knew at the time of arrest, not by blending earlier rejected allegations, later-developed evidence, and litigation-driven hindsight. See *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009); *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010).

2

For those reasons, and as set forth below, the Motion should be denied.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A court must accept the complaint's well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Importantly, there is no heightened pleading standard for Section 1983 claims against municipalities. *Hoefling*, 811 F.3d at 1280; *Leatherman*, 507 U.S. at 168. A plaintiff need not prove the existence of a municipal policy or custom in the complaint. He need only allege facts making the existence of such a policy, practice, or custom plausible.

## III. ARGUMENT

**A. Count II plausibly alleges municipal liability based on custom, practice, failure to train, and ratification.**

The Sheriff's principal argument is that Count II fails because Plaintiff supposedly identifies no actual HCSO policy and instead relies on a single isolated arrest. That argument mischaracterizes both the Complaint and governing law.

First, municipal liability under Monell is not limited to formally adopted written policies. A municipality may be liable for an unconstitutional custom or practice, for failure to train or supervise amounting to deliberate indifference, or for ratification of unconstitutional conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *City of Canton v. Harris*, 489 U.S. 378, 388-90 (1989).

3

Here, Plaintiff alleges far more than a bare legal conclusion. Plaintiff alleges that deputies acted pursuant to an understood practice or custom in domestic-dispute situations to "make an arrest," that the arrest decision was effectively treated as "out of [their] hands," that officers referenced "SOP," that their conduct deviated from applicable written policy, and that Internal Affairs later upheld the arrest despite contrary evidence. Taken together, those allegations plausibly support a Monell theory based on custom, practice, failure to train, and ratification.

Second, the Sheriff's repeated insistence that "no such policy exists" is not a basis for dismissal. Whether HCSO in fact maintained such a custom or practice, whether deputies made the statements alleged, whether there was an unwritten arrest protocol or field practice, whether written policy was disregarded, and whether Internal Affairs ratified unconstitutional conduct are factual questions for discovery. At the pleading stage, the Court must accept Plaintiff's allegations as true. *Hoefling*, 811 F.3d at 1279-80.

Third, the Motion overstates the "single incident" rule. While a single unexplained act by a line officer may not by itself establish municipal liability, a single constitutional injury supports Monell liability where the injury resulted from an official policy choice, directive, or settled practice rather than a random unauthorized act. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). Plaintiff's theory is not that one deputy simply made one bad decision in isolation. Plaintiff alleges a broader practice and understanding implemented in the field and later ratified within the agency.

4

Fourth, Plaintiff adequately pleads failure to train and supervise in the alternative. The need to train deputies that domestic-dispute calls do not eliminate the constitutional requirement of probable cause is obvious. Under *City of Canton*, failure to train is actionable where the need for training is so obvious, and the inadequacy so likely to result in constitutional violations, that deliberate indifference may be inferred. 489 U.S. at 388-90. Plaintiff alleges exactly that type of deficiency here.

Florida law underscores the point. A warrantless arrest in a domestic-violence context still requires probable cause. See § 901.15(7), Fla. Stat. Florida law also requires officers to evaluate the circumstances, including the issue of primary aggressor, rather than making a reflexive arrest simply because a domestic dispute has occurred. See § 741.29, Fla. Stat. Thus, an HCSO practice of pressuring deputies to arrest first and meaningfully assess probable cause later would conflict not only with the Fourth Amendment, but also with Florida's statutory framework.

Fifth, Plaintiff's ratification theory is also plausibly alleged. Plaintiff does not rely merely on a generalized failure to investigate after the fact. Rather, Plaintiff alleges that Internal Affairs upheld the arrest despite contrary evidence, thereby validating the same unconstitutional practice reflected on scene. Plaintiff acknowledges that ratification cannot rest on post-incident review alone. See *Salvato v. Miley*, 790 F.3d 1286, 1297-98 (11th Cir. 2015). But here ratification is not alleged in isolation; it is one component of a broader Monell theory that includes

5

custom, practice, officer statements, deviation from policy, and failure to train. Accordingly, Count II states a plausible claim and should not be dismissed.

**B. The Motion improperly blends two separate encounters into a single probable-cause narrative.**

The Motion's probable-cause theory depends on collapsing two separate encounters into one continuous storyline. But the timing matters. As alleged by Plaintiff, during the first call serious allegations were made, including the car and DUI allegations, yet no arrest occurred after the complainant stated there had been no physical contact. The arrest occurred only during the second call and on a different set of facts. The Sheriff's effort to merge these events into one narrative is improper because probable cause must be evaluated based on the information officers possessed at the time of the arrest, not based on earlier rejected allegations or later-developed evidence. See *Case*, 555 F.3d at 1327; *Brown,* 608 F.3d at 734.

