**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CONNOR HUNTLEY,
    Plaintiff,

v.                                     Case No. 8:25-cv-1318-MSS-CPT

SYED SALMAN, a deputy sheriff of
Hillsborough County Sheriff's Office,
in his individual and official capacity,

AMELIA J. TENNEY-LAMOUREUX,
a deputy sheriff of Hillsborough
County Sheriff's Office, in her
individual and official capacity,

and CHAD CHRONISTER, in his
official capacity as Sheriff of
Hillsborough County,
    Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**DISPOSITIVE MOTION FOR SUMMARY JUDGMENT**

Plaintiff Connor Huntley, by and through undersigned counsel, files this

Response in Opposition to Defendants Syed Salman and Amelia J. Tenney-

Lamoureux's Motion for Summary Judgment and states:

**I. INTRODUCTION**

Defendants seek summary judgment by treating probable cause as

automatic once Tatiana Huntley accused Plaintiff of pushing her. But that is not

the Rule 56 standard, and it is not the law. The record must be viewed in the light

most favorable to Plaintiff, and when it is, there are genuine disputes of material

fact as to what actually occurred, what information the deputies had, and

whether the arrest affidavit omitted material exculpatory facts. The motion itself

acknowledges that Plaintiff denied battering Tatiana Huntley, while Salman's affidavit asserts he arrested Plaintiff based on the "totality of the circumstances."

Plaintiff's declaration squarely disputes Defendants' version. Plaintiff attests that after the first police response no arrest was made, that the later interaction was a dispute over keys, that Tatiana Huntley pursued him and attempted to take the keys, that Plaintiff moved away to disengage, and that he extended his hand only to maintain distance—not to intentionally strike or push her. Plaintiff further declares that Tatiana Huntley made contact with the crib during that encounter and that he never intentionally struck or pushed her. Because a reasonable jury could credit Plaintiff's testimony, summary judgment should be denied.

## II. LEGAL STANDARD

Summary judgment is improper where the record reveals a genuine dispute of material fact. The Court must view the evidence in the light most favorable to the nonmovant and may not resolve credibility disputes or weigh competing testimony. Fed. R. Civ. P. 56. In Fourth Amendment cases, those principles apply with full force. *Kingsland v. City of Miami*, 382 F.3d 1220, 1226–27 (11th Cir. 2004); *Skop v. City of Atlanta*, 485 F.3d 1130, 1136–37 (11th Cir. 2007).

## III. ARGUMENT

**A. Genuine disputes of material fact preclude summary judgment on probable cause.**

Defendants' motion rests on the premise that Tatiana Huntley's accusation, standing alone, established probable cause as a matter of law. But

that overstates the record and understates the governing standard. The Eleventh Circuit has made clear that probable cause depends on the totality of the circumstances and on reasonably trustworthy information, not on blind acceptance of one version of a disputed domestic encounter. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998).

Here, the evidentiary record is disputed in multiple material respects. Salman avers that Tatiana Huntley gave a sworn statement that Plaintiff pushed her and that Salman determined probable cause existed. The attached written statement also reflects a narrative that Plaintiff "took the key" and that when she tried to retrieve it, he pushed her into a crib. But Plaintiff declares under penalty of perjury that the second interaction was a struggle over keys initiated by Tatiana Huntley's continued attempts to take them from him; that he moved away to disengage; that he extended his hand only to keep distance; and that he did not intentionally strike or push her at any time.

That conflict is material. If a jury credits Plaintiff's declaration, it could conclude that the contact was not an intentional battery at all, but rather incidental contact during Plaintiff's attempt to disengage from an escalating struggle over the keys. At minimum, a jury could find that the deputies lacked a sufficiently reliable basis to arrest without further inquiry. Under *Kingsland*, officers may not conduct an investigation in a biased fashion or ignore readily available exculpatory information when assessing probable cause. 382 F.3d at 1228–30.

