## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CONNOR HUNTLEY

    **Plaintiff,**

v.                          **8:25-cv-1318-MSS-CPT**

SYED SALMAN, a deputy sheriff of
Hillsborough County Sheriff's Office,
in his individual and official capacity,

AMELIA J. TENNEY-LAMOUREUX,
a deputy sheriff of Hillsborough
County Sheriff's Office, in his
Individual and official capacity,

and CHAD CHRONISTER, in his
official capacity as Sheriff of
Hillsborough County,

    **Defendants.**
_____/

### DEFENDANTS', SYED SALMAN AND AMELIA J. TENNY-LAMOUREUX, REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' DISPOSITIVE MOTION FOR SUMMARY JUDGMENT

COME NOW, Defendants, SYED SALMAN and AMELIA J. TENNY-LAMOUREUX, by and through the undersigned counsel, and file their Reply to Plaintiff's Response in Opposition to Defendants' Dispositive Motion for Summary Judgment and states as follows:

1

### I.    Plaintiff Conflates Ultimate Guilt with Probable Cause

Plaintiff's response attempts to make Defendants' Motion for Summary Judgment about Plaintiff's ultimate guilt for the domestic violence charge rather than the existence of probable cause or arguable probable cause for an arrest. In furtherance of this effort, Plaintiff includes an affidavit containing his version of the events that he claims occurred the night of his arrest. Plaintiff told Defendants that the incident did not occur, which is clearly captured on the body camera footage attached as Exhibit B to the motion for summary judgment. (Exhibit B, 04:08:21 to 04:09:25 and 04:11:45 to 04:12:55). Plaintiff cannot now attempt to dispel probable cause by introducing testimony inconsistent with what he told Defendants the night of the investigation. "Probable cause is measured at the time of the arrest, not at some time before or after." Davis v. City of Apopka, 78 F.4th 1326, 1333 n.3 (11th Cir. 2023). Plaintiff's insertion of new facts contrary to what he told Defendants the night of his arrest will not defeat the probable cause established the night of Plaintiff's arrest.

Whether Plaintiff is guilty of the crime he was arrested for is irrelevant, "[t]he Constitution does not guarantee that only the guilty will be arrested." Baker v. McCollan, 443 U.S. 137, 145 (1979). All Plaintiff's affidavit establishes is that he lied to Defendants during their investigation. The affidavit does not establish that Plaintiff's victim's statements were not reasonably trustworthy, but ironically, the

affidavit does establish that Plaintiff's version of the events that night were untrustworthy, as the affidavit recants Plaintiff's statements made to Defendants that night.

To the extent Plaintiff claims he pushed Ms. Huntley merely because she was trying to take the car keys, such a claim does not establish self-defense. Neither Plaintiff's statements the night of Defendants' investigation nor Plaintiff's affidavit establish that he reasonably feared for his safety when he pushed his wife into the crib. *See* Bryant v. State, 17 So. 3d 713, 716 (Fla. 4th DCA 2009)(differentiating acts taken in anger rather than fear as it relates to self defense).

This case is not a forum to entertain Plaintiff's pleas of innocence. The Court's proper analysis is whether, based on the information Defendants had during their investigation, a reasonable officer could have believed that there was probable cause to arrest Plaintiff for some offense. Brown v. City of Huntsville, Ala., 608 F.3d 724, 735 (11th Cir. 2010); *see also* District of Columbia v. Wesby, 583 U.S. 48, 54 n.2 (2018)("an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking."). If Plaintiff wanted a trial to prove his innocence, he should not have accepted the State's offered diversionary program.

3

## II.    Plaintiff's Response does not Create a Dispute of Material Fact

Plaintiff argues that his affidavit creates a genuine dispute of material fact. As established above, Plaintiff's guilt is not material. Plaintiff does not dispute the authenticity of the body worn camera footage contained in Exhibit B. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). When there is a reliable video recording of disputed events, the Court should "view facts in the light depicted by the video." Davidson v. City of Opelika, 675 Fed Appx 955, 957 (11th Cir. 2017).

Plaintiff's affidavit does not dispute the factual basis Defendants utilized to determine that probable cause existed. Plaintiff does not deny that his victim told Defendants that Plaintiff pushed her into the crib. Plaintiff does not deny that he told Defendants that the incident did not occur. The summary judgment evidence relied upon by Defendants is unchallenged, Plaintiff's affidavit merely attempts to explain away the crime that was the basis of his arrest. Such testimony may have been relevant had Plaintiff given this information to Defendants the night of his arrest, but Plaintiff apparently decided to lie to Defendants instead.

Plaintiff cites Kingsland v. City of Miami for the proposition that "officers may not conduct an investigation in a biased fashion or ignore readily available

4

exculpatory information when assessing probable cause." (Doc. 60, p. 3). Plaintiff fails to establish what more Defendants could have done to investigate the incident. Defendants took statements from both Plaintiff and his victim; both sides were given an opportunity to speak to Defendants. Plaintiff's affidavit does not establish that Defendants ignored his statements or failed to interview other available witnesses (there were none). Plaintiff's affidavit does not establish that Defendants ignored any evidence. The summary judgment evidence irrefutably establishes that Defendants interviewed both the Huntleys. Plaintiff has proffered no evidence establishing a biased investigation or a failure to perform a reasonable investigation. A report from a single victim is enough to establish probable cause. *See* U.S. v. Smith, 318 Fed.Appx 780, 792 (11th Cir. 2009)("We have consistently held that an identification or report from a single, credible victim or eyewitness can provide the basis for probable cause."). Plaintiff complains that Defendants did not believe him, but this claimed disbelief does not destroy probable cause. *See* Smith v. City of Fairburn, Georgia, 679 Fed.Appx 916, 922 (11th Cir. 2017)("Probable cause is not destroyed by a suspect's denial."). As now established by Plaintiff's affidavit, the Defendants were correct to disbelieve Plaintiff's claim that nothing happened because Plaintiff was lying to them.

### III. Plaintiff has not Established any Material Omission in the Probable Cause Affidavit

Plaintiff has not established any material omission in the probable cause affidavit. Plaintiff argues that the versions of the events contained in his affidavit should have been included, but Plaintiff did not provide that information during Defendants' investigation. Plaintiff claims nothing happened, and that denial does not destroy probable cause. Smith 679 Fed.Appx at 922. Plaintiff's response fails to indicate how Tenney-Lamoureaux can possibly be liable for a defective affidavit she neither authored nor signed, Plaintiff simply states that the argument fails without further justification. (Doc. 60, p. 5).

### IV. Conclusion

Plaintiff's response fails to create a genuine dispute of material fact as to whether arguable probable cause existed for Plaintiff's arrest. Ms. Huntley reported that her husband pushed her into their child's crib, and Mr. Huntley lied to the Deputies and claimed that nothing happened. Plaintiff cannot defeat probable cause by the submission of an affidavit containing statements he did not tell Defendants during their investigation. All the affidavit establishes is that he lied during the investigation when he told Defendants nothing happened. Defendants were not required to give Plaintiff's lies more weight than his victim's sworn statements. There was at the very minimum arguable probable cause for Plaintiff's arrest and Defendants are entitled to qualified immunity.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2026, I electronically submitted the foregoing with the Clerk of the Court using the CM/ECF system, who will send electronic notice to all parties.

/s/Jeffrey D. Jensen - Trial Counsel
JEFFREY D. JENSEN, ESQUIRE
Attorney for Defendants
Post Office Box 3371
Tampa, Florida 33601
(813) 247-8102
(813) 242-1817 (Facsimile)
Electronic Mail: jjensen@teamhcso.com
Florida Bar No.: 021017