**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CONNOR HUNTLEY,
      Plaintiff,

v.                                                          Case No.: 8:25-cv-1318-MSS-CPT

CPT SYED SALMAN, a deputy sheriff of
Hillsborough County Sheriff's Office,
In his individual and official capacity,
AMELIA J. TNNEY-LAMOUREUX,
A deputy sheriff of Hillsborough County
Sheriff's Office, in his individual capacity
And official capacity, And CHAD
CHRONISTER, in his official Capacity as
Sheriff of Hillsborough County,
      Defendants.
_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY DURING PENDENCY OF MOTION FOR SUMMARY JUDGMENT ASSERTING QUALIFIED IMMUNITY

Plaintiff Connor Huntley, by and through undersigned counsel, files this Response in Opposition to Defendants Syed Salman and Amelia J. Tenney-Lamoureux's Motion to Stay Discovery During Pendency of Motion for Summary Judgment Asserting Qualified Immunity and states:

### I. INTRODUCTION

Defendants seek the extraordinary relief of a blanket stay of discovery based on little more than the general proposition that qualified immunity protects public officials from unnecessary litigation burdens. Defendants, however, do not identify any particular discovery request that is oppressive, disproportionate, duplicative, or unduly burdensome. Nor do they explain why

1

all discovery—including discovery directed toward governmental policies, institutional records, third parties, and official-capacity claims—must be halted merely because two individual Defendants have asserted qualified immunity.

The assertion of qualified immunity does not automatically suspend the Federal Rules of Civil Procedure. Defendants remain obligated to establish good cause for the specific stay they request. Their four-page motion offers only generalized conclusions and fails to address the substantial prejudice that a complete stay would cause Plaintiff, including delay, loss of evidence, fading witness memories, and disruption of the orderly progression of this case.

Defendants' request is particularly overbroad because qualified immunity applies only to claims against governmental officials in their individual capacities. It does not immunize governmental entities or official-capacity defendants from discovery. Defendants therefore cannot use an individual immunity defense as a procedural weapon to halt discovery concerning claims and parties to which qualified immunity does not apply.

The Motion should be denied. Alternatively, any stay should be narrowly limited to discovery directed personally to Salman and Tenney-Lamoureux concerning matters unrelated to resolution of their asserted immunity defense, while permitting institutional, third-party, preservation, and official-capacity discovery to proceed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes a protective order only upon a showing of good cause. The party requesting a stay bears the burden of

2

demonstrating the necessity, appropriateness, and reasonableness of the requested relief.

In *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997), the Court explained that discovery stays pending resolution of dispositive motions are generally disfavored because delayed discovery creates case-management problems, increases expenses, and impedes the Court's obligation to move cases toward resolution. The Court must balance the harm caused by delay against the possibility that the pending motion will eliminate the need for discovery.

Similarly, in *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006), the Court held that a party seeking to stay discovery must demonstrate both good cause and the reasonableness of the requested stay. Generalized claims of litigation expense are not enough.

The Eleventh Circuit has likewise rejected any suggestion that the mere filing of a dispositive motion automatically requires discovery to cease. In *Taser International, Inc. v. Phazzer Electronics, Inc.*, 754 F. App'x 955, 960 (11th Cir. 2018), the court explained that its precedent does not require discovery to be stayed whenever a potentially dispositive motion is pending. Instead, the relevant inquiry is whether permitting discovery to proceed would impose undue costs while a clearly meritorious and case-dispositive motion remains unresolved.

Defendants have not satisfied that standard.

### III. ARGUMENT

**A. DEFENDANTS HAVE NOT ESTABLISHED GOOD CAUSE FOR A BLANKET STAY**

3

Defendants' Motion contains no particularized showing of prejudice or undue burden. It does not identify any discovery request currently pending, estimate the alleged cost of compliance, explain the personnel or resources required, or show why less restrictive relief would be inadequate.

Instead, Defendants merely assert that discovery generally imposes expense and burden. That assertion could be made in virtually every civil action. If such a conclusory statement were sufficient, discovery would automatically stop whenever a public employee asserted qualified immunity. That is not the law.

