UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNOR HUNTLEY,

      Plaintiffs,

v.                          Case No: 8:25-cv-1318-MSS-CPT

SHERIFF CHAD CHRONISTER, et
al.,

      Defendants.

_____

## ORDER

This matter is before the Court on Defendant Sheriff Chad Chronister's Opposed Motion to Dismiss Plaintiff's Second Amended Complaint, (Dkt. 52), and Plaintiff's response in opposition. (Dkt. 57) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendant's motion.

## I.    BACKGROUND

Plaintiff Connor Huntley sues Defendant Chad Chronister in his official capacity as Sheriff of Hillsborough County, Florida. (Dkt. 47) Plaintiff also sues Defendant Syed Salman and Defendant Amelia J. Tenney-Lamoureux, two individual deputy sheriffs with the Hillsborough County Sheriff's Office. (Id.) Plaintiff alleges Deputy Salman and Deputy Tenney-Lamoureux arrested him without probable cause in violation of the Fourth Amendment to the U.S. Constitution. Plaintiff alleges this arrest occurred due to a HCSO policy requiring deputies to "make an arrest" anytime

there is a domestic dispute, despite a lack of evidence supporting probable cause. (Id.)

As a result, Plaintiff initiated this action. Plaintiff's Second Amended Complaint brings three claims pursuant to 42 U.S.C. § 1983: (1) unlawful seizure/arrest against Defendants Salman and Tenney-Lamoureux; (2) a Monell claim against Defendant Chronister; (3) a "judicial deception" claim against Defendants Salman and Tenney-Lamoureux; and (4) a claim for declaratory relief against all Defendants (Id.) Defendant Chronister now moves to dismiss Counts II and IV of the Second Amended Complaint.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint that fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to assert a facially plausible claim for relief. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (per curiam). A claim is facially plausible when it raises "'a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Miyahira v. Vitacost.com, Inc., 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

## III.    DISCUSSION

Plaintiff's Monell claim is factually insufficient, inadequately pled, and must be dismissed for failure to state a recognizable legal claim. Wholly absent from Plaintiff's Second Amended Complaint is any connection between a specific policy,

practice, custom, training, supervision, and/or disciplinary practice of the Sheriff and the conduct of the Hillsborough County Sheriff's Office deputies involved in this case.

Count II of the Second Amended Complaint alleges the Sheriff had "flawed and illegal HCSO Policies in existence [that] instructed deputies to make unlawful arrests in situations like that described above, where no probable cause for a crime exists." (Doc. 47)[1] To support such an allegation, a so-called Monell claim, a Plaintiff must identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Monell clearly places the burden squarely on the plaintiff who seeks to hold an entity liable pursuant to § 1983 to "identify a municipal 'policy' or 'custom' that caused his injury." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). For the county or local government entity to be liable, the custom or policy must be the moving force of the constitutional violation at issue.

Simply alleging a policy or custom exists is not enough to satisfy Rule 8(a)(2) and the requisite pleading standards. Lordeus v. Miami-Dade Cnty., 263 F. Supp. 3d 1307, 1310–11 (S.D. Fla. 2017). District courts have repeatedly rejected the attempts of plaintiffs to merely allege policies and procedures without factual allegations and dismissed complaints that use this tactic to establish municipal liability. See, e.g., Campbell v. City of Jacksonville, No. 3:17-cv-914-J-34JRK, 2018 WL 1463325, at *15

---

[1] Plaintiff Huntley appears to be quoting the Sheriff's policies but does not identify the source of the quote.

(M. D. Fla. Mar 23, 2018). Simply placing quote marks around conclusory allegations without directing the Court's or Defendant's attention to the challenged policy does not suffice to plead a <u>Monell</u> claim. In sum, Plaintiff's Second Amended Complaint fails at establishing Monell liability under the "policy, custom or practice" theory by reference to a stated policy.

