**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CONNOR HUNTLEY,

Plaintiff,

v. Case No.: 8:25-cv-1318-MSS-CPT

HILLSBOROUGH COUNTY SHERIFF'S OFFICE; CHAD CHRONISTER, in his official capacity as Sheriff of Hillsborough County; SYED SALMAN, in his individual capacity; AMELIA J. TENNEY-LAMOUREUX in her individual capacity; REED A. SERVICE, in his individual capacity; BRANDON M. GHABBOUR in his individual capacity; ROSEANNA MARIE WRIGHT in her individual capacity; NATASHA JACKSON, in her individual capacity; ALEXANDER WILDE, in his individual capacity; ROBERT FIGUEROA, in his individual capacity; and GREGORY TINDALL, in his individual capacity,

Defendants.

_________________________________/

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that Plaintiff, **CONNOR HUNTLEY**, by and through undersigned counsel, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the final judgment entered in this action on August 5, 2026, and from all adverse orders and rulings that merge into that judgment, including:

1. The Court's August 5, 2026 Order granting Defendant Sheriff Chad Chronister's Opposed Motion to Dismiss Plaintiff's Second Amended Complaint, Dkt. 67; and
2. The Court's August 5, 2026 Order granting Defendants Deputy Syed Salman and Deputy Amelia J. Tenney-Lamoureux's Motion for Summary Judgment, Dkt. 68.

Plaintiff appeals all portions of the final judgment and underlying orders adverse to him.

Dated: August 31, 2026.

Respectfully Submitted,

/s/ *Anthony Sabatini*
ANTHONY SABATINI, ESQ.
Sabatini Law Firm, P.A.
FL Bar 1018163
1601 E. First Avenue
Mount Dora, FL 32757
(352)-455-2928
anthony@sabatinilegal.com

/s/ *Gavin B. Rollins*
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CONNOR HUNTLEY,**

**Plaintiffs,**

**v.** **Case No: 8:25-cv-1318-MSS-CPT**

**SHERIFF CHAD CHRONISTER, et al.,**

**Defendants.**

---

**ORDER**

This matter is before the Court on Defendants Deputy Syed Salman and Deputy Amelia Tenney-Lamoureux's Motion for Summary Judgment, (Dkt. 51), Plaintiff's Response in Opposition, (Dkt. 60), and Defendants Salman and Tenney-Lamoureux's Reply. (Dkt. 61) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' motion.

## I. BACKGROUND

Deputy Salman is a certified law enforcement officer and employed as a deputy sheriff by the Hillsborough County Sheriff's Office. (Dkt. 51-1) Deputy Tenney-Lamoureux is employed as a deputy sheriff by the Hillsborough County Sheriff's Office. (Dkt. 47 at ¶ 3) On January 1, 2023, in response to a call for service regarding an allegation of domestic violence, the Deputies arrived at Plaintiff's home that he shared with his wife and young child. In the course of the investigation, Tatiana Huntley, Plaintiff's former wife, provided the deputies with an oral sworn statement

that her husband, Plaintiff Connor Huntley, pushed her against her will, and she provided a written statement to that effect. (Dkts. 47, 51-1) When Deputy Salman interviewed Plaintiff, he denied that the incident occurred. The Officers never asked him to provide a sworn statement of denial. Based upon the totality of the circumstances, Deputy Salman determined that there was probable cause to arrest Connor Huntley for simple battery. Deputy Salman completed an arrest affidavit, which was consistent with the victim's statements. The affidavit included Plaintiff's denials. (Dkt. 51-1) Deputy Tenney-Lamoureux was an assisting officer. She did not sign the arrest affidavit but did concur that probable cause existed to support the arrest of Connor Huntley. Plaintiff was therefore arrested. Ultimately, the charges were dismissed upon Plaintiff's agreeing to participate in a pretrial diversion program.

Now Plaintiff sues the individual deputies and Chad Chronister, Sheriff of the Hillsborough County Sheriff's Office. As relevant for purposes of this motion, Plaintiff's Second Amended Complaint brings three claims against the individual deputies: (1) unlawful seizure/arrest in violation of 42 U.S.C. § 1983; (2) "judicial deception" in violation of 42 U.S.C. § 1983; and (3) a claim for declaratory relief. (Id.) Deputy Salman and Deputy Tenney-Lamoureux now move for summary judgment on Counts I and III of the Second Amended Complaint.[1]

[1] An earlier Order dismissed Counts II and IV of the Amended Complaint. (Dkt. 67)

## II. STANDARD OF REVIEW

Summary judgment is appropriate if all the pleadings, discovery, affidavits, and disclosure materials on file show there is no genuine disputed issue of material fact, and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a) and (c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). A fact is material if it is a legal element of the claim that may affect the outcome under the substantive governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). A dispute about a material fact is "genuine" if a reasonable jury could find for the non-moving party. Anderson, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, the court must view the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007).

The non-moving party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. Crawford-El v. Britton, 523 U.S. 574, 600 (1998). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a

summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) (citing Bald Mtn. Park, Ltd. v. Oliver, 836 F.2d 1560, 1563 (11th Cir. 1989)). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 252).

## III. DISCUSSION

Plaintiff sues Deputy Salman and Deputy Tenney-Lamoureux, claiming that the arrest violated his constitutional rights under the Fourth Amendment to the U.S. Constitution. Deputy Salman and Deputy Tenney-Lamoureux move for summary judgment on qualified immunity grounds. Plaintiff asserts generally that factual issues, including, in particular, his denials of the allegations made by his now former wife, would preclude a jury from concluding that Plaintiff committed the acts for which he was arrested or that law enforcement had probable cause to arrest him for the charges. He contends, therefore, that the officers' demands for qualified immunity should be denied. The Court, having considered the Parties' respective arguments and being otherwise fully advised, orders that the motion summary judgment on the basis of qualified immunity is **GRANTED**.