That is especially important here because Plaintiff alleges that, at the time of arrest, officers were aware that the complainant initiated contact and that Plaintiff was attempting to disengage. Those circumstances make this a context-dependent probable-cause question rather than the simple equation urged by the defense. The Motion tries to reduce the case to "push equals battery equals probable cause," but that strips away the very context the officers were required to consider.

The Eleventh Circuit has made clear that officers may not ignore readily available exculpatory information or conduct a one-sided investigation and then

6

claim probable cause as a matter of law. *Kingsland v. City of Miami*, 382 F.3d 1220, 1228-30 (11th Cir. 2004). Probable cause turns on reasonably trustworthy information in context, not on post hoc rationalizations assembled during litigation. See also *Cozzi v. City of Birmingham*, 892 F.3d 1288, 1294-96 (11th Cir. 2018).

Here, Plaintiff's wife admitted to the deputies that she unlawfully touched Plaintiff when she stated that he moved away from her in order to, " I think to like, get away."  Comp.  ¶ 11.

Thus, even apart from the Monell defect in the Motion, the Sheriff's own presentation of the facts confirms that dismissal is inappropriate. The Motion depends on Defendant's preferred chronology and inferences, but those issues cannot be resolved on the pleadings.

**C. Plaintiff's allegations plausibly show that reasonableness and probable cause cannot be resolved as a matter of law at this stage.**

The Complaint alleges facts showing that the arrest was not based on a clean, undisputed factual scenario. Rather, the circumstances were mixed, contested, and context-dependent. Plaintiff alleges that the complainant initiated contact, that Plaintiff was attempting to disengage, that earlier allegations had not resulted in arrest, and that the arresting officers later relied on a narrower and different set of facts. Plaintiff also alleges issues with the video evidence and factual disputes as to what occurred and what the officers actually knew when the arrest decision was made.

Those allegations are sufficient to defeat dismissal. Whether the officers reasonably interpreted the facts, whether they ignored exculpatory information, whether they selectively relied on only inculpatory facts, and whether the video conclusively supports one version of events are all issues that cannot be resolved under Rule 12(b)(6). At minimum, Plaintiff has plausibly alleged that the defense's theory is post hoc justification rather than an accurate account of the real-time probable-cause determination.

**D. Count IV should not be dismissed, or alternatively should be dismissed without prejudice and with leave to amend.**

The Sheriff also seeks dismissal of Plaintiff's request for declaratory relief on the ground that it concerns only a past arrest. Plaintiff respectfully submits that Count IV should not be dismissed at this stage because the declaratory-relief claim is tied to Plaintiff's allegations of an ongoing unconstitutional custom, practice, and ratification by HCSO, not merely a request for an advisory opinion about past events.

Where a plaintiff challenges an ongoing municipal practice that continues to govern officer conduct, declaratory relief is not necessarily foreclosed simply because the initial injury arose from a past arrest. Construed in the light most favorable to Plaintiff, Count IV is directed at ongoing conduct and policy implementation, not merely retrospective wrongdoing.

However, if the Court concludes that Count IV is not pleaded with sufficient specificity as to ongoing controversy, the proper remedy is dismissal without prejudice and leave to amend, not dismissal with prejudice. Amendment

8

would allow Plaintiff to more specifically allege the continuing nature of the challenged custom, practice, and ratification.

### IV. CONCLUSION

The Sheriff's Motion should be denied. It attacks a strawman written-policy theory that Plaintiff does not need to plead, asks the Court to reject well-pleaded allegations of custom, practice, failure to train, and ratification, and improperly attempts to resolve disputed factual issues concerning chronology, probable cause, and reasonableness on a motion to dismiss.

Plaintiff has plausibly alleged that his arrest resulted from an unconstitutional HCSO custom or practice of treating domestic-dispute encounters as requiring arrest without a constitutionally sufficient probable-cause determination, together with failures in training and supervision and subsequent ratification despite contrary evidence. That is enough under Rule 8 and controlling precedent.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendant Sheriff Chad Chronister's Motion to Dismiss in its entirety.
**Dated**: April 7 2026.

Respectfully Submitted,

/s/ *Anthony Sabatini*
ANTHONY SABATINI, ESQ.
Sabatini Law Firm, P.A.
FL Bar 1018163
1601 E. First Avenue
Mount Dora, FL 32757
(352)-455-2928
anthony@sabatinilegal.com

9

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 4.7.2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.