The motion also acknowledges that Plaintiff denied the battery during the investigation. Defendants ask the Court to treat that denial as irrelevant, but Rule

56 forbids the Court from choosing Defendants' account over Plaintiff's sworn testimony. Where the parties offer competing sworn versions of the incident, summary judgment is improper unless the nonmovant's version is blatantly contradicted by the record. *Kingsland*, 382 F.3d at 1227; *Skop*, 485 F.3d at 1137–38.

**B. Plaintiff's declaration creates a jury question as to whether Defendants ignored exculpatory facts and prematurely arrested him.**

Plaintiff's declaration is especially important because it provides context Defendants omit. Plaintiff states that during the first police response, Tatiana Huntley reported allegations including claims involving a vehicle, but also stated there had been no physical contact between them, and law enforcement made no arrest and left the scene. That sequence matters. A reasonable jury could conclude that the officers knew the situation was fluid, contradictory, and required careful evaluation rather than immediate acceptance of the later accusation.

The Eleventh Circuit has repeatedly held that an officer is not entitled to qualified immunity where the officer ignored facts tending to dissipate probable cause or failed to make a reasonable assessment of the circumstances. In *Kingsland*, the court reversed summary judgment because factual disputes existed over whether officers disregarded exculpatory evidence and manufactured a one-sided account to justify the arrest. 382 F.3d at 1228–33. Likewise here, Plaintiff's evidence would permit a jury to find that Defendants ignored facts showing the encounter was a mutual struggle over keys and not an intentional battery.

Defendants cite cases for the proposition that a victim's statement can establish probable cause. That principle is not absolute. *Rankin* itself frames the inquiry as one of reasonableness under the totality of the circumstances. 133 F.3d at 1435–38. On this record, where Plaintiff provides a sworn non-battery explanation, where the officers had prior contact with the parties that same evening, and where the incident involved a rapidly evolving domestic dispute over keys, the jury—not the Court on summary judgment—must decide what facts were reasonably trustworthy.

**C. Summary judgment is also improper on Count III because a jury could find the affidavit omitted material exculpatory facts.**

Defendants separately argue that Count III fails because the arrest affidavit established probable cause and because Tenney-Lamoureux did not sign it. That argument also fails at this stage.

Under *Franks v. Delaware*, an officer violates the Fourth Amendment when he knowingly or recklessly includes false statements in, or omits material facts from, a warrant affidavit, and those misstatements or omissions are necessary to the probable-cause determination. 438 U.S. 154, 155–56, 171–72 (1978). The Eleventh Circuit applies that same principle to material omissions and misstatements in probable-cause affidavits. *Paez v. Mulvey*, 915 F.3d 1276, 1286–88 (11th Cir. 2019).

Here, a jury could find the affidavit omitted precisely the sort of facts that matter to probable cause: that the incident arose from a struggle over keys; that Plaintiff was attempting to disengage; that any contact occurred while Tatiana

Huntley pursued him and tried to grab the keys; and that Plaintiff did not intentionally strike or push her. Plaintiff's declaration states those facts directly. If those omitted facts are included, a reasonable jury could conclude the affidavit no longer presented a clean, one-sided narrative of an intentional battery, but instead a disputed encounter in which intent—the key element—was uncertain.

Defendants try to reframe the omitted facts as mere legal conclusions or immaterial details. But intent is not a trivial detail in a battery arrest. A jury could reasonably find that omitting the key-struggle context and Plaintiff's explanation materially changed the probable-cause picture. That is enough to defeat summary judgment under *Franks* and *Paez*.

**D. Qualified immunity cannot be resolved in Defendants' favor on this record.**

Qualified immunity does not authorize the Court to accept Defendants' facts while discounting Plaintiff's sworn declaration. Taking the facts in Plaintiff's favor, the deputies arrested him despite a materially disputed account of the encounter and despite exculpatory facts undermining a conclusion that he intentionally battered Tatiana Huntley. Plaintiff's evidence also supports an inference that Salman's affidavit omitted material context necessary to a fair probable-cause assessment.