Under *Feldman*, the Court must balance the harm caused by delay against the likelihood that the pending motion will entirely eliminate the need for discovery. 176 F.R.D. at 652–53. Defendants do not perform that analysis. They simply assume that their motion for summary judgment will prevail and that no further discovery could have any legitimate purpose.

That assumption is unsupported. Plaintiff has opposed summary judgment with a sworn declaration disputing Defendants' factual narrative. The summary-judgment motion therefore requires the Court to evaluate a disputed record rather than resolve a purely abstract question of law. The existence of those disputed facts weighs against imposing a complete discovery freeze.

## B. QUALIFIED IMMUNITY DOES NOT AUTOMATICALLY STAY DISCOVERY

Plaintiff does not dispute that qualified immunity protects eligible public officials from unnecessarily broad litigation burdens. But immunity from

4

unnecessary burdens is not equivalent to an automatic stay of every discovery obligation in the entire case.

*Taser International* makes clear that precedent encouraging prompt resolution of dispositive motions does not create a categorical rule requiring discovery to stop. 754 F. App'x at 960. A stay remains discretionary and must be supported by an actual showing that it is necessary and appropriately tailored.

Defendants have not shown that responding to limited and proportional discovery would prevent the Court from promptly adjudicating their qualified-immunity defense. Their summary-judgment motion is already fully briefed. Thus, discovery will not delay the submission of that motion, alter its briefing schedule, or prevent the Court from deciding it.

Defendants' argument is therefore internally inconsistent. They contend that Plaintiff requires no discovery to respond because the motion is fully briefed, but simultaneously seek to stop all discovery in the case, including discovery unrelated to the already-submitted briefing. Once the qualified-immunity motion became ripe, a complete stay was no longer necessary to protect the briefing process.

## C. THE REQUESTED STAY IS IMPROPERLY BROAD BECAUSE QUALIFIED IMMUNITY DOES NOT APPLY TO OFFICIAL-CAPACITY OR MUNICIPAL CLAIMS

Qualified immunity is a personal defense available to eligible governmental officials sued in their individual capacities. It is not available to municipalities or to defendants sued in their official capacities.

In *Swint v. City of Wadley*, 51 F.3d 988, 1001 (11th Cir. 1995), the Eleventh Circuit confirmed that municipalities cannot assert qualified immunity as a defense to liability under 42 U.S.C. § 1983. See also *Owen v. City of Independence*, 445 U.S. 622, 638 (1980).

Yet Defendants seek an undifferentiated stay of "discovery," without limiting their request to discovery personally directed to the individual Defendants or to issues bearing on their personal liability. The proposed stay would necessarily impede discovery concerning:

1. HCSO policies and procedures governing domestic-violence investigations and arrests;

2. Training provided to deputies concerning probable cause and warrantless arrests;

3. Body-worn camera footage, dispatch records, arrest reports, and agency records;

4. Internal review and ratification of Plaintiff's arrest;

5. Official-capacity and municipal-liability issues;

6. Third-party witnesses and evidence; and

7. Preservation of electronically stored information and other evidence.

None of those categories is automatically insulated by Salman's or Tenney-Lamoureux's personal assertion of qualified immunity. Defendants cannot extend a personal immunity defense to other parties, governmental records, or claims for which qualified immunity is categorically unavailable.

6

## D. A BLANKET STAY WOULD UNFAIRLY PREJUDICE PLAINTIFF AND DISRUPT THE CASE SCHEDULE

Defendants summarily assert that Plaintiff will suffer no prejudice because the summary-judgment motion is fully briefed. That misses the point. Discovery serves purposes beyond briefing one motion.

Delay creates a material risk that witness recollections will fade, relevant electronically stored information will become more difficult to retrieve, records will be lost or overwritten, and the remaining deadlines will become compressed. Plaintiff is entitled to pursue his claims in an orderly manner and to develop the evidentiary record necessary for trial and any remaining dispositive proceedings.