Secondly, Plaintiff's Second Amended Complaint fails to establish in lieu of such policy, that any of the Sheriff's practices are "so permanent and well settled as to constitute a 'custom or usage' with the force of law" or identify any "persistent and widespread practice," that is, a practice that is "so settled and permanent that it takes on the force of the law." <u>McDowell v. Brown</u>, 392 F.3d 1283, 1290 (11th Cir. 2004). Reliance on one incident, as pled in Plaintiff's Second Amended Complaint, is not enough to meet the necessary threshold to establish a "custom or policy" theory of liability under <u>Monell</u>. "Random acts or isolated incidents are usually insufficient to establish a custom or policy." <u>Gomez v. Metro Dade County</u>, 801 F. Supp. 674, 679 (S.D. Fla. 1992) (citing <u>Depew v. City of St. Mary's, Ga.</u>, 787 F.2d 1496, 1499 (11th Cir. 1986)). "Considerably more" than a single incident that forms the basis of a lawsuit is required to "establish both the requisite fault on the part of the municipality and the causal connection between the 'policy' and the constitutional deprivation." <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 (1985). Accordingly, Count II, seeking to establish liability based on "custom, practice and policy" against the Sheriff, is **DISMISSED**.

4

Plaintiff's failure to supervise claim fares no better. To successfully establish liability under this theory, a plaintiff is required to allege a causal connection between the Sheriff's actions and the alleged constitutional deprivation. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). To establish the necessary causal connection, Plaintiff must allege that the (1) the sheriff knew about and failed to correct a widespread history of abuse or (2) Sheriff's custom or policy resulted in a constitutional violation; (3) the Sheriff directed a subordinate to act unlawfully or knew the subordinate would act unlawfully and failed to stop him. Harrison v. Culliver, 746 F. 3d 1288, 1298 (11th Cir. 2014). To state a claim for relief based on a failure to supervise, the "widespread abuse" must be "obvious, flagrant, rampant and of continued durations, rather than isolated occurrences." West v. Tillman, 496 F. 3d 1321, 1329 (11th Cir. 2007) (quoting Hartley, 193 F.3d at 1269).

The Second Amended Complaint contends the Sheriff failed "to train and supervise deputies regarding probable cause determinations" and that "HCSO's policy, practice, or custom and the failure to train and supervise with deliberate indifference were the moving forces behind the violation of Plaintiff's Fourth Amendment rights." (Doc. 47). Plaintiff's Second Amended Complaint provides no factual basis alleging the Sheriff personally participated in the investigation of

5

Huntley's domestic abuse allegations or the decision to effectuate the eventual arrest. Moreover, the Second Amended Complaint fails to establish the factual basis necessary to plead rampant and/or continued abuse in the Sheriff's office and relies solely on the incident that forms the basis for this claim to support an assertion of rampant and continued abuse. This is plainly insufficient to establish liability under Monell.

Finally, the Court finds that Declaratory Relief is not Appropriate in this case. Plaintiff's Second Amended Complaint describes a single arrest that occurred on January 1, 2023, more than three years ago. Plaintiff alleges no facts supporting an ongoing controversy. The prosecution of this single event was apparently resolved through pretrial diversion. To be entitled to declaratory relief, there must be a substantial continuing controversy between parties having adverse legal interests. Emory v. Peeler, 756 F.2d 1547, 1551–52 (11th Cir. 1985). There is no such ongoing controversy pleaded in this case. Accordingly, Count IV is also **DISMISSED**.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Sheriff Chad Chronister's Opposed Motion to Dismiss Plaintiff's Second Amended Complaint, (Dkt. 52), is **GRANTED.**

2. Counts II and IV of Plaintiff's Second Amended Complaint are **DISMISSED**.

3. The Clerk is directed to **ENTER JUDGMENT** in favor of

Defendant Sheriff Chad Chronister and **CLOSE THE CASE**.

**DONE** and **ORDERED** in Tampa, Florida this 5th day of August 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party