To begin with, the matter of probable cause is determined based on the totality of the circumstances *at the time of an arrest*. Garcia v. Casey, 75 F.4th 1176, 1187–88 (11th Cir. 2023). They are not viewed at a later point in time when an arrested individual might elect to offer a different explanation for the facts surrounding his

arrest. For this reason, the Court is compelled to disregard anything in Plaintiff's sworn declaration as to the facts and circumstances of the events he now recounts that were not relayed at the time of the arrest.

Specifically, he now contends that after law enforcement first engaged him and his wife concerning a domestic issue earlier in the evening, they were called again to the home by his wife. During this second interaction he says in his declaration attached to the response to the motion:

> 10. "I had possession of the keys." In the bodycam video, however, Plaintiff denied he was holding the keys, advising that they were on a countertop or shelf in the home.
>
> 11. "Tatiana Huntley followed me and attempted to take the keys from me." Again, Plaintiff said that he did not have the keys.
>
> 12. "I moved away from Tatiana Huntley in an effort to disengage from the situation." On video, Plaintiff advised the Officers that there was no confrontation over the keys after the first interaction with law enforcement earlier in the evening. He claimed instead that he had simply gone to lie down to avoid any interaction with the victim.
>
> 13. "Tatiana Huntley continued attempting to take the keys from me." Again, Plaintiff told the officers that there was no confrontation over the keys.
>
> 14. "As Tatiana Huntley continued to pursue me, I extended my hand outward to maintain distance and prevent further contact." Again,

> Plaintiff advised law enforcement that there was no confrontation over the keys and that he did not have any physical aggression towards the victim.
>
> 15. "During this interaction, Tatiana Huntley made contact with the crib." Here, Plaintiff admits their altercation caused the victim to bump into the crib, yet he told law enforcement officers on the scene that there was no altercation at all.

(Dkt. 57 at 9)

On this motion Plaintiff argues that if the victim's statements were considered against his sworn statements, a jury could find that he did not batter the victim and that there was no probable cause for the arrest. In this regard, Plaintiff is conflating a finding of probable cause with a finding of liability. If this matter were to proceed to trial, it is possible that a jury might find that Plaintiff's current explanation is more credible than his former spouse's statement on the date of the arrest. But the matter to be decided on a demand for qualified immunity is whether there was probable cause or arguable probable cause to arrest the Plaintiff at the time and on the basis of the evidence then available to law enforcement. The Court does not look forward in time to a plausible (or implausible) explanation that the Plaintiff may now be offering.

The facts the officers knew at the time were as follows: Police officers had made contact with the couple earlier in the evening and had admonished them to calm down so that law enforcement would not be called back again. The victim made the following written statement at the end of the second encounter:

> [At the conclusion of the first domestic call on the evening of the arrest,] the police officer offered us to be separated for a night. My husband Connor didn't want to leave, he had to work in the morning. And after some argument, I decided to leave and go to my friends (Clarks), but my husband took the key and put them in his underwear. I saw this and tried to take this, but he pushed me to get away from me and I fell on the crib with my left hand and after he tried to pull me so I moved the crib with a baby (fortunately, the baby is fine). And after this I called the police the second time. I recorded proofs of happened situation [sic] on my phone.

(Dkt 51-1 at 6–7)

Plaintiff denied that any sort of altercation or engagement occurred. Specifically, he never told officers that he was attempting to leave to avoid further confrontation when he struggled with the alleged victim to retrieve the keys or that the resulting affray caused the victim to bump into the bassinet. He never told officers that he merely placed his hand out in the direction of the victim to de-escalate the situation. He simply denied that anything occurred. Even after being told what the victim had recounted, Plaintiff continued to offer categorical denials that any sort of negative or physical interaction occurred after the first officers left the home.

Apparently, considering the totality of the circumstances, law enforcement determined that the victim was more credible and decided that probable cause supported the Plaintiff's arrest. Consequently, officers executed an affidavit and secured an arrest warrant, and Plaintiff was arrested pursuant to that warrant.

"Qualified immunity is a defense not only from liability, but also from suit, so courts should ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." Gilmore v. Hodges, 738 F.3d 266, 272 (11th Cir. 2013). When successfully invoked, qualified immunity shields from civil liability government

officials who perform discretionary functions. Nolin v. Isbell, 207 F.3d 1253, 1255 (11th Cir. 2000) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). If an official was acting within his discretionary authority, then the burden shifts to the plaintiff to establish that the official is not entitled to immunity. Skop v. City of Atlanta, Ga., 485 F.3d 1130, 1136 (11th Cir. 2007).

Once the burden shifts, the plaintiff must show that (1) the defendant violated a constitutional right; and (2) the right was clearly established at the time of the alleged violation. Id. To be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Qualified immunity will shield the defendant official from civil liability if a plaintiff fails either prong of the analysis. Underwood v. City of Bessemer, 11 F.4th 1317, 1328 (11th Cir. 2021) (citing Pearson v. Callahan, 555 U.S. 223, 242 (2009)).