The rights at issue were clearly established. It was clearly established that a warrantless arrest without probable cause violates the Fourth Amendment, that officers may not ignore plainly exculpatory information in a biased investigation, and that officers may not secure probable cause through material misstatements

or omissions. *Kingsland*, 382 F.3d at 1228–30; *Skop*, 485 F.3d at 1137–39; *Franks*, 438 U.S. at 155–56; *Paez*, 915 F.3d at 1286–88.

At the very least, those authorities foreclose summary judgment for Salman. And because Defendants' motion asks for summary judgment on the basis that the arrest was lawful as a matter of law, the same material factual disputes defeat summary judgment as to Tenney-Lamoureux's on-scene participation in the seizure as well. The motion's assertion that she did not sign the affidavit does not eliminate Plaintiff's separate false-arrest theory arising from the arrest itself.

**E. Declaratory relief should not be dismissed on the present record solely through the probable-cause arguments raised in the motion.**

Defendants' argument against declaratory relief is cursory and derivative of their merits arguments. Because the underlying Fourth Amendment claims remain disputed and because the motion does not establish the absence of a live controversy through undisputed facts, summary judgment on Count IV should likewise be denied.

## IV. CONCLUSION

Defendants' motion depends on the Court accepting their account of a disputed domestic incident and disregarding Plaintiff's sworn declaration. Rule 56 does not permit that. Plaintiff has submitted evidence that the second encounter was a dispute over keys, that he attempted to disengage, that he did not intentionally push or strike Tatiana Huntley, and that the arrest affidavit omitted material context bearing directly on probable cause.

For those reasons, Defendants' Dispositive Motion for Summary Judgment

should be **DENIED**.

Respectfully submitted,

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
SABATINI LAW FIRM, P.A.
1601 E. 1ST AVENUE
MOUNT DORA, FL 32757
T: (352)-455-2928
anthony@sabatinilegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished
this 13th day of April 2026, via email to all parties of record.

/s/ *Anthony F. Sabatini*

**EXHIBIT 1**

**DECLARATION OF CONNOR HUNTLEY**

I, Connor Huntley, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the matters set forth herein.
2. On January 1, 2023, I was inside the residence with Tatiana Huntley.
3. An argument occurred between us inside the home.
4. Law enforcement responded to an initial call at the residence.
5. During that first encounter, Tatiana Huntley made allegations, including claims involving a vehicle.
6. During that same interaction, Tatiana Huntley stated to law enforcement that there had been no physical contact between us.
7. Based on the information available at that time, law enforcement did not make an arrest and left the scene.
8. After law enforcement left, I remained inside the residence.
9. A second interaction occurred between Tatiana Huntley and me involving a set of keys.
10. During this interaction, I had possession of the keys.
11. Tatiana Huntley followed me and attempted to take the keys from me.
12. I moved away from Tatiana Huntley in an effort to disengage from the situation.
13. Tatiana Huntley continued attempting to take the keys from me.
14. As Tatiana Huntley continued to pursue me, I extended my hand outward to maintain distance and prevent further contact.
15. During this interaction, Tatiana Huntley made contact with the crib.
16. Law enforcement responded again following a second call.
17. During the second encounter, Tatiana Huntley told law enforcement that I had taken the keys and that she attempted to take them from me.
18. Tatiana Huntley stated that I pushed her.
19. I denied that I pushed Tatiana Huntley or committed a battery.
20. I was placed under arrest during the second encounter.
21. At no time during the second interaction did I intentionally strike or push Tatiana Huntley.
22. My actions were limited to attempting to disengage from Tatiana Huntley and to maintain distance while she attempted to take the keys.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 13th day of April, 2026.

/s/ Connor Huntley
Connor Huntley