As *Feldman* recognizes, prolonged discovery delays create case-management problems and unnecessary litigation expense. 176 F.R.D. at 652. Defendants identify no unusual circumstance that outweighs those concerns.

Moreover, because Defendants' summary-judgment motion is already fully briefed, continuing discovery will not interfere with their opportunity to obtain an early ruling on qualified immunity. The Court may resolve that motion whenever it deems appropriate while discovery proceeds on claims, parties, and subjects outside the legitimate scope of the asserted immunity.

## E. DEFENDANTS' AUTHORITIES DO NOT JUSTIFY THE BREADTH OF THE RELIEF REQUESTED

Defendants cite decisions recognizing that courts may stay discovery while resolving qualified immunity. Plaintiff does not dispute that courts possess such

7

discretion. But discretionary authority to enter a stay does not establish entitlement to one in every case.

The cited decisions do not relieve Defendants of their burden under Rule 26(c) to demonstrate good cause for the actual relief sought. Nor do they authorize a stay broader than necessary to protect the individual Defendants' immunity interests.

Defendants' Motion never analyzes whether the requested stay is appropriately limited. It never distinguishes discovery directed personally to the individual Defendants from discovery directed to HCSO, Sheriff Chronister, third parties, or institutional records. It never considers whether targeted discovery could proceed without imposing any personal burden on Salman or Tenney-Lamoureux.

A blanket stay is therefore not narrowly tailored to the asserted justification and should be denied.

## F. ALTERNATIVELY, ANY STAY SHOULD BE STRICTLY LIMITED

Should the Court determine that some protection is warranted, Plaintiff respectfully requests that the Court reject Defendants' request for a complete stay and instead enter a narrowly tailored order:

1.  Permitting written discovery and subpoenas directed to governmental entities, custodians, and third parties;

2.  Permitting production of body-worn camera footage, dispatch records, reports, policies, procedures, training materials, internal-review records, and electronically stored information;

3. Permitting discovery relevant to official-capacity and municipal-liability claims;

4. Requiring all parties and relevant governmental entities to preserve potentially discoverable evidence;

5. Allowing discovery necessary to authenticate or explain evidence submitted in support of or opposition to summary judgment; and

6. Temporarily deferring only depositions or burdensome personal discovery directed specifically to Salman and Tenney-Lamoureux until the Court resolves their asserted immunity defense.

Such relief would protect any legitimate immunity interest without unnecessarily paralyzing the entire case.

## IV. CONCLUSION

Defendants have not established good cause for the sweeping stay they demand. Their Motion relies on generalized assertions about litigation burden, identifies no specific discovery that is oppressive, fails to address less restrictive alternatives, and improperly attempts to extend a personal qualified-immunity defense to institutional, official-capacity, and third-party discovery.

Qualified immunity is not an automatic license to suspend the Federal Rules of Civil Procedure. Because Defendants have failed to demonstrate that a complete stay is necessary, reasonable, or appropriately tailored, their Motion should be **DENIED**.

Alternatively, any stay should be strictly limited to burdensome personal discovery directed specifically to Salman and Tenney-Lamoureux, while all

institutional, third-party, preservation, official-capacity, and municipal-liability discovery proceeds.

WHEREFORE, Plaintiff Connor Huntley respectfully requests that this Court deny Defendants' Motion to Stay Discovery or, alternatively, enter a narrowly tailored order permitting discovery unrelated to any personal burden on Defendants Salman and Tenney-Lamoureux, and grant such other relief as the Court deems just and proper.

Dated: July 28, 2026

Respectfully submitted,

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI
Florida Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
Mount Dora, Florida 32757
Telephone: (352) 455-2928
**Lead Counsel for Plaintiffs'**


/s/ *Gavin B. Rollins*
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892
**Co-Counsel for Plaintiffs'**


## CERTIFICATE OF SERVICE

I certify that on 6.28.2026, I caused a true and correct copy of the foregoing to be filed via CM/ECF, which will serve all counsel of record.

10

*/s/ Anthony F. Sabatini*

11