Here, Deputy Salman and Tenney-Lamoureux were acting within their discretionary authority as law enforcement officers. See, e.g., Hinson v. Bias, 927 F.3d 1103, 1116 (11th Cir. 2019) ("Defendant Officers readily satisfied [the discretionary authority requirement], as they undertook all the challenged actions while on duty as police officers conducting arrest and investigative functions."). Thus, Plaintiff has the burden of establishing that Defendants violated his constitutional rights and that such rights were clearly established. Plaintiff has failed to meet the first requirement to show that his constitutional rights were violated. The Court finds that these facts sufficiently supported a finding of probable cause and more than sufficiently established arguable

probable cause. Arrests based on probable cause do not violate the Constitution. See Gates v. Khokhar, 884 F.3d 1290, 1297 (11th Cir. 2018) (stating that "the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest"); see also Hunter v. Bryant, 502 U.S. 224, 227 (1991) ("Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."). As such, Plaintiff's arrest was not unconstitutional, and the Officers are entitled to qualified immunity.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants Deputy Syed Salman and Deputy Amelia Tenney-Lamoureux's Motion for Summary Judgment, (Dkt. 51), is **GRANTED.**
2. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendants Syed Salman and Amelia Tenney-Lamoureux.
3. The Clerk is directed to **TERMINATE** any pending motions and deadlines and **CLOSE THE CASE**.

**DONE** and **ORDERED** in Tampa, Florida this 5th day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CONNOR HUNTLEY,**

**Plaintiffs,**

**v.** **Case No: 8:25-cv-1318-MSS-CPT**

**SHERIFF CHAD CHRONISTER, et al.,**

**Defendants.**

---

## ORDER

This matter is before the Court on Defendant Sheriff Chad Chronister's Opposed Motion to Dismiss Plaintiff's Second Amended Complaint, (Dkt. 52), and Plaintiff's response in opposition. (Dkt. 57) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendant's motion.

## I. BACKGROUND

Plaintiff Connor Huntley sues Defendant Chad Chronister in his official capacity as Sheriff of Hillsborough County, Florida. (Dkt. 47) Plaintiff also sues Defendant Syed Salman and Defendant Amelia J. Tenney-Lamoureux, two individual deputy sheriffs with the Hillsborough County Sheriff's Office. (Id.) Plaintiff alleges Deputy Salman and Deputy Tenney-Lamoureux arrested him without probable cause in violation of the Fourth Amendment to the U.S. Constitution. Plaintiff alleges this arrest occurred due to a HCSO policy requiring deputies to "make an arrest" anytime

there is a domestic dispute, despite a lack of evidence supporting probable cause. (Id.)

As a result, Plaintiff initiated this action. Plaintiff's Second Amended Complaint brings three claims pursuant to 42 U.S.C. § 1983: (1) unlawful seizure/arrest against Defendants Salman and Tenney-Lamoureux; (2) a Monell claim against Defendant Chronister; (3) a "judicial deception" claim against Defendants Salman and Tenney-Lamoureux; and (4) a claim for declaratory relief against all Defendants (Id.) Defendant Chronister now moves to dismiss Counts II and IV of the Second Amended Complaint.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint that fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to assert a facially plausible claim for relief. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (per curiam). A claim is facially plausible when it raises "'a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Miyahira v. Vitacost.com, Inc., 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

## III. DISCUSSION

Plaintiff's Monell claim is factually insufficient, inadequately pled, and must be dismissed for failure to state a recognizable legal claim. Wholly absent from Plaintiff's Second Amended Complaint is any connection between a specific policy,

practice, custom, training, supervision, and/or disciplinary practice of the Sheriff and the conduct of the Hillsborough County Sheriff's Office deputies involved in this case.

Count II of the Second Amended Complaint alleges the Sheriff had "flawed and illegal HCSO Policies in existence [that] instructed deputies to make unlawful arrests in situations like that described above, where no probable cause for a crime exists." (Doc. 47)[1] To support such an allegation, a so-called Monell claim, a Plaintiff must identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Monell clearly places the burden squarely on the plaintiff who seeks to hold an entity liable pursuant to § 1983 to "identify a municipal 'policy' or 'custom' that caused his injury." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). For the county or local government entity to be liable, the custom or policy must be the moving force of the constitutional violation at issue.

Simply alleging a policy or custom exists is not enough to satisfy Rule 8(a)(2) and the requisite pleading standards. Lordeus v. Miami-Dade Cnty., 263 F. Supp. 3d 1307, 1310–11 (S.D. Fla. 2017). District courts have repeatedly rejected the attempts of plaintiffs to merely allege policies and procedures without factual allegations and dismissed complaints that use this tactic to establish municipal liability. See, e.g., Campbell v. City of Jacksonville, No. 3:17-cv-914-J-34JRK, 2018 WL 1463325, at *15

[1] Plaintiff Huntley appears to be quoting the Sheriff's policies but does not identify the source of the quote.

(M. D. Fla. Mar 23, 2018). Simply placing quote marks around conclusory allegations without directing the Court's or Defendant's attention to the challenged policy does not suffice to plead a Monell claim. In sum, Plaintiff's Second Amended Complaint fails at establishing Monell liability under the "policy, custom or practice" theory by reference to a stated policy.

Secondly, Plaintiff's Second Amended Complaint fails to establish in lieu of such policy, that any of the Sheriff's practices are "so permanent and well settled as to constitute a 'custom or usage' with the force of law" or identify any "persistent and widespread practice," that is, a practice that is "so settled and permanent that it takes on the force of the law." McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004). Reliance on one incident, as pled in Plaintiff's Second Amended Complaint, is not enough to meet the necessary threshold to establish a "custom or policy" theory of liability under Monell. "Random acts or isolated incidents are usually insufficient to establish a custom or policy." Gomez v. Metro Dade County, 801 F. Supp. 674, 679 (S.D. Fla. 1992) (citing Depew v. City of St. Mary's, Ga., 787 F.2d 1496, 1499 (11th Cir. 1986)). "Considerably more" than a single incident that forms the basis of a lawsuit is required to "establish both the requisite fault on the part of the municipality and the causal connection between the 'policy' and the constitutional deprivation." Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985). Accordingly, Count II, seeking to establish liability based on "custom, practice and policy" against the Sheriff, is **DISMISSED**.

Plaintiff's failure to supervise claim fares no better. To successfully establish liability under this theory, a plaintiff is required to allege a causal connection between the Sheriff's actions and the alleged constitutional deprivation. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). To establish the necessary causal connection, Plaintiff must allege that the (1) the sheriff knew about and failed to correct a widespread history of abuse or (2) Sheriff's custom or policy resulted in a constitutional violation; (3) the Sheriff directed a subordinate to act unlawfully or knew the subordinate would act unlawfully and failed to stop him. Harrison v. Culliver, 746 F. 3d 1288, 1298 (11th Cir. 2014). To state a claim for relief based on a failure to supervise, the "widespread abuse" must be "obvious, flagrant, rampant and of continued durations, rather than isolated occurrences." West v. Tillman, 496 F. 3d 1321, 1329 (11th Cir. 2007) (quoting Hartley, 193 F.3d at 1269).

The Second Amended Complaint contends the Sheriff failed "to train and supervise deputies regarding probable cause determinations" and that "HCSO's policy, practice, or custom and the failure to train and supervise with deliberate indifference were the moving forces behind the violation of Plaintiff's Fourth Amendment rights." (Doc. 47). Plaintiff's Second Amended Complaint provides no factual basis alleging the Sheriff personally participated in the investigation of

Huntley's domestic abuse allegations or the decision to effectuate the eventual arrest. Moreover, the Second Amended Complaint fails to establish the factual basis necessary to plead rampant and/or continued abuse in the Sheriff's office and relies solely on the incident that forms the basis for this claim to support an assertion of rampant and continued abuse. This is plainly insufficient to establish liability under Monell.

Finally, the Court finds that Declaratory Relief is not Appropriate in this case. Plaintiff's Second Amended Complaint describes a single arrest that occurred on January 1, 2023, more than three years ago. Plaintiff alleges no facts supporting an ongoing controversy. The prosecution of this single event was apparently resolved through pretrial diversion. To be entitled to declaratory relief, there must be a substantial continuing controversy between parties having adverse legal interests. Emory v. Peeler, 756 F.2d 1547, 1551–52 (11th Cir. 1985). There is no such ongoing controversy pleaded in this case. Accordingly, Count IV is also **DISMISSED**.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Sheriff Chad Chronister's Opposed Motion to Dismiss Plaintiff's Second Amended Complaint, (Dkt. 52), is **GRANTED.**
2. Counts II and IV of Plaintiff's Second Amended Complaint are **DISMISSED**.
3. The Clerk is directed to **ENTER JUDGMENT** in favor of

Defendant Sheriff Chad Chronister and **CLOSE THE CASE**.

**DONE** and **ORDERED** in Tampa, Florida this 5th day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

APPEAL,CLOSED,STAYED,TANGIBLE

**U.S. District Court**
**Middle District of Florida (Tampa)**
**CIVIL DOCKET FOR CASE #: 8:25-cv-01318-MSS-CPT**

| | |
|---|---|
| Huntley v. Hillsborough County Sheriff's Office et al<br>Assigned to: Judge Mary S. Scriven<br>Referred to: Magistrate Judge Christopher P. Tuite<br>Case in other court: Eleventh Circuit, 25-12102-J<br>Cause: 42:1983 Civil Rights Act | Date Filed: 05/23/2025<br>Date Terminated: 08/06/2026<br>Jury Demand: Plaintiff<br>Nature of Suit: 440 Civil Rights: Other<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Connor Huntley** | represented by | **Anthony Frank Sabatini**<br>Sabatini Law Firm P.A.<br>1601 E. 1st Ave.<br>Mount Dora, FL 32757<br>352-455-2928<br>Fax: 352-388-5126<br>Email: anthony@sabatinilegal.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Gavin Rollins**<br>Sabatini Law Firm<br>1601 East 1st Avenue<br>Mount Dora, FL 32757<br>352-328-4892<br>Email: gavin@sabatinilegal.com<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Hillsborough County Sheriff's Office**<br>*TERMINATED: 02/24/2026* | represented by | **Jeffrey D. Jensen**<br>Hillsborough County Sheriff's Office<br>P.O. Box 3371<br>Tampa, FL 33601<br>813-247-8102<br>Email: jjensen@teamhcso.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Sheriff Chad Chronister**<br>*in his official capacity as Sheriff of Hillsborough County* | represented by | **Michelle Sylvia Maxwell**<br>Hillsborough County Sheriff's Office<br>Legal Division<br>P.O. Box 3371<br>Tampa, FL 33601 |

813-247-8178
Email: mmaxwell@teamhcso.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D. Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Syed Salman**
*in his individual capacity*

represented by **Michelle Sylvia Maxwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D. Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Amelia J. Tenney-Lamoureux**
*in her individual capacity*

represented by **Michelle Sylvia Maxwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D. Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Reed A. Service**
*in his individual capacity*
*TERMINATED: 02/24/2026*

represented by **Michelle Sylvia Maxwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D. Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brandon M. Ghabbour**
*in his individual capacity*
*TERMINATED: 02/24/2026*

represented by **Michelle Sylvia Maxwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D. Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Office of the State Attorney, 13th Judicial Circuit**
*TERMINATED: 06/26/2025*

**Defendant**

**Susan S. Lopez**
*in her official capacity as State Attorney*
*TERMINATED: 06/26/2025*

represented by **Juliana Tirado**
Florida Attorney General's Office
3507 E Frontage Rd
Suite 200
Tampa, FL 33607
813-577-4526
Email: Juliana.Tirado@myfloridalegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Roseanna Marie Wright**
*in her individual capacity*
*TERMINATED: 02/24/2026*

represented by **Stephanie Pidermann**
Lydecker, LLP
1221 Brickell Avenue
19th Floor
Miami, FL 33131
305-416-3180
Fax: 305-416-3190
Email: sp@lydecker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yina Cabrera**
Lydecker, LLP
1221 Brickell Avenue
Miami, FL 33131
754-244-8070
Email: yc@lydecker.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Natasha Jackson**
*in her individual capacity*
*TERMINATED: 02/24/2026*

represented by **Stephanie Pidermann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yina Cabrera**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alexander Wilde**
*in his individual capacity*
*TERMINATED: 02/24/2026*

represented by **Stephanie Pidermann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yina Cabrera**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Figueroa**
*in his individual capacity*
*TERMINATED: 02/24/2026*

represented by **Michelle Sylvia Maxwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D. Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gregory Tindall**
*in his individual capacity*
*TERMINATED: 02/24/2026*

represented by **Jeffrey D. Jensen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2025 | 1 | COMPLAINT against All Defendants with Jury Demand. Filing fee $405, receipt number TPA72310 filed by Connor Huntley. (Attachments: # 1 Civil Cover Sheet) (LNR) (Additional attachment(s) added on 5/28/2025: # 2 Exhibit) (LNR). (Entered: 05/28/2025) |
| 05/23/2025 | 2 | SUMMONS issued as to Chad Chronister, Robert Figueroa, Brandon M. Ghabbour, Natasha Jackson, Susan S. Lopez, Syed Salman, Reed A. Service, Amelia J. Tenney-Lamoureux, Gregory Tindall, Alexander Wilde, Roseanna Marie Wright. (LNR) Modified text on 5/30/2025 (LNR). (Entered: 05/28/2025) |
| 05/29/2025 | 3 | **NOTICE of Order Referring Case to U.S. Magistrate Judge for IDEAL Program.** See attached Order for important deadlines and information about the IDEAL Program. (AMS) (Entered: 05/29/2025) |
| 06/02/2025 | 4 | NOTICE of Errata by Connor Huntley re 1 Complaint. (GL) (Entered: 06/04/2025) |
| 06/09/2025 | 6 | RETURN of service executed on 6/2/2025 by Connor Huntley as to Chad Chronister. (GL) Modified filing date on 6/11/2025 (GL). (Entered: 06/10/2025) |
| 06/09/2025 | 5 | RETURN of service executed on 6/2/2025 by Connor Huntley as to Gregory Tindall. (GL) (Entered: 06/10/2025) |
| 06/12/2025 | 7 | MOTION for Summary Judgment by Gregory Tindall. (Attachments: # 1 Exhibit A) (Jensen, Jeffrey) (Entered: 06/12/2025) |
| 06/16/2025 | 8 | **ENDORSED ORDER DENYING WITHOUT PREJUDICE 7 Defendant Gregory Tindall's Motion for Summary Judgment as premature. Typically, a motion for summary judgment is premature if filed before discovery has taken place. Accordingly, the Motion is DENIED. Signed by Judge Mary S. Scriven on 6/16/2025. (DEJ)** (Entered: 06/16/2025) |
| 06/16/2025 | 9 | MOTION for Case Management Conference by Connor Huntley. (GL) (Entered: 06/17/2025) |
| 06/16/2025 | 10 | RETURN of service executed on 6/9/2025 by Connor Huntley as to Amelia J. Tenney-Lamoureux. (GL) (Entered: 06/17/2025) |
| 06/16/2025 | 11 | RESPONSE in Opposition re 7 MOTION for Summary Judgment filed by Connor Huntley. (GL) (Entered: 06/17/2025) |

| | | |
|---|---|---|
| 06/16/2025 | 12 | MOTION for Miscellaneous Relief, specifically for Permission to File Electronically by Connor Huntley. (GL) (Entered: 06/17/2025) |
| 06/17/2025 | 13 | NOTICE OF APPEAL as to 8 Order on Motion for Summary Judgment by Gregory Tindall. Filing fee paid AFLMDC-23495710$ 605.00. (Attachments: # 1 Exhibit A) (Jensen, Jeffrey) Modified text to add filing fee payment information on 6/23/2025 (AA). (Entered: 06/17/2025) |
| 06/17/2025 | 14 | MOTION to Stay re 13 Notice of Appeal by Gregory Tindall. (Jensen, Jeffrey) (Entered: 06/17/2025) |
| 06/17/2025 | 15 | MOTION to Dismiss Plaintiff's Complaint by Chad Chronister, Syed Salman, Amelia J. Tenney-Lamoureux. (Maxwell, Michelle) (Entered: 06/17/2025) |
| 06/18/2025 | 16 | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 13 Notice of Appeal. (JOS) (Entered: 06/18/2025) |
| 06/20/2025 | 17 | TRANSCRIPT information form filed by Gregory Tindall re 13 Notice of Appeal. USCA number: 25-12102. No transcript(s) requested. (Jensen, Jeffrey) (Entered: 06/20/2025) |
| 06/23/2025 | 18 | MEMORANDUM in opposition re 14 Motion to Stay filed by Connor Huntley. (GL) (Entered: 06/24/2025) |
| 06/23/2025 | 19 | RETURN of service executed on 6/12/2025 by Connor Huntley as to Syed Salman. (GL) (Entered: 06/24/2025) |
| 06/23/2025 | 20 | RETURN of service executed on 6/12/2025 by Connor Huntley as to Robert Figueroa. (GL) (Entered: 06/24/2025) |
| 06/23/2025 | 21 | RETURN of service executed on 6/16/2025 by Connor Huntley as to Brandon M. Ghabbour. (GL) (Entered: 06/24/2025) |
| 06/23/2025 | 22 | RETURN of service executed on 6/16/2025 by Connor Huntley as to Reed A. Service. (GL) (Entered: 06/24/2025) |
| 06/23/2025 | 23 | RETURN of service executed on 6/13/2025 by Connor Huntley as to Natasha Jackson. (GL) (Entered: 06/24/2025) |
| 06/23/2025 | 24 | RETURN of service executed on 6/13/2025 by Connor Huntley as to Susan S. Lopez. (GL) (Entered: 06/24/2025) |
| 06/23/2025 | 25 | NOTICE of Filing Proof of Service by Connor Huntley. (GL) (Entered: 06/24/2025) |
| 06/26/2025 | 26 | AMENDED COMPLAINT against Chad Chronister, Robert Figueroa, Brandon M. Ghabbour, Hillsborough County Sheriff's Office, Natasha Jackson, Syed Salman, Reed A. Service, Amelia J. Tenney-Lamoureux, Gregory Tindall, Alexander Wilde, Roseanna Marie Wright with Jury Demand. Terminating Susan S. Lopez (in her official capacity as State Attorney) and Office of the State Attorney, 13th Judicial Circuit filed by Connor Huntley. Related document: 1 Complaint, filed by Connor Huntley. (Attachments: # 1 Exhibit, # 2 Exhibit)(GL) (Entered: 06/30/2025) |
| 06/30/2025 | 27 | MOTION to Strike 26 Amended Complaint by Chad Chronister, Robert Figueroa, Brandon M. Ghabbour, Hillsborough County Sheriff's Office, Syed Salman, Reed A. Service, Amelia J. Tenney-Lamoureux, Gregory Tindall. (Attachments: # 1 Exhibit A) (Jensen, Jeffrey) (Entered: 06/30/2025) |
| 07/01/2025 | 28 | MOTION for Summary Judgment by Robert Figueroa. (Attachments: # 1 Exhibit A) (Maxwell, Michelle) (Entered: 07/01/2025) |

| | | |
|---|---|---|
| 07/03/2025 | 29 | MOTION for Sanctions by Gregory Tindall. (Jensen, Jeffrey) (Entered: 07/03/2025) |
| 07/03/2025 | 30 | MOTION to Dismiss Plaintiff's Complaint by Brandon M. Ghabbour, Reed A. Service. (Maxwell, Michelle) (Entered: 07/03/2025) |
| 07/03/2025 | 34 | RESPONSE in Opposition re 27 MOTION to Strike 26 Amended Complaint filed by Connor Huntley. (GL) (Entered: 07/08/2025) |
| 07/03/2025 | 35 | NOTICE of Mootness by Connor Huntley. (GL) Modified on 7/9/2025 to update the filed date (MLB). (Entered: 07/08/2025) |
| 07/07/2025 | 31 | NOTICE of Appearance by Juliana Tirado on behalf of Susan S. Lopez (Tirado, Juliana) (Entered: 07/07/2025) |
| 07/07/2025 | 32 | Unopposed MOTION for Extension of Time to File by Susan S. Lopez. (Tirado, Juliana) (Entered: 07/07/2025) |
| 07/07/2025 | 36 | RESPONSE in Opposition re 29 MOTION for Sanctions filed by Connor Huntley. (GL) (Entered: 07/08/2025) |
| 07/07/2025 | 37 | NOTICE of Clarification by Connor Huntley. (GL) (Entered: 07/08/2025) |
| 07/08/2025 | 33 | Amended CERTIFICATE of service by Susan S. Lopez re 32 Unopposed MOTION for Extension of Time to File , 31 Notice of appearance . (Tirado, Juliana) Modified on 7/9/2025 to edit the docket text (MLB). (Entered: 07/08/2025) |
| 07/09/2025 | 38 | NOTICE of Lead Counsel Designation by Stephanie Pidermann on behalf of Alexander Wilde, Roseanna Marie Wright. Lead Counsel: Stephanie Pidermann, Esq. (Pidermann, Stephanie) Modified on 7/10/2025 to edit text. (JVC) (Entered: 07/09/2025) |
| 07/09/2025 | 39 | NOTICE of Lead Counsel Designation by Stephanie Pidermann on behalf of Natasha Jackson. Lead Counsel: Stephanie Pidermann, Esq. (Pidermann, Stephanie) Modified on 7/10/2025 to edit text. (JVC) (Entered: 07/09/2025) |
| 07/14/2025 | 40 | MOTION for Extension of Time to File Answer re 26 Amended Complaint by Natasha Jackson, Alexander Wilde, Roseanna Marie Wright. (Cabrera, Yina) (Entered: 07/14/2025) |
| 07/16/2025 | 41 | ORDER of USCA: Pursuant to the 11th Cir. R. 42-1(b), this appeal is DISMISSED for want of prosecution because the appellant Gregory Tindall failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in district court within the time fixed by the rules as to 13 Notice of Appeal filed by Gregory Tindall. EOD: 7/16/2025. Issued as the mandate. USCA number: 25-12102-J. (MCB) (Entered: 07/17/2025) |
| 07/18/2025 | 42 | ORDER of USCA: This appeal is reinstated by the clerk, effective July 18, 2025 as to 13 Notice of Appeal filed by Gregory Tindall. EOD: 7/18/2025. USCA number: 25-12101-J. (MCB) (Entered: 07/18/2025) |
| 07/22/2025 | 43 | **ORDER GRANTING 27 Motion to Strike; DENYING AS MOOT 28 Motion for Summary Judgment; DENYING AS MOOT 29 Motion for Sanctions; DENYING AS MOOT 30 Motion to Dismiss; DENYING AS MOOT 32 Motion for Extension of Time to File; DENYING AS MOOT 40 Motion for Extension of Time to Answer; DENYING WITHOUT PREJUDICE 9 Motion for Hearing / Conference; DENYING WITHOUT PREJUDICE 12 Motion to File Electronically; GRANTING 14 Motion to Stay; GRANTING 15 Motion to Dismiss. See Order for details. Signed by Judge Mary S. Scriven on 7/22/2025. (DEJ)** (Entered: 07/22/2025) |
| 07/31/2025 | | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Middle District of Florida certifies that the record is complete for the purposes of this appeal re: 13 Notice |

| | | |
|---|---|---|
| | | of Appeal,. All documents are imaged and available for the USCA to retrieve electronically. USCA number: 25-12102-JJ (MCB) (Entered: 07/31/2025) |
| 01/05/2026 | 44 | USCA OPINION - VACATE and REMAND as to 13 Notice of Appeal, filed by Gregory Tindall. USCA number: 25-12102-JJ. Mandate to be issued at a later date. (MCB) (Entered: 01/05/2026) |
| 02/03/2026 | 45 | NOTICE of *Appearance* Appearance by Anthony Frank Sabatini on behalf of Connor Huntley (Sabatini, Anthony) (Entered: 02/03/2026) |
| 02/03/2026 | 46 | USCA MANDATE - VACATED and REMANDED as to 13 Notice of Appeal, filed by Gregory Tindall. USCA number: 25-12102-JJ. ***Stay lifted. (MCB) (Entered: 02/03/2026) |
| 02/24/2026 | 47 | AMENDED COMPLAINT against Chad Chronister, Hillsborough County Sheriff's Office, Syed Salman, Amelia J. Tenney-Lamoureux with Jury Demand. filed by Connor Huntley.(Sabatini, Anthony) (Entered: 02/24/2026) |
| 02/25/2026 | 48 | NOTICE of Appearance by Gavin Rollins on behalf of Connor Huntley (Rollins, Gavin) (Entered: 02/25/2026) |
| 02/25/2026 | 49 | Unopposed MOTION for Miscellaneous Relief, specifically Lift Stay by Chad Chronister. (Jensen, Jeffrey) (Entered: 02/25/2026) |
| 03/16/2026 | 50 | Unopposed MOTION for Leave to File to File CD in Support of Defendants' Dispositive Motions for Summary Judgment by Chad Chronister, Syed Salman, Amelia J. Tenney-Lamoureux. (Jensen, Jeffrey) (Entered: 03/16/2026) |
| 03/16/2026 | 51 | MOTION for Summary Judgment by Syed Salman, Amelia J. Tenney-Lamoureux. (Attachments: # 1 Exhibit A)(Jensen, Jeffrey) (Entered: 03/16/2026) |
| 03/17/2026 | 52 | MOTION to Dismiss Plaintiff's Second Amended Complaint *and Incorporated Memorandum of Law* by Chad Chronister. (Maxwell, Michelle) (Entered: 03/17/2026) |
| 04/01/2026 | 53 | **ENDORSED ORDER GRANTING 50 Defendants' Unopposed Motion for Leave to File CD in Support of Defendants' Dispositive Motions for Summary Judgment. Defendants may file the video referenced in the motion by delivering a flash drive or CD to the Clerk's office. Signed by Judge Mary S. Scriven on 4/1/2026. (CED)** (Entered: 04/01/2026) |
| 04/01/2026 | 54 | **ENDORSED ORDER GRANTING 49 Defendant Chad Chronister's Unopposed Motion to Lift Stay. The Clerk is DIRECTED to REOPEN this case. The Parties are DIRECTED to file a case management report within twenty-one (21) days from the date of this Order. Signed by Judge Mary S. Scriven on 4/1/2026. (CED)** (Entered: 04/01/2026) |
| 04/02/2026 | 55 | Tangible Item Received. One CD in a case by Chad Chronister, Syed Salman, Amelia J. Tenney-Lamoureux re 53 Order on Motion for Leave to File Document. Stored in the file room. (CTR) (Entered: 04/02/2026) |
| 04/07/2026 | 56 | MOTION for Extension of Time to File April 10, 2026 by Connor Huntley. (Sabatini, Anthony) (Entered: 04/07/2026) |
| 04/07/2026 | 57 | RESPONSE in Opposition re 52 MOTION to Dismiss Plaintiff's Second Amended Complaint *and Incorporated Memorandum of Law* filed by Connor Huntley. (Sabatini, Anthony) (Entered: 04/07/2026) |
| 04/08/2026 | 58 | Amended and Unopposed MOTION for Extension of Time to Respond to 51 MOTION for Summary Judgment by Connor Huntley. (Sabatini, Anthony) Modified on 4/8/2026 to edit the docket text (MLB). (Entered: 04/08/2026) |

| | | |
|---|---|---|
| 04/10/2026 | 59 | **ENDORSED ORDER regarding 58 Plaintiff's Amended Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment. Plaintiff requests a three-day extension to respond to Defendant Robert Figueroa's Motion for Summary Judgment. Plaintiff alleges the deadline to respond to this motion was April 6, 2026. To the extent Plaintiff is referring to Defendant Robert Figueroa's Motion for Summary Judgment, (Dkt. 28), that motion was denied as moot while this action was on appeal to the Eleventh Circuit. (Dkt. 43) Moreover, Plaintiff's Second Amended Complaint did not name Robert Figueroa as a defendant. Thus, any request to extend that deadline is due to be DENIED AS MOOT. To the extent Plaintiff requests an extension of time to respond to Defendants Amelia J. Tenney-Lamoureux and Syed Salman's Motion for Summary Judgment, (Dkt. 51), the Motion is GRANTED. Plaintiff's deadline to respond to Defendants Amelia J. Tenney-Lamoureux and Syed Salman's Motion for Summary Judgment, (Dkt. 51), is extended to April 13, 2026. Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment, (Dkt. 56), is DENIED AS MOOT given the filing of the Amended Motion. Signed by Judge Mary S. Scriven on 4/10/2026. (CED)** (Entered: 04/10/2026) |
| 04/13/2026 | 60 | RESPONSE in Opposition re 51 MOTION for Summary Judgment filed by Connor Huntley. (Sabatini, Anthony) (Entered: 04/13/2026) |
| 04/14/2026 | 61 | REPLY to Response to Motion re 51 MOTION for Summary Judgment filed by Syed Salman, Amelia J. Tenney-Lamoureux. (Jensen, Jeffrey) (Entered: 04/14/2026) |
| 04/14/2026 | 62 | MOTION to Stay Discovery *During Pendency of Motion for Summary Judgment Asserting Qualified Immunity* by Syed Salman, Amelia J. Tenney-Lamoureux. (Jensen, Jeffrey) Motions referred to Magistrate Judge Christopher P. Tuite. (Entered: 04/14/2026) |
| 04/21/2026 | 63 | CASE MANAGEMENT REPORT. (Sabatini, Anthony) (Entered: 04/21/2026) |
| 07/21/2026 | 64 | **ENDORSED ORDER re: 62 Defendants' Motion to Stay Discovery During Pendency of Motion for Summary Judgment Asserting Qualified Immunity. Plaintiff has not responded to Defendants' motion, which allows the Court to deem the motion to be unopposed. See M.D. Fla. R. 3.01(c). Out of an abundance of caution, however, the Court will afford Plaintiff a brief extension of time to submit a response. Accordingly, no later than July 28, 2026, Plaintiff shall file either a response to Defendants' motion or a notice stating that he does not contest it. Plaintiff is cautioned that a failure to comply with this directive may result in Defendants' motion being granted. Signed by Magistrate Judge Christopher P. Tuite on 7/21/2026. (EE)** (Entered: 07/21/2026) |
| 07/28/2026 | 65 | RESPONSE in Opposition re 62 MOTION to Stay Discovery *During Pendency of Motion for Summary Judgment Asserting Qualified Immunity* filed by Connor Huntley. (Sabatini, Anthony) (Entered: 07/28/2026) |
| 08/03/2026 | 66 | NOTICE OF HEARING re: 62 Motion to Stay Discovery During Pendency of Motion for Summary Judgment Asserting Qualified Immunity by Syed Salman, Amelia J. Tenney-Lamoureux. Oral argument on this motion is set for August 10, 2026, at 10:30 a.m. before Magistrate Judge Christopher P. Tuite via Zoom videoconference. All pertinent parties will receive a Zoom videoconference invitation by separate email. Each person who participates in the proceeding must attend using his or her own device so that he or she appears on a separate screen during the videoconference.(EE) (Entered: 08/03/2026) |
| 08/05/2026 | 67 | **ORDER GRANTING 52 Defendant Sheriff Chad Chronister's Motion to Dismiss. Counts II and IV of Plaintiff's Second Amended Complaint are DISMISSED. The** |

| | | |
|---|---|---|
| | | **Clerk is directed to ENTER JUDGMENT in favor of Defendant Sheriff Chad Chronister and CLOSE THE CASE. Signed by Judge Mary S. Scriven on 8/5/2026. (CED)** (Entered: 08/05/2026) |
| 08/05/2026 | 68 | **ORDER GRANTING 51 Defendants Deputy Syed Salman and Deputy Amelia Tenney-Lamoureux's Motion for Summary Judgment. The Clerk is directed to ENTER JUDGMENT in favor of Defendants Syed Salman and Amelia Tenney-Lamoureux. The Clerk is directed to TERMINATE any pending motions and deadlines and CLOSE THE CASE. Signed by Judge Mary S. Scriven on 8/5/2026. (CED)** (Entered: 08/05/2026) |
| 08/06/2026 | 69 | NOTICE cancelling hearing on 66 Motion to Stay Discovery During Pendency of Motion for Summary Judgment Asserting Qualified Immunity by Syed Salman, Amelia J. Tenney-Lamoureux. (EE) (Entered: 08/06/2026) |
| 08/06/2026 | 70 | JUDGMENT in favor of Chad Chronister. ( Signed by Deputy Clerk) (RPB) (Entered: 08/06/2026) |
| 08/06/2026 | 71 | JUDGMENT in favor of Amelia J. Tenney-Lamoureux and Syed Salman. ( Signed by Deputy Clerk) (RPB) (Entered: 08/06/2026) |
| 08/06/2026 | 72 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires. (Signed by Deputy Clerk). (RPB) (Entered: 08/06/2026) |
| 08/31/2026 | 73 | NOTICE OF APPEAL as to 67 Order on Motion to Dismiss, 68 Order on Motion for Summary Judgment by Connor Huntley. Filing fee $605, receipt number AFLMDC-25481108. ***Case Stayed. (Sabatini, Anthony) (Entered: 08/31/2026) |